1  Edwards Wildman Palmer LLP
2  Ronie M. Schmelz, Bar No. 130798
   rschmelz@edwardswildman.com
3  1901 Avenue of the Stars, Suite 1700
   Los Angeles, CA 90067
4  Telephone:  310.860.8700
   Facsimile:   310.860.3800

5  Ira G. Greenberg (admitted *pro hac vice*)
   igreenberg@edwardswildman.com
6  Zachary W. Silverman (admitted *pro hac vice*)
   zsilverman@edwardswildman.com
7  750 Lexington Avenue
   New York, NY 10022
8  Telephone:  212.912.2756
   Facsimile:   888.325.9157
9
   Attorneys for Plaintiffs
10 Shuxin Li and Julia Leung
   and Plaintiffs Shuxin Li,
11 Haiyuan Zhao, Yu Hu,
   Hongyan Liu
12

13                United States District Court
14                Central District of California
15

16 | SHUXIN LI, *et al.*, | Case No.  13-CV-8832-DSF (CWx) |
17 |             Plaintiffs, | [Honorable Dale S. Fischer in Dept. 840, Presiding] |
18 | v. | |
19 | EFT HOLDINGS, INC., *et al.*, | |
20 | Defendants. | |

21 | SHUXIN LI, *et al.*, | Case No.  13-CV-8835- DSF (CWx) |
22 |             Plaintiffs, | (RELATED CASE) |
23 | v. | **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE COURT'S OCTOBER 10, 2014 ORDERS AND FROM CENTRAL DISTRICT CIVIL LOCAL RULE 23-3, AND FOR AN EXTENSION OF TIME TO FILE MOTIONS FOR CLASS CERTIFICATION;** |
24 | EFT HOLDINGS, INC., *et al.*, | |
25 | | |
26 |             Defendants. | |
27 | | |
28 | | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MEMORANDUM OF POINTS AND AUTHORITIES**

Hearing Date: November 17, 2014
Hearing Time: 1:30 p.m.
Location: Courtroom: 840
Judge: Hon. Dale S. Fischer

Action Filed: 11/27/13
Amended Complaint Filed: 7/10/14
Trial Date: None Set

**TO THE HONORABLE COURT, AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on November 17, 2014, at 1:30 p.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Dale S. Fischer, United States District Court for the Central District of California, located at 255 East Temple Street, Los Angeles, California 90012, counsel of record for Plaintiffs Shuxin Li, Haiyuan Zhao, Yu Hu, and Hongyan Liu, in the action captioned *Li, et al. v. Jack J. Qin, et al.*, Case No. 2:13-cv-08832 (hereinafter the "*Qin Action*"), and Plaintiffs Shuxin Li and Julia Leung in the related action captioned *Li, et al. v. EFT Holdings, Inc., et al.*, Case No. 2:13-CV-08835 (hereinafter the "*EFT Action*"), will, and hereby do, move for relief from the Court's October 10, 2014 Orders insofar as they strike Plaintiffs' class allegations, and seek relief from the 90-day deadline imposed by United States District Court, Central District of California Civil Local Rule ("LR") 23-3 to bring Plaintiffs' motions for class certification.  Specifically, Plaintiffs respectfully request that the Court reinstate the class allegations in the First Amended Complaints, grant Plaintiffs relief from the 90-day deadline set forth in LR 23-3, and give Plaintiffs a brief period of time, after the motions to dismiss are decided and Defendants file

their answers, to file their motions for certification, or set another deadline that the Court deems just and proper.

Plaintiffs acknowledge that LR 23-3 requires the filing of a class certification motion within 90 days after service of a pleading purporting to commence a class action and sincerely apologize for their failure to raise this issue with the Court within the time prescribed by the Local Rule.  For the reasons discussed more fully in the accompanying Memorandum of Points and Authorities in support of this Motion, Plaintiffs respectfully submit that good cause nonetheless exists for the relief sought by this Motion, including on the grounds that Plaintiffs have worked diligently and cooperatively with Defendants to litigate these actions in a manner that will ensure the "just, speedy, and inexpensive determination" of these cases; judicial resources are best conserved by eliminating the need for serial class certification motions, which would necessarily have resulted had Plaintiffs filed their initial motions for class certification within the 90 days provided in LR 23-3; the Scheduling Conference is not scheduled to take place until October 20, 2014; and Plaintiffs will suffer severe prejudice if the class allegations remain stricken while Defendants will not be prejudiced by the relief sought by the Motion.

## CENTRAL DISTRICT OF CALIFORNIA LOCAL RULE 7-3

Pursuant to LR 7-3, Plaintiffs met and conferred with Defendants' counsel regarding this Motion on October 14, 2014 during a conference call and subsequent email exchanges between counsel for all parties that have appeared in these actions to date.  Plaintiffs requested that Defendants not oppose the relief requested in this Motion and Defendants advised that they would respond to Plaintiffs' request after this Motion was filed and would oppose the relief sought.

This Motion is based on this Notice, the attached Memorandum of Points and Authorities, the concurrently filed Declarations of Ronie M. Schmelz and Zachary W. Silverman, the Request for Judicial Notice and [Proposed] Order filed

1
2
3

concurrently herewith, the pleadings on file in these actions, and such other evidence and oral argument as the Court may consider.

4

Dated:  October 20, 2014

5

Respectfully submitted,

**EDWARDS WILDMAN PALMER LLP**

6
7
8
9
10

By:  _/s/ Ronie M. Schmelz_

Ronie M. Schmelz
Attorneys for Plaintiffs Shuxin Li and Julia Leung, and Plaintiffs Shuxin Li, Haiyuan Zhao, Yu Hu, Hongyan Liu

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES

I.      INTRODUCTION ................................................................................. 1

II.     PROCEDURAL HISTORY ................................................................. 4

        A.      PLEADINGS ................................................................... 4

        B.      EFFORTS TO SERVE PLAINTIFFS' COMPLAINTS ........ 11

III.    MEET AND CONFER EFFORTS ................................................... 13

IV.     ARGUMENT ................................................................................... 13

        A.      THIS COURT HAS THE AUTHORITY TO
                VACATE THE DEADLINE SET BY LR 23-3 ..................... 13

        B.      EQUITY SUPPORTS GRANTING RELIEF FROM
                LR 23-3 AND EXTENDING THE DEADLINE FOR
                PLAINTIFFS TO FILE THEIR MOTIONS FOR
                CLASS CERTIFICATION ...................................................... 15

V.      CONCLUSION ................................................................................. 19

EDWARDS WILDMAN
PALMER LLP
ATTORNEYS AT LAW
LOS ANGELES

i

# TABLE OF AUTHORITIES

## Cases

*Amirhamsez v. Chase Bank USA, N.A.,*
2013 WL 7219270 (C.D. Cal. Oct. 7, 2013)..............................................17, 18

*Clark v. Sprint Spectrum, L.P.,*
2011 WL 835487, at *2 (C.D. Cal. Mar. 7, 2011)........................................16

*Ferrell v. ConocoPhillips Pipe Line Co.,*
2010 WL 1946896, at *2 (C.D. Cal. May 12, 2010)....................................17

*Misra v. Decision One Mortg. Co.,*
673 F. Supp. 2d 987, 993 (C.D. Cal. 2008) ..........................................14, 16

*Pincay v. Andrews,* 389 F.3d 853
(9th Cir. 2004) (*en banc*) ......................................................15, 16, 18

*Pioneer Investment Services. Co. v. Brunswick Associates
Ltd. Partnership,* 507 U.S. 380 (1993) .................................................14

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,*
507 U.S. at 399...................................................................14, 17

*U.S. v. Brown,* 133 F.3d 993, 997 (7th Cir. 1998)........................................15

*Vinole v. Countrywide Home Loans, Inc.,*
571 F.3d 935, 942 (9th Cir. 2009) .......................................................17

*Yourish v. Cal. Amplifier,* 191 F. 3d 983, 990 (9th Cir. 1999)...........................18

## Statutes

C.D. Cal. Civ. R. 23-3.................................................................14

Fed. R. Civ. P. 6(b)(1)(B) .............................................................14

LR 23-3 ...........................................1, 2, 4, 11, 13, 14, 15, 16, 17, 18, 19

Rule 6 of the Federal Rules of Civil Procedure .........................................14

## Other Authorities

Private Securities Litigation Reform Act of 1995,
P.L. 104-67, 15 U.S.C. § 772-1 *et seq.*..............................................13, 14

[R]eading Rule 9006(b)(1) .............................................................14

EDWARDS WILDMAN
PALMER LLP
ATTORNEYS AT LAW
LOS ANGELES

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs in *Li, et al. v. Jack J. Qin, et al.*, Case No. 2:13-cv-08832 (hereinafter the "*Qin Action*"), and Plaintiffs in the related action, *Li, et al. v. EFT Holdings, Inc., et al.*, Case No. 2:13-CV-08835 (hereinafter the "*EFT Action*"), (collectively "Plaintiffs") hereby move for relief from the Court's October 10, 2014 Orders insofar as they strike Plaintiffs' class allegations, relief from the 90-day deadline imposed by United States District Court, Central District of California Civil Local Rule ("LR") 23-3 to bring motions for class certification, and granting Plaintiffs a brief time period, after the pending motions to dismiss are decided and Defendants file their answers, to file their motions for class certification, or set another deadline that the Court deems just and proper.

## I.   INTRODUCTION

Plaintiffs acknowledge that LR 23-3 requires the filing of a class certification motion before 90 days after service of a pleading and sincerely apologize for their failure to raise this issue with the Court within the time prescribed by the Local Rule.  Plaintiffs respectfully submit that good cause nonetheless exists for the relief sought by this Motion.  First, despite this case's apparent length, Plaintiffs and Defendants have worked diligently together behind the scenes cooperatively to refine and frame their legal issues in a manner that will limit motion practice, conserve judicial resources, and focus this case to secure the "just, speedy, and inexpensive determination" of these actions.  Since the filing of the initial complaints, the parties met and conferred respecting Defendants' challenges to claims asserted in those complaints and, after extensive discussions with opposing counsel about the defenses they planned to raise, Plaintiffs agreed to a schedule by which they would file amended complaints that directly address certain defenses relied upon by Defendants and modify significantly the causes of actions asserted and – of particular moment to this Motion – include new definitions of the classes

for which Plaintiffs seek certification.  As part of counsel's collective efforts to narrow the issues which will be presented to the Court, Defendants also produced documents after the initial complaints were filed.  Throughout these proceedings, the parties jointly undertook these efforts in order to conserve Court resources, obviate the need for judicial intervention, and ensure that Plaintiffs' motions for class certification, when filed, are well-formulated and focused on claims that would survive Defendants' pending motions.

Plaintiffs in good faith believed that these efforts would result in Plaintiffs' motions for class certification being filed at the "earliest practicable time," the standard set forth in Federal Rule of Civil Procedure ("FRCP") Rule 23. Specifically, Plaintiffs believed that the motions for class certification should be filed after Defendants filed their answers so that the parties would be at issue and class certification could appropriately and adequately be addressed following the factors set forth in Rule 23, including whether the facts and law that form the bases of Plaintiffs' claims and Defendants' defenses are appropriate for class certification. This, in turn, would preserve the Court's resources by eliminating the need for serial class certification motions, which would necessarily have resulted had Plaintiffs filed their initial motions for class certification within the 90 days provided by LR 23-3.

Admittedly, while the parties were actively involved during the behind-the-scenes back-and-forth preceding the filing of the amended complaints, the process still took too long.  Plaintiffs reasonably believed that the time taken up by that process – from November 27, 2013 to July 10, 2014 – should reasonably be excluded from any time calculation, and that their motions for class certification would be due on October 8, 2014, 90 days after the filing of the amended complaints.  In light of the other matters on which the parties have concentrated since the filing of the amended complaints and the expedited discovery which will

Edwards Wildman
Palmer LLP
Attorneys At Law
Los Angeles

be produced later this month, as detailed with more specificity below, Plaintiffs simply did not focus on the class motions being due. Rather, for the reasons set out herein, Plaintiffs failed to abide by the grade school axiom about never assuming and simply did assume that they would file their class certification motions after the impending discovery is digested later this month. It is now clear that, in hindsight, Plaintiffs should have acted more expeditiously to move for class certification or, at the least, promptly sought an order authorizing the timing that made sense to them. Plaintiffs and their counsel sincerely hope that their conduct will not operate to prejudice the members of the classes they represent by excluding them from judicial relief.

Second, good cause exists to grant the requested relief and extend for a short amount of time the deadline by which Plaintiffs must file their motions for class certification. In light of the parties' repeated joint requests to continue the Scheduling Conference and the limitations on discovery before the Conference provided by the Local Rules, only one Defendant has produced a limited amount of documents to Plaintiffs and no class discovery has taken place. The parties have agreed to satisfy their Rule 26(a) obligations and exchange documents by October 28, 2014, and Plaintiffs believe that Defendants' Rule 26(a) production will help them continue to formulate arguments in support of class certification. They also believe, however, that additional directed class certification-related discovery may be necessary.

Third, equity supports the granting of the relief sought. Plaintiffs – the tens of thousands of vicariously represented class members - will be severely prejudiced if their class allegations remain stricken and they are denied relief from the deadline for filing their motions for class certification, while Defendants will not be prejudiced by the granting of the relief sought in this Motion. There is no assurance that new representative plaintiffs will come forward or, if they do, that another law

firm will represent them.  Rejecting the relief requested will further result in an unjust and unwarranted windfall to Defendants who themselves share responsibility for the progress of these actions; who never sought to enforce LR 23-3; and who never raised the 90-day provisions of LR 23-3 as the parties worked cooperatively to address defenses, obtain the first wave of documents, and revise their pleadings; and who have not complained of any prejudice or disadvantage resulting from Plaintiffs' failure to file their motions for class certification within the deadline set by LR 23-3.  In addition, public policy strongly favors disposition of cases on their merits and consideration of less drastic alternatives to address Plaintiffs' failure to file their motions for class certification within 90 days, particularly given the procedural status of these cases.

## II.   PROCEDURAL HISTORY

### A.   Pleadings

These class actions were filed on November 27, 2013.  *Qin Action*, Docket ("Dkt.") Number ("No.") 1; *EFT Action*, Dkt. No. 1.  The complaint in the original *Qin Action* set forth claims for Breach of Fiduciary Duty, Unjust Enrichment, Aiding and Abetting, Constructive Fraud, Corporate Waste and Gift, Gross Mismanagement, and Imposition of a Constructive Trust, and sought certification of the following class:  All EFT affiliates who purchased EFT stock between January 1, 2008 the present, subject to certain stated exclusions.  *Qin Action*, Dkt. No. 1, *in passim* and ¶ 97.  The complaint in the original *EFT Action* set forth claims for Violations of California's Unfair Competition and False Advertising Laws, Breach of Express Warranty, Violations of Magnuson-Moss Act, and Fraud, and sought certification of the following class:  All persons who purchased one or more EFT products, subject to certain stated exclusions.  *EFT Action*, Dkt. No. 1, *in passim* and ¶ 44.

On January 16 and 17, 2014, the Court issued Orders setting Scheduling Conferences in the related cases for April 21, 2014. *Qin Action*, Dkt. No. 14; *EFT Action*, Dkt. No. 16.

On February 4, 2014[1], Plaintiffs' counsel and counsel for Defendant EFT held a LR 7-3 conference during which EFT's counsel informed Plaintiffs' counsel that EFT intended to file a motion to dismiss the original complaint. Declaration of Ronie M. Schmelz ("Schmelz Decl.") filed concurrently herewith, ¶ 4. The parties also discussed the fact that EFT was in the process of producing documents in response to an inspection demand that Plaintiffs and certain other putative class members had served on EFT seeking the production of specified categories of documents (the "Inspection Demand"), the scope of which Plaintiffs' counsel and counsel for EFT spent several weeks negotiating. On February 6, 2014, following the parties' meet and confer, Plaintiffs advised Defendants that, pending their review of documents produced by EFT in response to the Inspection Demand, Plaintiffs intended to amend their complaint to address the defenses raised by Defendants. Schmelz Decl., ¶ 5. Thus, in order to avoid unnecessary motion practice, and pursuant to EFT's request, on February 11, 2014, the parties entered into a Stipulation pursuant to which they agreed, subject to the Court's order, that Defendants would have until March 13, 2014 to file responsive pleadings to the complaints, and that before then, the parties would further meet and confer regarding timing issues with respect to the filing of the amended complaints and Defendants' responsive pleadings thereto. *Qin Action*, Dkt. No. 15; *EFT Action*, Dkt. No. 17.

---

[1] As noted *infra*, on December 16, 2013, counsel for Defendants executed Waivers of Service of the Summons, thereby extending, pursuant to FRCP Rule 4, Defendants' response date to February 11, 2014. Schmelz Decl., ¶ 3 and Exhibit 1 thereto.

By March 4, 2014, EFT still had not completed its production of documents in response to the Inspection Demand and requested additional time to complete the production. Schmelz Decl., ¶ 6. On March 6, 2014, to allow EFT additional time to produce its documents, and for Plaintiffs to review the documents and prepare their amended complaints, the parties entered into Joint Stipulation to Extend the Time to Respond to Plaintiffs' Complaint by 60 Days in which, to avoid unnecessary motion practice, the parties agreed, subject to order of the Court, that Defendants' new responsive pleading deadline would be May 12, 2014. *Qin Action*, Dkt. No. 16; *EFT Action*, Dkt. No. 18. On March 7, 2014, the Court *sua sponte* entered a Scheduling Order continuing the Scheduling Conference to June 2, 2014 and a separate Order granting the parties' Stipulation and extending Defendants' response date to May 12, 2014. *Qin Action*, Dkt Nos. 17 and 18; *EFT Action*, Dkt Nos. 19 and 20.

By May 7, 2014, EFT had still not completed its document production in response to the Inspection Demand. Schmelz Decl., ¶ 7. Thus, on May 7, 2014, the parties entered into a Joint Stipulation to Extend Time to Respond to Complaint and Related Deadlines in which, for purposes of judicial economy and in order to avoid unnecessary motion practice, the parties agreed, subject to Court approval, that Defendants' responsive pleading deadline would be extended to June 26, 2014, which would give Plaintiffs the time they needed to complete their review of the Inspection Demand and amend their complaints, and continuing the Scheduling Conference to July 21, 2014, or on another date and time set by the Court. *Qin Action*, Dkt. No. 22; *EFT Action*, Dkt. No. 19. On May 9, 2014, the Court granted the parties' Stipulation and extended the responsive pleading deadline to June 26, 2014 and continued the Scheduling Conference to July 21, 2014. *Qin Action*, Dkt. No. 23; *EFT Action*, Dkt. No. 20.

On June 24, 2014, to allow Plaintiffs sufficient time to complete their review of documents produced by EFT in response to the Inspection Demand, and for purposes of judicial economy and to avoid unnecessary motion practice, the parties entered into a Joint Stipulation to Extend Time to Respond to Complaint and Related Deadlines in which they agreed, subject to order of the Court, that Plaintiffs would file their amended complaints by July 10, 2014 and Defendants' deadline to file responsive pleadings would be extended to August 24, 2014. *Qin Action*, Dkt. No. 24; *EFT Action*, Dkt No. 21. On June 26, 2014, the Court granted the parties' Stipulation as requested and continued the Scheduling Conference to September 15, 2014. *Qin Action*, Dkt. No. 25; *EFT Action*, Dkt. No. 22.

On July 10, 2014, Plaintiffs filed their First Amended Complaints in these actions. *Qin Action*, Dkt. No. 25; *EFT Action*, Dkt. No. 27. In the Amended Complaint filed in the *Qin Action*, Plaintiffs revised substantially their claims, maintaining their claim for Corporate Waste and Gift, deleting the claims for Breach of Fiduciary Duty, Unjust Enrichment, Aiding and Abetting, Constructive Fraud, Gross Mismanagement, and Imposition of a Constructive Trust, and asserting new claims for Endless Chain Scheme, Deception and Common Law Fraud, and RICO. *Qin Action*, Dkt. No. 25, *in passim*. Plaintiffs also added nine new defendants to the *Qin Action* (the "Additional Defendants") and modified the class allegations and the classes for which they intended to seek certification as follows: All purchasers of EFT products. *Qin Action*, Dkt. No. 25, ¶¶ 18-32, 97.

In the Amended Complaint filed in the *EFT Action*, Plaintiffs continue to maintain their claims for Violations of California's Unfair Competition and False Advertising Law, dropped their claims for Breach of Express Warranty, Violation of Magnuson-Moss Act, and Fraud, and assert a new claim for Deceit and/or Misrepresentation, Fraudulent Concealment, and Constructive Fraud. *EFT Action*, Dkt. No. 27, *in passim*. Plaintiffs also modified the class allegations and the classes

EDWARDS WILDMAN
PALMER LLP
ATTORNEYS AT LAW
LOS ANGELES

for which they intended to seek certification as follows: <u>Class</u>:  All persons who purchased Defendants' products during the applicable limitations period, and/or such subclasses as the Court may deem appropriate, subject to certain stated exclusions.  <u>MSM #3003 Subclass</u>:  All persons who purchased MSM #3003, subject to certain stated exclusions.  <u>Deer Antler Velvet Plus #3016 Subclass</u>:  All persons who purchased Deer Antler Velvet Plus #3016, subject to certain stated exclusions.  *EFT Action*, Dkt. No. 27, ¶ 44.

In light of Plaintiffs' naming and needing to serve the nine Additional Defendants in the *Qin Action*, the parties on August 19, 2014 entered into a Joint Stipulation to Extend Time to Respond to Amended Complaint and Related Deadlines in which, subject to the Court's approval, they agreed that for purposes of judicial economy and to avoid duplication of efforts among the parties and the Additional Defendants, once Plaintiffs have substantially completed service on the Additional Defendants, the parties would file a separate stipulation requesting uniform deadlines with respect to Defendants' responsive pleadings, a briefing schedule for the threatened motions to dismiss, and the Scheduling Conference. *Qin Action*, Dkt. No. 26.  The parties thus stipulated that, subject to Court Order, the Stipulating Defendants' deadline to respond to the First Amended Complaints would be extended to September 24, 2014 and that the Scheduling Conference would be continued to at least October 20, 2014.  *Id*.  On August 20, 2014, for purposes of judicial economy and to avoid duplication of efforts, the parties filed a Stipulation, subject to Court Order, which sought to maintain a schedule in the *EFT Action* which was consistent with the schedule requested in the related *Qin Action*. *EFT Action*, Dkt. No. 29.

On August 21, 2014, the Court entered Orders granting the parties' Stipulations and ordered the deadline to respond to the Amended Complaints

continued to September 24, 2014, and continued the Scheduling Conference to October 20, 2014. *Qin Action*, Dkt. No. 27; *EFT Action*, Dkt. No. 30.

On September 12, 2014, Plaintiffs' counsel received a request from counsel for one of the Additional Defendants, Buckman, Buckman & Reid, Inc. ("Buckman"), that Plaintiffs grant it an extension of time, up to October 16, 2014, to respond to the First Amended Complaint. Schmelz Decl., ¶ 8. Plaintiffs agreed to Buckman's request and, on September 16, 2014, counsel for Buckman filed a Joint Stipulation to Extend Time to Respond to First Amended Complaint and Related Deadlines (the "Buckman Stipulation"). *Qin Action*, Dkt. No. 35.

On September 24, 2014, six of the fifteen named defendants in the *Qin Action* filed Motions to Dismiss the claims asserted in the First Amended Complaint pursuant to the Securities Litigation Uniform Standards Act of 1998, Private Securities Litigation Reform Act of 1995, and FRCP 8, 9(b), and 12(b)(6). *Qin Action*, Dkt. Nos. 35 and 36. On the same day, Defendants in the *EFT Action* filed Motions to Dismiss the First Amended Complaint pursuant to FRCP 12(b)(6), 8, and 9(b). *EFT Action*, Dkt. Nos. 31 and 32.

On September 25, 2014, the Court granted the Buckman Stipulation and extended the deadline for Buckman to respond to the First Amended Complaint to October 16, 2014. *Qin Action*, Dkt. No. 38.

On September 29 and October 1, 2014, counsel for the parties met and conferred pursuant to FRCP Rule 26(f) in preparation for the October 20, 2014 Scheduling Conference (the "Meet and Confer"). Schmelz Decl., ¶ 9. During the Meet and Confer, counsel for EFT and Buckman requested that the parties enter into a stipulation extending the October 20, 2014 Scheduling Conference because their lead counsel were unable to attend the Conference due to scheduling conflicts. *Id.* In an effort to conserve judicial resources and avoid unnecessary duplication of efforts, the parties also discussed the timing of the pending motions to dismiss,

coordinating the anticipated response by Buckman with the pending motions, continuing the Scheduling Conference so that the remaining Additional Defendants who had yet to appear in the action could appear and participate in the Rule 26(f) meeting, and continuing the hearing on the motions to dismiss from their noticed November 10, 2014 date to a date the Court may set for the requested continuance of the Scheduling Conference so that Defendants' motions to dismiss could be heard on the same date as the Scheduling Conference. *Id.*

On October 7, 2014, Plaintiffs and counsel for Defendants entered into a stipulation to allow time for all of the parties to be served and enter their appearances, obviate the need for multiple hearings, and conserve the resources of the parties and the Court. The parties agreed, subject to the Court's approval, to modify the briefing schedule and hearing dates on the pending motions to dismiss and Buckman's responsive pleading, and continue the date for the Scheduling Conference (the "October 7 Stipulation"). *Qin Action*, Dkt. No. 43; *EFT Action*, Dkt. No. 38. The schedule proposed by the parties called for Plaintiffs to respond to the pending motions by November 3, 2014, Defendants' replies to be filed by November 17, 2014, and, to accommodate certain defense counsel's schedules, a continuation of the Scheduling Conference and hearing on the motions to January 12, 2014. *Id.*

On October 10, 2014, the Court issued Orders denying the October 7 Stipulation and, among other things, ordering the parties to file their Joint Rule 26(f) Reports no later than October 14, 2014 and striking Plaintiffs' class allegations as the time period for filing a motion for class certification had expired. *Qin Action*, Dkt. No. 46; *EFT Action*, Dkt. No. 40.

At no time prior to the Court's issuance of the October 10, 2014 Orders did Defendants ever challenge or move to strike Plaintiffs' class allegations or raise any objection to, or claim that they suffered any prejudice as a result of, Plaintiffs' not

filing their class certification motions by the deadline set forth in LR 23-3. Schmelz Decl. ¶ 10. It was only after the Court issued its Orders, and Plaintiffs requested that Defendants agree not to oppose the relief requested in this Motion, that Defendants indicated they intended to enforce the deadline imposed by LR 23-3. *Id.*

**B.   Efforts to Serve Plaintiffs' Complaints**

On December 5, 2013, eight days after the original complaint was filed, counsel for Defendants advised Plaintiffs' counsel that they were authorized on behalf of Defendants to waive service of the summons in the actions. Schmelz Decl., ¶ 2. On December 16, 2013, defense counsel executed Waivers of Service of the Summons for each of the named Defendants which, pursuant to FRCP Rule 4, extended the date by which Defendants were required to file their responses to the original complaints to February 11, 2014. Schmelz Decl., ¶ 5, Exhibit 1.

Once Plaintiffs filed the First Amended Complaint in the *Qin Action*, they immediately began taking steps to locate and serve the nine Additional Defendants, many of which were alleged to be shell companies, *Qin Action*, Dkt. No. 25, ¶ 32 or were later determined to be no longer affiliated with defendants Jack Qin or EFT Holdings Inc. Additional Defendants Buckman Buckman & Reid, Inc.; Greenstone Holdings Inc.; Wallace Gaikas; Peter Lau; Pierstone Group LLC; and Brown Door, Inc. were served between August 21, 2014 and August 25, 2015, and Plaintiffs promptly filed the respective proofs of service. *Qin Action*, Dkt. Nos. 28-32, 39. Plaintiffs' diligent efforts notwithstanding, the remaining three Additional Defendants proved (or continue to prove) to be more difficult to serve, for a variety of reasons.

When Plaintiffs filed the First Amended Complaint in the *Qin Action*, they did not have any information on the whereabouts of defendant George Curry, identifying him only as one of EFT's board members. *Qin Action*, Dkt. No. 25, ¶

24.  In order to locate Mr. Curry, Plaintiffs caused "skip traces" to be performed, and, on or about September 10, 2014, Plaintiffs received the results of those skip traces, which indicated that Mr. Curry possibly resides in Spring, Texas. Declaration of Zachary W. Silverman ("Silverman Decl.") filed concurrently herewith, ¶ 2.  Plaintiffs successfully caused Mr. Curry to be served at his Spring, Texas residence about a week later, on or about September 18, 2014. *Qin Action*, Dkt. No. 45.

Plaintiffs alleged Additional Defendant John Huemoeller II to be an employee of Buckman, a consultant for Greenstone, and the CEO of non-party HumWare Media Corporation, Inc. *Qin Action*, Dkt. No. 25, ¶ 29.  When Plaintiffs attempted to cause Mr. Huemoeller to be served at Buckman's offices (where it had successfully caused Buckman and Gaikas to be served), they learned that he no longer worked there. Silverman Decl., ¶ 3.  Nor could Mr. Huemoeller be located or served through Greenstone or HumWare. *Id.*  Promptly after exhausting these options, Plaintiffs caused a skip trace to be performed on Mr. Huemoeller, which indicated that he had a place of business in Houston, Texas. *Id.*, ¶ 4  On or about September 30, 2014, Plaintiffs caused Mr. Huemoeller to be served at the Texas address identified in the skip trace. *Qin Action*, Dkt. No. 50.[2]

Regal Walnut LLC, which Plaintiffs allege to be a "shell corporation" owned and operated by Jack Qin, *Qin Action*, Dkt. No. 25, ¶ 32, is the only one of the nine Additional Defendants that Plaintiffs have been unable to serve, but it has not been for lack of good faith effort.  On the website of the California Secretary of State, Regal Walnut is listed as an "Active" limited liability company located in City of Industry, California, with one Wen Qin identified as the agent for service of process.  Silverman Decl., ¶ 5 and Exhibit A.  On multiple occasions – and at least

---

[2] On October 17, 2014, Plaintiffs' counsel received a call from Mr. Huemoeller who advised that he had not yet engaged counsel and requested that Plaintiffs agree to extend the time within which he is required to respond to the Amended Complaint. Schmelz Decl., ¶13.

on August 21, 2014 and September 3, 2014 – Plaintiffs caused service to be attempted on Wen Qin at the City of Industry address, to no avail.  Silverman Decl., ¶ 6.  After further research, Plaintiffs attempted to cause Regal Walnut to be served at a Walnut, California address and through Jack Qin, without success.  *Id.*  When Mr. Curry was served on or about September 18, 2014, the process server inquired as to Regal Walnut and Wen Qin.  Mr. Curry advised that he had never heard of Regal Walnut and that Wen Qin was Jack Qin's sister, who lived in Hong Kong.  Silverman Decl., ¶ 7.  Given the multiple good faith (albeit unsuccessful) attempts at service, Plaintiffs are considering as a last resort moving this Court for leave to serve Regal Walnut through the California Secretary of State.

## III.   MEET AND CONFER EFFORTS

Following the Court's issuance of its October 10, 2014 Orders, the parties continued their Rule 26(f) conference discussions and, on October 14, 2014, while negotiating the terms of the parties' Joint Rule 26(f) Report, Plaintiffs advised Defendants that they intended file a motion seeking relief from the Orders insofar as they strike the class allegations.  Schmelz Decl. ¶ 12.  Plaintiffs' counsel requested that Defendants consider agreeing not to oppose the relief sought and, in response, Defendants' counsel advised that they would respond to the request after the motion seeking relief was filed and they would oppose the motion for relief and relief sought herein.  *Id.*; *see also Qin Action*, Dkt. No. 48 at g.; *EFT Action*, Dkt. No. 42 at g.

## IV.   ARGUMENT

### A.   This Court has the authority to vacate the deadline set by LR 23-3.

LR 23-3 requires that "[w]ithin 90 days after service of a pleading purporting to commence a class action other than an action subject to the Private Securities Litigation Reform Act of 1995, P.L. 104-67, 15 U.S.C. § 772-1 *et seq.*, the proponent of the class shall file a motion for certification that the action is

1 maintainable as a class action, unless otherwise ordered by the Court." C.D. Cal.

2 Civ. R. 23-3. But Courts have discretion to allow class certification after the 90 day

3 period has expired. *Misra v. Decision One Mortg. Co.*, 673 F. Supp. 2d 987, 993

4 (C.D. Cal. 2008). And, pursuant to Rule 6 of the Federal Rules of Civil Procedure,

5 a party may seek relief from a deadline which has passed by showing "excusable

6 neglect." *See* Fed. R. Civ. P. 6(b)(1)(B). Indeed, several Judges in the Central

7 District, including the Chief Judge, have routinely dispensed with the deadline set

8 forth in LR 23-3 without the need for a party to seek relief from the rule. *See* Initial

9 Standing Orders of United States District Court Judges Dolly M. Gee and Fernando

10 M. Olguin and Order Re: Case Management entered by United States District Court

11 Judge George H. King, true and correct copies of which are attached to the Request

12 for Judicial Notice filed concurrently herewith as Exhibits A-C. Accordingly, this

13 Court is empowered to alter the deadline for filing class certification papers to

14 accommodate the specific needs of a case.

15      This approach is consistent with LR 23-3, which gives the Court discretion to

16 exempt a plaintiff asserting a class action from making her motion for class

17 certification within 90 days from the filing of a class action complaint. The

18 exercise of discretion in treating such activities as "excusable neglect" under both

19 Supreme Court precedent and Ninth Circuit case law has been approved at all three

20 levels of review and, Plaintiffs respectfully suggest, is appropriate here.

21      The Supreme Court, in *Pioneer Investment Services. Co. v. Brunswick*

22 *Associates Ltd. Partnership*, 507 U.S. 380 (1993), interprets the "neglect" portion

23 of the element "excusable neglect" to be "a somewhat 'elastic concept' [that] is not

24 limited strictly to omissions caused by circumstances beyond the control of the

25 movant." *Id.* (footnote omitted). *See also id.* at 394-95 ("[R]eading Rule

26 9006(b)(1) inflexibly to exclude every instance of an inadvertent or negligent

27 omission would ignore the most natural meaning of the word 'neglect' and would

28

be at odds with the accepted meaning of that word in analogous contexts."). The Court "conclude[d] that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.*

Following *Pioneer*, the Court of Appeals in *Pincay v. Andrews*, 389 F.3d 853 (9th Cir. 2004) (*en banc*)[3] held that even "misinterpretation of an unambiguous rule" can qualify as "excusable neglect." *Id.* at 859. *See also U.S. v. Brown*, 133 F.3d 993, 997 (7th Cir. 1998) ("*Pioneer* made clear that . . . a delay might be excused even where the reasons for the delay are not particularly compelling").

### B.    Equity supports granting relief from LR 23-3 and extending the deadline for Plaintiffs to file their Motions for Class Certification.

Turning to this case, and consistent with the purpose of LR 23-3 to determine as early as reasonably practicable whether a case will be maintained as a class action, this Court has the power to extend the deadline for making the motion if doing so would make sense. And in this case, the matters on which the parties have concentrated over the last eight months are sensibly addressed before asking the Court to turn to actual class certification.

The parties met and conferred about Defendants' intention to make dispositive motions addressed to the original complaints. Following those conferences, and with Defendants' consent, Plaintiffs substantially amended their pleadings. Those changes included revisions to the definition of the classes proposed to be certified. Plaintiffs therefore respectfully submit that the earliest time period during which Plaintiffs might have submitted their motions for class certification – the time period between November 27, 2013 and July 10, 2014, when the 90 days expired – should be excluded in the exercise of the Court's discretion in favor of an efficient determination of class status on the revised

---

[3] It is dubious whether *Kyle v. Campbell Soup Co.*, 28 F.3d 928 (9th Cir. 1994), survived the *en banc* decision in *Pincay*, decided ten years later.

classes.  The First Amended Complaints were filed on July 10, 2014, setting the deadline for Plaintiffs to file their motions for class certification at October 8, 2014. After July 10, 2014, on joint stipulations of the parties as reflected in the Court's August 21, 2014 Order, the date of the Scheduling Conference was again postponed to allow Plaintiffs sufficient time to serve the nine Additional Defendants and provide them with an opportunity to appear, and to give the parties the opportunity to discuss the substance of Defendants' contemplated motions to dismiss the Amended Complaints thoroughly so that they could preserve judicial resources by filing motions only on the remaining substantive issues requiring resolution by the Court and give the Additional Defendants a chance to weigh in on class certification.  The parties reasonably believed that it would better serve judicial economy and preserve judicial resources if the motions were brought "as soon as practicable," which meant as soon as the challenges to Plaintiffs' claims were resolved through the motions to dismiss and the surviving claims were consolidated for pre-trial, including class certification, purposes.

At the same time, Plaintiffs could not undertake discovery that they reasonably desire to support their class certification motion.  *See Clark v. Sprint Spectrum, L.P.*, 2011 WL 835487, at *2 (C.D. Cal. Mar. 7, 2011) ("[T]he fact that discovery is in the early stages and the Rule 16 scheduling conference has not yet occurred weigh in favor of extending the L.R. 23-3 deadline") (citing *Misra v. Decision One Mortgage Co.*, 673 F. Supp. 2d 987, 994 (C.D. Cal. 2008)).  As the Court of Appeals has said:

> Although a party seeking class certification is not always entitled to
> discovery on the class certification issue, we have stated that the
> propriety of a class action cannot be determined in some cases without
> discovery, and that the better and more advisable practice for a

1   District Court to follow is to afford the litigants an opportunity to

2   present evidence as to whether a class action was maintainable.

3   *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009).

4       Here, the time spent sorting the parties, dealing with foreign-based clients,

5   and gathering information that Defendants reasonably will require to move – as is

6   their right – both against the Amended Complaints on the merits and to oppose

7   class certification, should not be used against the putative class.  These agreed

8   extensions, in the parties' efforts to manage these cases and ultimately place them

9   in a posture for the most efficient handling, meant that the Rule 16 deadlines,

10  including the deadline for the class certification motions, as well as opening the

11  door for discovery, were never formalized.

12      These issues should have been explained to the Court at the time the parties

13  stipulated to these postponements.  The parties also should have acted with greater

14  dispatch in accomplishing the steps predicate to a class certification motion.

15  Counsel's failure to do so, however, should not prejudice the members of the

16  putative class, who might reasonably have relied upon the orders approving the

17  continuances to delay in filing their own actions.  With all of the delays that the

18  parties proposed and were approved, the Defendants never adverted to the

19  requirement in LR 23-3.  *Cf., e.g., Ferrell v. ConocoPhillips Pipe Line Co.*, 2010

20  WL 1946896, at *2 (C.D. Cal. May 12, 2010) ("The court effectively exercised that

21  discretion [to extend the 90-day deadline] when it granted Plaintiff's motion for

22  leave to file an amended complaint and set the deadlines for filing motions for

23  certification").  Moreover, there is not a case in which a defendant flouted an order

24  or ran through a deadline to which attention has been called.  *Cf., e.g., Pioneer Inv.*

25  *Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. at 399 ("unusual form of

26  notice employed in this case requires a finding that the neglect … was, under all the

27  circumstances, 'excusable'"); *Amirhamsez v. Chase Bank USA, N.A.*, 2013 WL

28

EDWARDS WILDMAN
PALMER LLP
ATTORNEYS AT LAW
LOS ANGELES

7219270 (C.D. Cal. Oct. 7, 2013) ("The Court's scheduling order stated that Motions for class certification shall be filed in accordance with Local Rule 23-3" after stipulated extension rejected) (internal quotations omitted). The Court of Appeals has stated that in deciding whether to dismiss for failure to prosecute, the trial court should consider the availability of less drastic alternatives to absolute dismissal. *Yourish v. Cal. Amplifier*, 191 F. 3d 983, 990 (9th Cir. 1999). Here, there are less drastic means to ensure that "just, speedy, and inexpensive determination" of the actions, including giving Plaintiffs a brief period of time, after the motions to dismiss are decided and Defendants file their answers, to file their motions for class certification.

The Court also may consider, in the exercise of its discretion, that there has been limited, if any, prejudice to Defendants from the delay. The international nature of this litigation and the fact that both securities and product issues are encompassed in these consolidated cases have led Defendants to work cooperatively with Plaintiffs to manage a difficult set of circumstances. Delay in getting to the issue of class certification is, Plaintiffs respectfully submit, tempered by the way the parties have realigned the case to make the eventual motions both simpler and easier to decide. That trade-off, Plaintiffs believe, has operated to all parties' benefit and will make the Court's job easier in the long run.

As may be seen from the history of the litigation, Plaintiffs have conducted themselves in total good faith. There may be a temptation to equate "bad faith" with fault, but Plaintiffs' respectfully submit that doing so would require a tortured construction of those words. It is also inconsistent with at least two of the opinions in *Pincay*: "The good faith consideration goes to the absence of tactical or strategic motives, not to the degree of negligence." *Pincay v. Andrews*, 389 F.3d at 861 (Berzon, J., concurring); *id.* (Kozinski, J., dissenting) ("Bad-faith delay is rare, given that we're only dealing with 'neglect' not deliberate flouting of the rules").

1    To be sure, this case has been going too slowly.  Plaintiffs[4] assure the Court
2    that they intend to run these cases at the fastest speed possible in light of the
3    international nature of the cases, the need for appropriate courtesies to counsel and
4    parties, and the Court's availability.

5    **V.    CONCLUSION**

6    For all of the reasons set forth herein, Plaintiffs respectfully request that the
7    Court exercise its discretion and reinstate the class allegations in the First Amended
8    Complaints, grant Plaintiffs relief from the 90-day deadline set forth in LR 23-3,
9    and give Plaintiffs a brief period of time, after the motions to dismiss are decided
10   and Defendants file their answers, to file their motions for class certification, or set
11   another deadline that the Court deems just and proper.

13   Dated:  October 17, 2014          Respectfully submitted,

14                                     **EDWARDS WILDMAN PALMER LLP**

16                                     By:  /s/ Ronie M. Schmelz
                                           Ronie M. Schmelz
17                                     Attorneys for Plaintiffs Shuxin Li and Julia
                                       Leung, and Plaintiffs Shuxin Li, Haiyuan
18                                     Zhao, Yu Hu, Hongyan Liu

---

[4] Plaintiffs have changed lead counsel.

EDWARDS WILDMAN
PALMER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 19 -