UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| Case No. | CV 13-8832 DSF (CWx) | Date | 11/19/14 |
|---|---|---|---|
| Title | Shuxin Li, et al. v. EFT Holdings, Inc., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**  (In Chambers) Order DENYING Plaintiffs' Motion for Relief from Court's October 10, 2014 Order (Dkt. No. 53)

On October 10, 2014, the Court ordered that this action would not proceed as a class action because Plaintiffs failed to comply with Local Rule 23-3. Subject to an exception not applicable here, Local Rule 23-3 requires that a motion for class certification be filed within 90 days after service of a pleading that purports to commence a class action unless otherwise ordered by the Court. There is no question that when the Court's October 10 order was issued these consolidated cases had been pending for more than 10 months with no request for an extension of the Local Rule 23-3 deadline.

Under Rule 6(b), "where the specified period for the performance of an act has elapsed, a district court may enlarge the period and permit the tardy act where the omission is the 'result of excusable neglect.'" Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 391 (1993). Although "excusable neglect" under Rule 6(b) is a somewhat "elastic concept," inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable neglect." Id. at 392. In assessing what constitutes excusable neglect, courts look at the following factors: (1) the danger of prejudice to the defendants; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. Id. at 395.

Plaintiffs provide no real excuse for missing the Rule 23-3 deadline or for failing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

to request an extension of that deadline.[1] The excuses given might constitute reasonable grounds for requesting an extension of the deadline,[2] but are not responsive to Plaintiffs' complete disregard of the deadline. The Court is left with the conclusion that either Plaintiffs' counsel was completely ignorant of Rule 23-3 or knew of it and chose to disregard it. Neither explanation constitutes excusable neglect. Counsel are expected to be aware of the Court's rules and to seek relief from them *before* deadlines have passed. This is also not a situation where a stipulation for extension or a class certification motion was filed on the 91st day or even the 121st day – this case was pending for months beyond the 90-day deadline with no effort to secure permission for a continuance. The Court further notes – as it did in the October 10 order – that this case has not proceeded in a timely fashion in general. Even though the consolidated cases were filed in late November 2013, there are still no responsive pleadings on file. Deadlines for responding to the complaint have been extended several times and only now are motions to dismiss pending. Even now it is evident from the Motion for Relief that Plaintiffs are not prepared to file a motion for class certification any time soon. They apparently have not even initiated some of the discovery they claim to need - even though shareholder inspection demands were made even before the litigation was initiated.

---

[1] Counsel state: "Indeed, while plaintiffs are not asking the Court to excuse them, they do point out that the scheduling conference, and its associated order, were delayed and that Fed. R. Civ. P. 23 is not nearly so specific and that it is more understandable that a lawyer might miss this one in the heat of dealing with other aspects of the case." (Reply at 4:22-26.) The Court disagrees. The class certification motion is very often the only - or at least the most significant - motion to be made in a putative class action. It is incomprehensible that counsel seeking to represent a class would not - immediately on filing an action - review both the Local Rules of the relevant district (especially those pertaining to class actions) and the specific rules imposed by the district judge to whom the matter had been assigned. While the Court agrees a determination is premature (and in fact is now moot), it seems highly unlikely that counsel who would make such a grievous error (or the plaintiffs who retained such counsel) would be found adequate to represent the class. See East Texas Motor Freight System Inc v. Rodriguez, 431 U.S. 395, 404-05 (1977).

[2] It is unlikely the Court would have extended the deadline for this length of time (plus the additional unspecified amount of time Plaintiffs claim they still need) based only on the explanation provided in these papers.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

Plaintiffs attempt to push some of the blame for their failure to abide by Rule 23-3 onto the Defendants, but it is not the Defendants' responsibility to file a timely motion for class certification or to remind Plaintiffs of their obligation to do so.

Defendants have put forth a colorable claim of some degree of prejudice. Though the Court does not specifically find that Plaintiffs were not acting in subjective good faith, the fact remains that Plaintiffs have provided no good reason for the delay. And such delay – and failure to seek permission for it – disrupts the efficient functioning of the Court. The request for relief is DENIED.

IT IS SO ORDERED.