UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| Case No. | CV 13-8832 DSF (CWx) | Date | 1/6/15 |
|---|---|---|---|
| Title | Shuxin Li, et al. v. EFT Holdings, Inc., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING IN PART and DENYING IN PART Shareholder/Participant Related Motions to Dismiss (Dkt. Nos. 35, 36, 52, 93, 109)

     In their First Amended Complaint (FAC), Plaintiffs allege that Defendants EFT Holdings, Inc., its CEO Jack J. Qin, and various other Defendants operated an endless chain scheme to the detriment of Plaintiffs, who participated in and were defrauded by the scheme. In addition to claiming that they were fraudulently induced to purchase substandard products in order to take part in the endless chain scheme, Plaintiffs allege that they were separately defrauded in the context of direct stock offerings in EFT Holdings (the "Pump-and-Dump Scheme") and that their stock positions were devalued by various acts of corporate looting by Qin and some of the other Defendants (the "Corporate Looting Scheme"). Plaintiffs bring direct endless chain, fraud, and corporate waste claims, as well as RICO claims predicated on the endless chain, fraud, and waste claims. Defendants now move to dismiss on various grounds.

     The parties appear to agree that if allegations that form the basis of a RICO claim could form the basis of a securities fraud claim, then the Private Securities Litigation Reform Act bars that RICO claim. There is no question that the Pump-and-Dump Scheme described in the complaint could form the basis of a securities fraud claim and, therefore, cannot form the basis of a RICO claim under the PSLRA. As the very name given to the scheme by the Plaintiffs suggests, the Pump-and-Dump Scheme is based on allegations that insider Defendants fraudulently "pumped" the EFT Holdings' stock in order to "dump" their own inflated stock onto others, including Plaintiffs. This is a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

quintessential securities fraud claim.  Plaintiffs try to argue that the "stock" repeatedly described in the FAC and offered in over-the-counter trading was not really a security, but the Pump-and-Dump Scheme allegations and the Corporate Looting Scheme allegations make no sense unless Plaintiffs believed that there was real stock that gave them an ownership interest in EFT Holdings.

Defendants argue, almost in passing, that the endless chain allegations cannot form the basis of a RICO claim because they too are based in securities fraud.[1]  The parties agree that investments in an endless chain scheme can be "investment contracts," and, thus, securities; but it is unclear from the allegations in the FAC whether Plaintiffs' participation in the scheme qualifies as an investment in securities.  This is especially true because Plaintiffs made separate purchases of stock in EFT Holdings directly and (somewhat) independently of any product purchases.  In short, the endless chain allegations might be the basis of securities fraud claims, but the Court is not convinced of this on the limited showing made by Defendants.

The allegations of the Corporate Looting Scheme can only be brought as derivative claims and not as individual claims.  Generally, a corporate waste claim is derivative in nature.  Gentile v. Rossette, 906 A.2d 91, 99 (Del. 2006).[2]  Plaintiffs argue that Gentile nonetheless saves their claim.  It does not.  Gentile concerned a very limited exception to the general rule on corporate waste claims for claims of waste that also causes dilution of minority shareholder interest in the company.  Id. at 99-100.  In those cases, the shareholders suffer direct loss due to the dilution of their ownership interests.  Id.  However, shareholder dilution is not the result of any of the actions described under the Corporate Looting Scheme – "(1) exorbitant insider consulting payments; (2) exorbitant insider rental or royalty payments; (3) insider 'loans' that were never collected; and (4) insider 'investments' that met with disaster right before beginning to pay a return."  (FAC ¶ 99.)  These are standard corporate waste allegations that must be brought on a derivative basis.

The fraud allegations against all of the Defendants other than EFT Holdings and Jack Qin fail to satisfy the requirements of Rule 9(b).  The FAC fails to identify specific fraudulent representations or omissions made by each of the other Defendants, instead

---

[1] Defendants also touch on the issue in their now moot SLUSA arguments.  The Court has reviewed the points made there as well.

[2] Nevada corporate law applies because EFT Holdings is a Nevada corporation, but the parties agree that Delaware law is instructive as to Nevada law.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

lumping all of them together as "Defendants" and describing the allegedly fraudulent conduct in a vague manner. Rule 9(b) requires plaintiffs to inform each defendant separately of the allegations surrounding his alleged participation in the fraud. General allegations that "defendants" were participants in a conspiracy or acting in concert without any stated factual basis are insufficient. See Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007).

The motions to dismiss the endless chain claims against the non-EFT Holdings Defendants are denied. The Court is not convinced that rescission is the only remedy under the endless chain statute; that statute also provides for "recover[y of] all consideration paid pursuant to the scheme, less any amounts paid or consideration provided to the participant pursuant to the scheme." Cal. Civ. Code § 1689.2. Defendants have failed to make any compelling argument that recovery of "all consideration paid pursuant to the scheme" can only be had from the person or entity that was the counterparty to the illegal contract and not from insiders to whom ill-gotten gains may have been distributed. Neither case cited by the Defendants considers the question of recovery of consideration paid pursuant to the scheme, and are therefore not helpful. In fact, McLeod v. DHI Mortgage Co., Ltd., 2009 WL 1396395 (S.D. Cal. 2009), does not even involve the endless chain statute.

Several Defendants argue that the RICO, fraud, deception, corporate looting, and endless chain claims are barred by their respective statutes of limitations. This argument is rejected as the FAC does not establish the statute of limitations bar on its face and the complaint – read liberally – could permit the Plaintiffs to prove that the statutes were tolled. Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1045 (9th Cir. 2011) (quoting Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir.1980)). The relevant statutes would accrue when Plaintiffs knew or had reason to know of their injuries. The FAC does not provide a sufficient basis, by itself, to determine that date. Therefore, it cannot be dismissed on limitations grounds.

The motions to dismiss are GRANTED IN PART and DENIED IN PART consistent with this order. Specifically,
– the RICO claims are dismissed to the extent that they encompass the Pump-and-Dump Scheme allegations and the Corporate Looting Scheme allegations, but not dismissed to the extent that they are predicated on the endless chain allegations,
– the corporate waste claim is dismissed, and
– the fraud claim is dismissed as to all Defendants except for EFT Holdings and Jack Qin.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

The FAC is dismissed with leave to amend consistent with this order.  An amended complaint must be filed and served no later than January 30, 2015.  Failure to file by that date will waive the right to do so.  The Court does not grant leave to add new defendants or new claims.  Leave to add defendants or claims must be sought by a separate, properly noticed motion.  Defendants' response will be due February 23, 2015.

IT IS SO ORDERED.