UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| Case No. | CV 13-8832 DSF (CWx) | Date | 1/6/15 |
|---|---|---|---|
| Title | Shuxin Li, et al. v. EFT Holdings, Inc., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order GRANTING IN PART and DENYING IN PART Product Purchase Related Motions to Dismiss

Plaintiffs, as product purchasers, bring certain claims against Defendants EFT Holdings, Inc. and Jack J. Qin for mislabeling of EFT Holdings' products and various false and fraudulent representations related to the products. Defendants move to dismiss the first amended complaint (FAC).

Qin's motion is GRANTED, as the FAC fails to allege with specificity any statements made by Qin regarding the safety or efficacy of EFT Holdings' products or in what way any of Qin's statements were false.

EFT Holdings' motion is GRANTED IN PART and DENIED IN PART. The Court finds that Plaintiffs have adequately alleged the falsity of EFT Holdings' statements about its products. The FAC includes extensive details – largely copied from FDA findings, but also based on Plaintiffs' testing – regarding the inaccurate labeling of the products and the ways in which the products fail to satisfy the specific health claims made by EFT Holdings. There are also sufficient allegations as to injury in fact, as Plaintiffs allege that they would not have bought the products had they known that the ingredient lists were inaccurate and that the products were not effective. Assuming for the purposes of this motion that scienter is required, the allegations of the complaint also are adequate for an inference of scienter to be drawn, especially given that EFT Holdings continued to market the products after receiving a warning letter from the FDA that contained substantially the same allegations made by Plaintiffs here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

EFT Holdings' argument as to exported goods fails on a motion to dismiss because the exceptions it cites for exported goods apply only if certain criteria are met and it is the exporter's burden to establish the application of the exception. See Cal. Health & Safety Code § 111460; 21 U.S.C. § 381(e)(2); United States v. Kanasco, Ltd., 123 F.3d 209, 211 (4th Cir. 1997). The facts alleged in the FAC, on their face, do not establish that either exception – § 381(e)(2) or § 111460 – applies.

To the degree that the UCL claim is based on a breach of warranty claim, it is barred because Plaintiffs admit that they did not satisfy the prerequisites for bringing such a claim. Plaintiff relies on Caliber Bodyworks, Inc. v. Super. Ct., 134 Cal. App. 4th 365, 386 (2005), for the proposition that when bringing a UCL claim under the "unlawful" prong of the statute, a plaintiff need not satisfy any procedural prerequisites of the predicate "borrowed" law. This is an incorrect reading of Caliber. The statute at issue in Caliber required pre-litigation notice only if certain civil penalties were sought. The Caliber court found that pre-litigation notice was not required there because the UCL claim did not seek to recovery civil penalties, not because pre-litigation notice was generally inapplicable under the UCL.

The disagreement regarding disgorgement and restitution appears to be a matter of semantics. Plaintiffs seem to agree that only restitution of monies paid by Plaintiffs can be recovered under the False Advertising Law.

Plaintiffs have clarified that their consumer-related claims are not based on any stock-related fraud, but only on the UCL, FAL, and common law fraud/deceit.

Leave to amend is granted consistent with this order except with respect to the breach of warranty aspect of the UCL claim because Plaintiffs cannot rectify their failure to provide pre-litigation notice. An amended complaint must be filed and served no later than January 30, 2015. Failure to file by that date will waive the right to do so. The Court does not grant leave to add new defendants or new claims. Leave to add defendants or claims must be sought by a separate, properly noticed motion. Defendants' response will be due February 23, 2015.

IT IS SO ORDERED.