NEAL R. MARDER (SBN: 126879)
nmarder@winston.com
ALI R. RABBANI (SBN: 253730)
arabbani@winston.com
DREW A. ROBERTSON (SBN: 266317)
darobertson@winston.com
JASON C. HAMILTON (SBN: 267968)
jhamilton@winston.com
**WINSTON & STRAWN LLP**
333 S. Grand Avenue
Los Angeles, California 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Attorneys for Defendants
EFT HOLDINGS, INC., VISMAN CHOW, NORMAN KO, WILLIAM SLUSS, AND PYNG SOON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHUXIN LI, et al., <br><br> Plaintiffs, <br><br> v. <br><br> EFT HOLDINGS, INC., et al. <br><br> Defendants. | Case No. 13-CV-08832-DSF (CWx) <br><br> Consolidated with Case Nos. <br> 13-CV-8835-DSF (CWx) <br> 15-CV-727-DSF (CWx) <br><br> **DEFENDANTS EFT HOLDINGS, INC., VISMAN CHOW, NORMAN KO, WILLIAM SLUSS, AND PYNG SOON'S NOTICE OF MOTION AND MOTION TO STRIKE CLASS ALLEGATIONS IN SECOND AMENDED AND CONSOLIDATED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| YUNXIA WANG, et al., <br><br> Plaintiffs, <br><br> v. <br><br> EFT HOLDINGS, INC., et al., <br><br> Defendants. | Hearing Date: July 6, 2015 <br> Hearing Time: 1:30 P.M. <br> Location: Courtroom 840 <br> Judge: Hon. Dale S. Fischer <br><br> Complaint Filed: January 30, 2015 <br> Complaint Filed: November 27, 2013 <br> Amended Complaint Filed: July 10, 2014 <br> Sec. Am. Complaint Filed: Jan. 30, 2015 <br> Consol. Complaint Filed: May 11, 2015 |

MOTION TO STRIKE CLASS ALLEGATIONS IN SECOND AMENDED AND CONSOLIDATED COMPLAINT

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on July 6, 2015 at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 840 of the above-entitled court, located at 255 East Temple Street, Los Angeles, CA, 90012, Defendants EFT Holdings, Inc., Visman Chow, Norman Ko, William Sluss, and Pyng Soon (collectively, the "EFT Defendants") will and hereby do move for an order striking the class allegations in paragraphs 5, 19, and 22-29 of Plaintiffs' Second Amended and Consolidated Complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the supporting declaration and [Proposed] Order filed concurrently herewith, the records and files in this action, and any other written or oral submissions that may be presented at or before the hearing on this Motion.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on May 22, 2015. Plaintiffs intend to oppose this Motion.

Dated: May 29, 2015

Respectfully submitted,

**WINSTON & STRAWN LLP**

By: /s/ *Neal R. Marder*
Neal R. Marder
Ali R. Rabbani
Drew A. Robertson
Jason C. Hamilton

*Attorneys for Defendants EFT Holdings, Inc., Visman Chow, Norman Ko, William Sluss, and Pyng Soon*

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1
MOTION TO STRIKE CLASS ALLEGATIONS IN SECOND AMENDED AND CONSOLIDATED COMPLAINT

# TABLE OF CONTENTS

**Page(s)**

I. INTRODUCTION ........................................................................................... 1

II. FACTUAL AND PROCEDURAL BACKGROUND ....................................... 2

    A. Locke Lord Missed its First Deadline to File a Motion for Class Certification and the Court Struck the Class Allegations. ........................ 2

    B. Absent Class Members Sued Locke Lord for Malpractice. ...................... 4

    C. Locke Lord and Howarth & Smith Filed a New Class Action Alleging the Same Claims on Behalf of the Same Class. .......................... 5

    D. Plaintiffs Consolidate the Old Class Actions and the New Class Action. ...................................................................................................... 7

    E. Locke Lord and Howarth & Smith Finally Move for Class Certification Without the Benefit of Class Discovery. ............................. 8

III. LEGAL STANDARD ..................................................................................... 9

IV. ARGUMENT .................................................................................................. 9

    A. Locke Lord Cannot Adequately Represent the Class. ............................ 10

    B. Howarth & Smith Cannot Adequately Represent the Class. .................. 11

    C. The Class Representatives Cannot Adequately Represent the Class. ...... 13

V. CONCLUSION ............................................................................................ 14

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Evans v. IAC/Interactive Corp.*
   244 F.R.D. 568 (C.D. Cal. 2007) (Fischer, J.) ............................................. 2, 10, 11

*Garibaldi v. Compass Group USA, Inc.*
   2013 WL 10256619, at *1 (C.D. Cal. Apr. 4, 2013) (Fischer, J.) ...................... 2, 9

*Gen. Tel. Co. of Sw. v. Falcon*
   457 U.S. 147 (1982) ............................................................................................. 9

*Hovsepian v. Apple, Inc.*
   2009 WL 5069144, at *6 (N. D. Cal. Dec. 17, 2009) .......................................... 9

*Kamm v. Cal. City Dev. Co.*
   509 F.2d 205, 212 (9th Cir. 1975) ....................................................................... 9

*Kandel v. Brother Int'l Corp.*,
   264 F.R.D. 630 (C.D. Cal. 2010) (Fischer, J.) ............................................... 10, 14

*Kayes v. Pac. Lumber Co.*
   51 F.3d 1449 (9th Cir. 1995) ............................................................................. 10

*Parker v. FedEx National LTL, Inc.*
   2011 WL 11671754, at *8 (C.D. Cal. Apr. 11, 2011) (Fischer, J.) .......... 11, 12, 13

*Tietsworth v. Sears*
   720 F. Supp. 2d 1123, 1145-46 (N.D. Cal. 2010) ............................................... 9

*Vinole v. Countrywide Home Loans, Inc.*
   571 F.3d 935, 940 (9th Cir. 2009) ....................................................................... 9

**STATUTES**

RICO § 1962 (a), (c), (d) ............................................................................... 6, 7, 8

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23(a)(4) ......................................................................................... 9

Fed. R. Civ. P. 23(c)(1)(A) .................................................................................... 9

Fed. R. Civ. P 23(g) .............................................................................................. 9

Fed. R. Civ. P. § 12(f) ................................................................................................ 9

Fed. R. Civ. P. § 23(d)(1)(D) ..................................................................................... 9

http://www.lockelord.com/newsandevents/news/2015/01/locke-lord-edwards-
    wildman-combination-launched. ....................................................................... 2

## I. INTRODUCTION

Locke Lord filed this class action as an attempted end-run around this Court's order striking the very same class allegations that counsel previously asserted in two other putative class actions. The Court ordered that these prior actions proceed on an individual basis after Locke Lord missed the deadline to file its motion for class certification by nearly a full year. In short, the same counsel has asserted the same claims on behalf of the same class against the same defendants, hoping the Court will ignore the fact that counsel missed the class certification deadline the first time around. But the Court has already acknowledged the existence of "important issues related to, among other things, adequacy of class counsel and the propriety of a 'second bite' at class certification by the same lead counsel." (Dkt. 187 at 2.) This procedural gamesmanship should not be countenanced by the Court and the class allegations should once again be stricken because counsel cannot demonstrate they are adequate to represent the class.

Additionally, Locke Lord's co-counsel Howarth & Smith has demonstrated it is no more adequate to represent the class than is Locke Lord. Howarth & Smith has been complicit in Locke Lord's improper tactics. Indeed, Howarth & Smith assisted Locke Lord in filing the "new" class action in January 2015. Alongside Locke Lorde, Howarth & Smith filed an unnecessary motion to consolidate the lingering individual claims that Plaintiffs apparently intended to dismiss all along. (*See* Dkt. 190 (dismissing individual claims one week after the Court ordered consolidation).) Moreover, Howarth & Smith and Locke Lord have not served a single discovery request since filing the new class action in January, despite the fact this Court has "encourage[d] counsel to agree to begin to conduct discovery actively before the scheduling conference." (727 Dkt. 12 at 3 (emphasis in original).) Plaintiffs' motion for class certification, filed on the last possible day under the local rules, is nothing more than a shell in which counsel relies on unspecified future discovery they hope to obtain from Defendants. In other words, both Locke Lord and Howarth & Smith's

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

ongoing conduct demonstrates that neither firm is adequate to represent the putative class.

The conclusion that Locke Lord and Howarth & Smith cannot adequately represent the class is further cemented by their joint representation of the putative class in the face of a multiple lawsuits that absent class members filed against Locke Lord as a result of its mishandling of the initial class actions. These lawsuit evidence "a series of mis-steps that have jeopardized the class claims." *See Evans v. IAC/Interactive Corp.*, 244 F.R.D. 568 (C.D. Cal. 2007) (Fischer, J.).

In certain cases, an early determination of the adequacy of class counsel serves "the interests of the putative class and of judicial economy." *Garibaldi v. Compass Group USA, Inc.*, 2013 WL 10256619, at *1 (C.D. Cal. Apr. 4, 2013) (Fischer, J.). For the reasons described herein, this is one of those cases. Therefore, Defendants respectfully request that the Court strike the class allegations due to the inability of putative class counsel to adequately represent the class.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Locke Lord[1] Missed its First Deadline to File a Motion for Class Certification and the Court Struck the Class Allegations.

This litigation began on November 27, 2013, when Locke Lord filed two class actions against EFT Holdings Inc. and related defendants. (8832 Dkt. 1; 8835 Dkt. 1.) One class action alleged false advertising and related claims with regard to EFT's products. (8835 Dkt. 1, 27.) The other alleged that EFT was operating as an endless chain (commonly referred to as a pyramid scheme).[2] (8832 Dkt. 1, 25.) Plaintiffs filed First Amended Complaints in both actions on July 10, 2014. (8832 Dkt. 25, 8835 Dkt. 27.)

---

[1] In December 2014, Locke Lord LLP and Edwards Wildman Palmer LLP merged under the name Locke Lord LLP. *See* http://www.lockelord.com/newsandevents/news/2015/01/locke-lord-edwards-wildman-combination-launched. For ease of reference, both the merged firm and the former firm of Edwards Wildman are referred to throughout this brief as "Locke Lord."

[2] Together, these two actions are referred to herein as the "Old Class Actions."

The Court *sua sponte* struck the class allegations in both cases on October 10, 2014. (8832 Dkt. 46; 8835 Dkt. 40.) Despite having filed the complaints in November 2013, as of October 2014 Plaintiffs had not moved for class certification in either case, nor had they requested an extension of the Local Rule 23-3 deadline.

In striking the class allegations, the Court noted, "The manner in which this case has been litigated thus far would give the Court pause if it were to proceed as a class action. However, as the time period for filing a motion for class certification expired many months ago, the class allegations are stricken and this action will proceed as an individual action." (*Id.* at 2.) The Court also denied Locke Lord's subsequent request to be relieved from the order striking the class allegations, ruling as follows:

> There is no question that when the Court's October 10 order was issued these consolidated cases had been pending for more than 10 months with no request for an extension of the Local Rule 23-3 deadline.
>
> …
>
> Plaintiffs provide no real excuse for missing the Rule 23-3 deadline or for failing to request an extension of that deadline. The excuses given might constitute reasonable grounds for requesting an extension of the deadline, but are not responsive to Plaintiffs' complete disregard of the deadline. The Court is left with the conclusion that either Plaintiffs' counsel was completely ignorant of Rule 23-3 or knew of it and chose to disregard it. … This is also not a situation where a stipulation for extension or a class certification motion was filed on the 91st day or even the 121st day – this case was pending for months beyond the 90-day deadline with no effort to secure permission for a continuance. … Even now it is evident from the Motion for Relief that Plaintiffs are not prepared to file a motion for class certification any time soon. They apparently have not even initiated some of the discovery they claim to need – even though shareholder

> inspection demands were made even before the litigation was initiated.
>
> …
>
> Defendants have put forth a colorable claim of some degree of prejudice. Though the Court does not specifically find that Plaintiffs were not acting in subjective good faith, the fact remains that Plaintiffs have provided no good reason for the delay. And such delay – and the failure to seek permission for it – disrupts the efficient functioning of the Court.

(8832 Dkt. 103 (footnotes omitted).) The Court further noted:

> [I]t seems highly unlikely that counsel who would make such a grievous error (or the plaintiffs who retained such counsel) would be found adequate to represent the class.

(*Id.* at 2 n.1.)

### B.  Absent Class Members Sued Locke Lord for Malpractice.

Absent class members filed a putative class action complaint against Locke Lord[3] for malpractice on January 16, 2015 ("Malpractice Action").[4] (Rabbani Decl. Ex. A.) The named plaintiff in the Malpractice Action sought to represent a "class of nearly 7,300 clients who were being represented by" Locke Lord in the Individual Actions. (*Id.* ¶ 1.) The other defendant in the malpractice action was Shuxin Li, one of the named plaintiffs in the Old Class Actions.

The named plaintiff in the Malpractice Action alleged that absent class members in the Old Class Actions had paid Locke Lord (through Shuxin Li) $300,000.00 in attorneys' fees. (*Id.* ¶ 3.) The claims against Locke Lord were based on its failure to comply with Local Rule 23-3 in the Old Class Actions and subsequent failure to refund $200,475.00 in attorneys' fees paid by absent class members. (*Id.*

---

[3] Locke Lord was sued as Edwards Wildman Palmer LLP in the Malpractice Action.

[4] The named plaintiff in the Malpractice Action asserted claims for Professional Negligence – Legal Malpractice, Breach of Written Agreement, Breach of Fiduciary Duty, Conversion, Unjust Enrichment, and Common Count – Money Had and Received.

¶¶ 20-39, 47-57, 69-74, 81-83.) The claims against Shuxin Li were based on his alleged mishandling of $67,000.00 he received from absent class members for purposes of prosecuting the class action. (*Id.*, Ex. A ¶¶ 40-46, 58-68, 75-80, 84-86.)

Although Malpractice Action was subsequently dismissed without prejudice on March 26, 2015, it was replaced by another complaint filed by the same plaintiff. ("Contract Action"). (Rabbani Decl. Ex. B) The Contract Action is based on the same factual allegations as the Malpractice Action, and plaintiff once again alleges he is suing on behalf of "nearly 7,300 predominantly Chinese customers, and/or members, of EFT Holdings, Inc., who thought that they were included as claimants in a Federal class action lawsuit which was filed by [Locke Lord] against EFT." (*Id.* at 1-2.) The plaintiff states he is suing because the case "was never certified as a class action." (*Id.* at 2.)

The Contract Action contains some disturbing allegations. For example, it alleges that Locke Lord unilaterally removed certain named plaintiffs as class representatives without their knowledge, despite the fact these plaintiffs (along with many absent class members) had already paid attorneys' fees to Locke Lord. (*Id.* ¶¶ 8-9,13.) In short, the Malpractice Action and the Contract Action evidence a grave ongoing conflict between Locke Lord and the putative class with regard to the New Class Action.

### C. Locke Lord and Howarth & Smith Filed a New Class Action Alleging the Same Claims on Behalf of the Same Class.

On January 30, 2015, Locke Lord and Howarth & Smith filed a new class action (referred to herein as the "New Class Action"). (727 Dkt. 1.) As shown in the chart below, the New Class Action and the Old Class Actions asserted the same claims, on behalf of the same class, against the same defendants:

| OLD CLASS ACTIONS | | | |
|---|---|---|---|
| Case | Class Definition | Defendants | Claims |
| **No. 2:13-cv-08832-DSF-CW** | All purchasers | (1) EFT Holdings, Inc.; (2) Buckman, Buckman | [Second Amended |

| Case | | Defendants | |
|---|---|---|---|
| **Complaint** (filed November 27, 2013) (8832 Dkt. 1)<br><br>**First Amended Complaint** (filed July 10, 2014) (8832 Dkt. 25)<br><br>**Second Amended Complaint** (filed January 30, 2015) (INDIVIDUAL ACTION) (8832 Dkt. 132) | of EFT products. | & Reid, Inc.;<br>(3) Brown Door, Inc.;<br>(4) Pierstone Group, LLC;<br>(5) Regal Walnut LLC;<br>(6) Jack J. Qin;<br>(7) Visman Chow;<br>(8) Norman Ko;<br>(9) William Sluss;<br>(10) Pyng Soon;<br>(11) George Curry;<br>(12) John Huemoeller II;<br>(13) Wallace Gaikas;<br>(14) Peter Lau | **Complaint]**<br><br>(1) Endless chain scheme;<br>(2) Deception and common law fraud;<br>(3) RICO § 1962(c);<br>(4) RICO § 1962(a);<br>(5) RICO § 1962(d) |
| **No. 2:13-cv-08835-DSF-CW**<br><br>**Complaint** (filed November 27, 2013) (8835 Dkt. 1)<br><br>**First Amended Complaint** (filed July 10, 2014) (8835 Dkt. 27)<br><br>**Second Amended Complaint** (filed January 30, 2015) (INDIVIDUAL ACTION) (8832 Dkt. 131) | All persons who purchased Defendants' Products during the applicable limitations period and/or such subclasses as the Court may deem appropriate. | (1) EFT Holdings, Inc.;<br>(2) Jack J. Qin | **[Second Amended Complaint]**<br><br>(1) UCL;<br>(2) FAL;<br>(3) Fraud |

**NEW CLASS ACTION**

| Case | Class Definition | Defendants | Claims |
|---|---|---|---|
| **No. 2:13-cv-00727-DSF-CW**<br><br>**Complaint** (filed | All purchasers of EFT products | (1) EFT Holdings, Inc.;<br>(2) Jack J. Qin;<br>(3) Visman Chow;<br>(4) Norman Ko; | **[Second Amended Complaint]** |

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

| | | | |
|---|---|---|---|
| January 30, 2015) (727 Dkt. 1)<br><br>**First Amended Complaint** (filed April 14, 2015) (727 Dkt. 48)<br><br>**Second Amended Complaint** (filed May 11, 2015) (8832 Dkt. 193) | and/or membership in EFT and/or individuals who paid money to become Affiliates of EFT. | (5) William Sluss;<br>(6) Pyng Soon;<br>(7) George Curry<br><br>(The initial complaint also named Buckman, Buckman & Reid, Inc.; Greentone Holdings, Inc.; Brown Door, Inc.; Pierstone Group, LLC; and Regal Walnut LLC) | (1) Endless chain scheme;<br>(2) Deception and common law fraud;<br>(3) FAL;<br>(4) UCL;<br>(5) RICO § 1962 (a), (c), (d) |

### D. Plaintiffs Consolidate the Old Class Actions and the New Class Action.

Locke Lord and Howarth & Smith sought to consolidate the Old Class Actions with the New Class Action. (8832 Dkt. 156.) Defendants opposed, raising concerns that the motion was an attempt to evade the Court's prior rulings striking the class allegations in the Old Class Actions. (8832 Dkt. 159.)

The Court granted the motion to consolidate, but acknowledged Defendants' concerns regarding the adequacy of class counsel and indicated those concerns would be appropriately raised in a motion to strike:

> Defendants have raised important issues related to, among other things, adequacy of class counsel and the propriety of a 'second bite' at class certification by the same lead counsel. But these issues … are better dealt with through separate motions directly aimed at striking the class allegations or at disqualifying class counsel or through an opposition to a motion to certify the class.

(8832 Dkt. 187 at 2.)

Curiously, one week after the Court granted consolidation, Locke Lord and Howarth & Smith filed a Notice of Dismissal of the Old Class Actions. (8832 Dkt. 190.) In doing so, counsel stated that the plaintiffs in the Old Class Actions "desire to

7

MOTION TO STRIKE CLASS ALLEGATIONS IN SECOND AMENDED AND CONSOLIDATED COMPLAINT

support and participate in the [New Class Action] as putative class members, without separately litigating the [Old Class Actions]." (*Id.*)

By Plaintiffs' own admission, the Old Class Actions and the New Class Action had "the same Defendants, the same attorneys, and nearly identical questions of law and facts." (Dkt. 156 at 1.) What is left then, after dismissal of the Old Class Actions, is the same class claims against the same defendants that existed when Locke Lord first initiated this litigation back in 2013.

### E. Locke Lord and Howarth & Smith Finally Move for Class Certification Without the Benefit of Class Discovery.

On the last day possible under Local Rule 23-3, Locke Lord and Howarth & Smith filed a motion for class certification in the New Class Action—nearly 18 months after the initial complaints had been filed in the Old Class Actions. (8832 Dkt. 192.) Although the same claims have been pending for a year and a half, Plaintiffs assert that "this putative class action case is not yet at issue" and that "[d]iscovery has not commenced in the putative class action case." (*Id.* at 2.) These statements ignore that this Court has "encourage[d] counsel to agree to begin to conduct discovery actively before the scheduling conference." (727 Dkt. 12 at 3.)

Despite the Court's prior admonishment of Locke Lord for its failure to timely initiate discovery (8832 Dkt. 103 at 2), four months after filing the complaint no discovery has been served on Defendants in the New Class Action.

As a result, Plaintiffs' motion for class certification lacks any factual support. Plaintiffs state that "[p]roof for the common questions will come from Defendants' records to be obtained during discovery." (8832 Dkt. 192 at 10; *see also id.* at 6 (Defendants' records "will be obtained through discovery").) Likewise, Plaintiffs' predominance argument relies on case law, not facts. (*Id.* at 11-15.) In other words, instead of timely seeking discovery or timely requesting an extension of the Local Rule 23-3 deadline until the requisite discovery could be sought and obtained, Locke Lord and Howarth & Smith filed a motion that is largely devoid of factual support.

## III. LEGAL STANDARD

It has long been recognized that district courts may resolve class claims at the pleading stage where a plaintiff proposes a plainly uncertifiable class. *See Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982) ("[s]ometimes the issues are plain enough from the pleadings" to show that a class should not be certified); *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 212 (9th Cir. 1975) (class allegations may be stricken at the pleading stage). "[D]istrict courts throughout the nation" have considered, and granted, motions to strike class allegations. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 940 (9th Cir. 2009); *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1145-46 (N.D. Cal. 2010) ("Under Rules 23(c)(1)(A) and 23(d)(1)(D), as well as pursuant to Rule 12(f), this Court has authority to strike class allegations."); *Hovsepian v. Apple, Inc.*, 2009 WL 5069144, at *6 (N. D. Cal. Dec. 17, 2009) (same).

"Although adequacy of counsel is ordinarily determined after class certification," the Court may strike the class allegations where "it appears an early preliminary determination of whether Plaintiff's counsel would be adequate class counsel would serve the interests of the putative class and of judicial economy." *Garibaldi v. Compass Group USA, Inc.*, 2013 WL 10256619, at *1 (C.D. Cal. Apr. 4, 2013) (Fischer, J.) (issuing order to show cause why class allegations should not be stricken for failure to comply with Local Rule 23-3).

## IV. ARGUMENT

Rule 23(a)(4) requires a showing that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Additionally, Rule 23(g) requires appointment of counsel able "to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g). As explained more fully below, both Locke Lord and Howarth & Smith have demonstrated that they are not able to adequately represent the class in this case, and therefore the Court should once again strike the class allegations.

### A.     Locke Lord Cannot Adequately Represent the Class.

"In assessing whether class representatives and their counsel will vigorously prosecute a class action litigation, courts may consider the actual progress of the proceedings to that point." *Evans v. IAC/Interactive Corp.*, 244 F.R.D. 568, 577 (C.D. Cal. 2007) (Fischer, J.). "Delays in seeking class certification, a failure timely to prosecute the litigation, and any failure to comply with reasonable disclosure obligations or discovery requests are factors that suggest that the class representative is inadequate." *Id.* In *Evans*, the Court denied class certification because "Plaintiffs' counsel [was] not equal to the task of competently representing the class interests," noting that counsel's conduct evidenced "a series of mis-steps that have jeopardized the class claims." *Id.* at 578; *see also Kandel v. Brother Int'l Corp.*, 264 F.R.D. 630, 634 (C.D. Cal. 2010) (Fischer, J.) (denying class certification on adequacy grounds, citing "numerous errors and deficiencies in representation").

Here, as did counsel in *Evans*, Locke Lord has engaged in a pattern of conduct that establishes it cannot adequately represent the class. Most troubling is the fact Locke Lord is currently engaged in litigation directly adverse to 7,300 absent class members in connection with Locke Lord's mishandling of the Old Class Actions. "The responsibility of class counsel to absent class members whose control over their attorneys is limited does not permit ***even the appearance*** of divided loyalties of counsel." *Kayes v. Pac. Lumber Co.*, 51 F.3d 1449, 1465 (9th Cir. 1995) (internal quotation marks and citation omitted; emphasis added). That absent class members went so far as to file a lawsuit for malpractice evidences an irreconcilable conflict between Locke Lord and the putative class that goes far beyond the mere "appearance" of divided loyalties.

Locke Lord's failure to timely file a motion for class certification is further indication it cannot adequately represent the class. Despite first asserting the claims at issue here in November 2013, Locke Lord did not file a motion for class certification until May 2015. When the Court first struck the class allegations, it noted that "[t]he

manner in which this case has been litigated thus far would give the Court pause if it were to proceed as a class action." (8832 Dkt. 46 at 2.) And when Locke Lord sought relief from the Court's order, the Court stated that "it seems highly unlikely that counsel who would make such a ***grievous error*** (or the plaintiffs who retained such counsel) would be found adequate to represent the class." (8832 Dkt. 103 at 2 n.1 (emphasis added).)

"There is no judicial economy in allowing the same law firm to continue to file the same lawsuit, repeatedly ignoring [the] rules along the way." *Parker v. FedEx National LTL, Inc.*, 2011 WL 11671754, at *8 (C.D. Cal. Apr. 11, 2011) (Fischer, J.). As such, Locke Lord should not be given "a 'second bite' at class certification." (8832 Dkt. 187 at 2.) Locke Lord's conduct in this litigation firmly establishes it is not adequate to represent the class.

### B.     Howarth & Smith Cannot Adequately Represent the Class.

Even if counsel has "performed adequately and successfully in other actions, they cannot simply rest on their laurels." *Evans*, 244 F.R.D. at 580. "They must establish adequacy in each case in which they seek to represent a class." *Id.* Howarth & Smith simply cannot establish adequacy in this case in light of its direct and intentional facilitation of Locke Lord's impermissible conduct. Moreover, Howarth & Smith's own conduct since joining these litigations has only underscored its inability to adequately serve as class counsel.

Howarth & Smith's involvement in this litigation is marked by a series of procedural games designed to help Locke Lord overcome its prior mistakes. For example, Howarth & Smith initially associated in as counsel both in the Old Class Actions and the New Class Action. But after Defendants raised conflicts of interest related to Howarth & Smith's simultaneous representation of individual plaintiffs in the Old Class Action and the putative class in the New Class Action (727 Dkt. 41 at 12-15), Howarth & Smith promptly withdrew as counsel for the individual plaintiffs in the Old Class Action—a belated attempt to cure the conflict. (8832 Dkt. 188

(substituting Locke Lord for Howarth & Smith as counsel for the individual plaintiffs).)

Then, after the parties had fully briefed a motion to consolidate, and the Court had heard and ruled on the motion, the Old Class Actions were promptly dismissed. As a result, a year and a half later, the parties are back to square one. In short, Howarth & Smith has facilitated Locke Lord's revival of the very same class allegations that the Court struck back in October 2014.

This effort has come at a cost to the class: while focusing its attention on procedural gymnastics, Howarth & Smith has failed to diligently and competently prosecute the New Class Action. *First*, after associating in as counsel in the Old Class Actions, Howarth & Smith signed and filed Second Amended Complaints (8832 Dkt. 131-132) that directly violated this Court's orders. In particular:

- the 8835 Second Amended Complaint added new claims despite the Court's specific prohibition against new claims (*see* 8832 Dkt. 140); and
- the 8832 Second Amended Complaint failed to comply with this Court's order dismissing certain allegations underlying Plaintiffs' RICO claims by again including these exact same allegations (*see* 8832 Dkt. 145).

*Second*, in the New Class Action, Plaintiffs—represented by Howarth & Smith—did not provide any pre-suit notice to the EFT Defendants, thereby depriving the putative class members, once again, of the ability to assert potential breach of warranty claims as underlying legal predicates for their Unfair Competition Law claims. This occurred despite the fact that the Court dismissed Plaintiffs' warranty claims in the 8832 Matter for this very same lack of pre-suit notice. (8832 Dkt. 121.)

*Third*, Howarth & Smith has not served any discovery in the four months since the New Class Action was filed. This failure is inexcusable. *See Parker*, 2011 WL 11671754, at *4 (finding that a two month delay in seeking discovery due to "procedural travails" "borders on the ridiculous"). Without any discovery, Howarth & Smith filed a motion for class certification—on the last possible day under Local Rule

12

MOTION TO STRIKE CLASS ALLEGATIONS IN SECOND AMENDED AND CONSOLIDATED COMPLAINT

23-3—that was devoid of factual support.

The last paragraph in Howarth & Smith's declaration in support of class certification is telling: it states that "Howarth & Smith anticipates that the law firm of Locke Lord LLP … will provide support and assistance to class counsel for class issues in this case ***and that an award of fees and costs for that supporting work may be sought***." (8832 Dkt. 192-1 ¶ 13 (emphasis added).) Rather than concerning itself with seeking class discovery so that it could file a properly supported motion for class certification, Howarth & Smith has concerned itself with reserving Locke Lord's right to seek attorneys' fees at the end of this case. Moreover, Howarth & Smith's indication that Locke Lord would remain involved in the representation—despite the fact Locke Lord is currently engaged in litigation adverse to 7,300 absent class members—is alone sufficient to establish that Howarth & Smith lacks the judgment and independence necessary to adequately serve as class counsel.

### C. The Class Representatives Cannot Adequately Represent the Class.

Plaintiffs in this action have likewise failed to adequately represent the class because they have chosen to retain Locke Lord as counsel despite Locke Lord's grievous errors in the Individual Actions – and this Court's finding that it is "highly unlikely" that Locke Lord could adequately represent the class. (8832 Dkt. 103 at 2 n.1); *see Parker*, 2011 WL 11671754, at *8 (noting that "[plaintiff's] inability to retain appropriate counsel … is a strong indication that he and his attorneys will not 'fairly and adequately protect the interests of the class'") (quoting Fed. R. Civ. P. 23(a)(4)).

Moreover, class representatives cannot "'clean the slate' by retaining new counsel after [their] original counsel has failed to act diligently." *Id.* at *5. Although the New Class Action was filed on behalf of different named plaintiffs, both the prior named plaintiffs and the current named plaintiffs have alleged identical facts with regard to how they purportedly discovered other class members and then retained class counsel—indicating that both sets of named plaintiffs were part of the same

13

MOTION TO STRIKE CLASS ALLEGATIONS IN SECOND AMENDED AND CONSOLIDATED COMPLAINT

group responsible for retaining Lock Lorde. (*Compare* 8832 Dkt. 193 ¶¶ 87-90 *with* 8832 Dkt. 25 ¶¶ 118-19.) Therefore, although different class members are now the face of the New Class Action, it is apparent that a single group of plaintiffs has improperly attempted to "clean the slate" by retaining Howarth & Smith.

In sum, the Court should strike the class allegations in this case due to the demonstrated and continued failures of Plaintiffs and their counsel. *Kandel*, 264 F.R.D. at 634-35 ("the Court has a responsibility to protect the due process rights of the absent class members and to deny the appointment of class counsel who cannot be relied on to prosecute the class's claims in a competent manner").

## V. CONCLUSION

For the foregoing reasons, the EFT Defendants respectfully request that the Court strike the class allegations in Plaintiffs' Second Amended and Consolidated Complaint.

Dated: May 29, 2015

Respectfully submitted,

**WINSTON & STRAWN LLP**

By: /s/ *Neal R. Marder*
    Neal R. Marder
    Ali R. Rabbani
    Drew A. Robertson
    Jason C. Hamilton

*Attorneys for Defendants EFT Holdings, Inc., Visman Chow, Norman Ko, William Sluss, and Pyng Soon*