NEAL R. MARDER (SBN: 126879)
nmarder@winston.com
ALI R. RABBANI (SBN: 253730)
arabbani@winston.com
DREW A. ROBERTSON (SBN: 266317)
darobertson@winston.com
JASON C. HAMILTON (SBN: 267968)
jhamilton@winston.com
**WINSTON & STRAWN LLP**
333 S. Grand Avenue
Los Angeles, California 90071-1543
Telephone:   (213) 615-1700
Facsimile:    (213) 615-1750

Attorneys for Defendants
EFT HOLDINGS, INC., VISMAN
CHOW, NORMAN KO, WILLIAM
SLUSS, AND PYNG SOON

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHUXIN LI, et al., | Case No. 13-CV-08832-DSF (CWx) |
| Plaintiffs, | Consolidated with Case Nos. 13-CV-8835-DSF (CWx) 15-CV-727-DSF (CWx) |
| v. | |
| EFT HOLDINGS, INC., et al. | **DECLARATION OF ALI R. RABBANI IN SUPPORT OF DEFENDANTS EFT HOLDINGS, INC., VISMAN CHOW, NORMAN KO, WILLIAM SLUSS, AND PYNG SOON'S MOTION TO STRIKE CLASS ALLEGATIONS IN SECOND AMENDED AND CONSOLIDATED COMPLAINT** |
| Defendants.___ | |
| YUNXIA WANG, et al., | |
| Plaintiffs, | |
| v. | |
| EFT HOLDINGS, INC., et al., | Hearing Date:   July 6, 2015 Hearing Time:   1:30 P.M. Location:        Courtroom 840 Judge:           Hon. Dale S. Fischer |
| Defendants. | Action Filed:  November 27, 2013 |

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

# DECLARATION OF ALI R. RABBANI

I, Ali R. Rabbani, hereby declare as follows:

1.      I am an attorney with the law firm of Winston & Strawn LLP, which is counsel of record for Defendants EFT Holdings, Inc. ("EFT"), Visman Chow, Norman Ko, William Sluss, and Pyng Soon (collectively, the "EFT Defendants") in this matter.  I have personal knowledge regarding the matters set forth in this declaration and, if called upon as a witness, I could and would testify competently thereto.

2.      Attached hereto as **Exhibit A** is a true and correct copy of the complaint filed on January 16, 2015 in the action styled *Wang v. Edwards Wildman Palmer LLP et al.*, Case No. BC569621 (Los Angeles Super. Ct.) (the "Malpractice Action").

3.      Although the Malpractice Action was subsequently dismissed without prejudice on March 26, 2015, it was replaced by another complaint filed by the same plaintiff.  Attached hereto as **Exhibit B** is a true and correct copy of the First Amended Complaint filed on April 28, 2015 in the action styled *Wang v. Locke Lord Edwards et al.*, Case No. BC576287 (the "Contract Action").

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 29, 2015.

/s/ *Ali R. Rabbani*
Ali R. Rabbani

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

# EXHIBIT A

A6017

1  BARRY S. JORGENSEN, APC [SBN 79620]
2  750 N. Diamond Bar Blvd., Suite 224
   Diamond Bar, CA 91765
   Telephone: (909) 396-7200
3  Fax: (909) 396-4786
4  Email: barryjorgensen@bsjlawgroup.com

**FILED**
Superior Court of California
County of Los Angeles

JAN 1 6 2015

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
      Moses Soto

5  Attorney for Plaintiff, XIU LIN WANG, on behalf of himself and
6  as the designated representative of the putative class of nearly 7,000
   clients represented by EDWARDS WILDMAN PALMER LLP
7                        D-74   SANCHEZ- GORDON
8            SUPERIOR COURT OF THE STATE OF CALIFORNIA
9  COUNTY OF LOS ANGELES, CENTRAL DISTRICT, STANLEY MOSK COURTHOUSE
10

11  XIU LIN WANG, on behalf of himself and
    as the designated representative of the
12  putative class of nearly 7,300 clients
    represented by EDWARDS WILDMAN
13  PALMER LLP,
14
              Plaintiff,
15
        vs.
16
17  EDWARDS WILDMAN PALMER LLP, a
    limited liability partnership; SHUXIN LI;
18  and DOES 1 to 10, Inclusive,
19
              Defendants.
20

Case No.   **BC 5 6 9 6 2 1**

**CLASS ACTION**

COMPLAINT FOR:

1. PROFESSIONAL NEGLIGENCE - LEGAL MALPRACTICE
2. BREACH OF WRITTEN AGREEMENT
3. BREACH OF FIDUCIARY DUTY
4. BREACH OF FIDUCIARY DUTY
5. CONVERSION
6. CONVERSION
7. UNJUST ENRICHMENT
8. UNJUST ENRICHMENT
9. COMMON COUNT - MONEY HAD AND RECEIVED
10. COMMON COUNT - MONEY HAD AND RECEIVED

21
22
23
24
25      Plaintiff XIU LIN WANG, individually, and on behalf of himself and as the designated
26  representative of the putative class of nearly 7,300 clients represented by EDWARDS
27  WILDMAN PALMER LLP, hereby alleges and complains against Defendants, EDWARDS
28

1

COMPLAINT

**Exhibit A**

WILDMAN PALMER LLP, a limited liability partnership; SHUXIN LI, an individual, and DOES 1 to 10, inclusive, as follows:

[All allegations set forth are based on information and belief]

## NATURE OF THE ACTION

This is an action to recover monetary damages against Defendant EDWARDS WILDMAN PALMER LLP ("EWP") for professional negligence - legal malpractice due to its failure to have an underlying federal case certified as a class action, thereby effectively depriving Plaintiff, and the nearly 7,300 of the 15, 000 customers in this action from recovery in the underlying federal case.  Plaintiff further seeks to recover $200,475.00 from EWP, which reflects the pro-rated amount of attorney's fees that was paid by Plaintiff and the putative class of nearly 7,300 clients in this action to represent nearly 15, 000  predominantly Chinese customers of EFT Holdings, Inc., ("EFT"), including Plaintiff and the nearly 7,300 of the 15, 000 customers in this action, in the underlying federal case.  Plaintiff further seeks to recover $67,000.00 from Defendant SHUXIN LI ("LI") which reflects the pro-rata share of the excess amount of amount that LI wrongfully collected and has wrongfully withheld from Plaintiff and the nearly 7,300 of the 15,000 customers in this action,

## PARTIES

1.      Plaintiff XIU LIN WANG ("WANG") is a resident of the City of Ha Erbin located in the Peoples Republic of China.  Plaintiff is bringing this action as the designated representative of the putative class of nearly 7,300 clients who were being represented by Defendant EDWARDS WILDMAN PALMER LLP ("putative class") in the federal case of Shuxin Li, et al. v. EFT Holdings, Inc., et al., Case No. CV13-8835-DSF-(CWx) [consolidated with Shuxin Li, et al. v. Jack J. Qin, et al., Case No. 13-CV-8832-DSF-(CWx)], pending in the

2

**Exhibit A**

1  United States District Court, Central District of California ("Federal Case").

2      2.      Defendant, EDWARDS WILDMAN PALMER LLP ("EWP") is a limited

3  liability partnership conducting business as an international law firm with 16 offices and over

4  600 attorneys, with an office located at 1901 Avenue of the Stars, Suite 1700, Los Angeles,

5  California 90067.

6

7      3.      Defendant SHUXIN LI ("LI") is an individual and resident of the City of Dalian

8  located in the Peoples Republic of China.  It is further alleged that LI was the lead person who

9  organized nearly 15,000 predominantly Chinese customers of EFT Holdings, Inc., ("EFT") in a

10  united effort to pursue a class action lawsuit on behalf of all customers against EFT and their

11  owners in the United States.  In doing so, LI, as the appointed lead person, and/or representative

12  of the nearly 15,000 customers, retained EWP to represent them in the Federal Case, and,

13  thereafter, paid EWP $300,000.00 in attorney's fees that LI collected from the 15,000

14  customers, including the nearly 7,300 customers who contributed $200,475.00 out of the

15  $300,000.00.

16      4.      WANG is ignorant of the true names and capacities of Defendants, sued

17

18  herein as DOES 1 to 10, and therefore sues these Defendants by such fictitious names.  WANG

19  will amend this Complaint to allege their true names and capacities when they have been

20  ascertained.

21

22  ### STATEMENT OF FACTS

23      5.      From in or about January-April 2013, LI organized nearly 15,000 predominantly

24  Chinese customers of EFT in a united effort in pursuing a class action lawsuit on behalf of all

25  customers against EFT Holdings, Inc. and their owners in the United States.

26  ///

27

28

3

COMPLAINT

**Exhibit A**

6.      In pursuit of this united effort, LI contacted the New York office of EWP as the representative on behalf of the nearly 15,000 customers to pursue such a lawsuit.

7.      Thereafter, LI executed an engagement letter by EWP, dated May 2, 2013, in which EWP was to represent him *". . . . in connection with investigating the asset of certain defendants in a planned class action by shareholders of EFT Holdings, Inc. . . . . "* for a retainer fee of $3,000.

8.      Thereafter, EWP informed LI that a meritorious class action lawsuit could be filed against EFT Holdings, Inc. and other related defendants.  EWP further informed LI that it would require a retainer of $300,000.00 to represent him and the nearly 15,000 customers.

9.      Thereafter, LI notified the nearly 15,000 customers and informed them that he needed to collect money from each of them in order to pay attorney's fees to EWP, however, instead of informing the nearly 15,000 customers that the retainer amount was $300,000.00, LI falsely informed them that the amount of the retainer was  $400,000 so that he could "pocket" extra money for his own personal use.

10.      In reliance on his representations, LI collected $400,000.00 from the nearly 15,000 customers, including the $200,475.00 that WANG and the putative class of nearly 7,300 clients in this action, many of whom paid a pro-rata share based on their ownership interest.

11.      Thereafter, LI executed an engagement letter by EWP, dated October 10, 2013, in which EWP was to represent him *"as the possible class action representative on behalf of all Chinese customers of EFT Holdings, Inc. (the 'Company') who bought products from and invested in the Company. . . . "* for a fee of $300,000 and an additional 28% contingency fee of any recovery.  The engagement letter indicated that EWP agreed to represent LI and the *"class members,"* which included WANG and the putative class of nearly 7,300 clients in this action.

**Exhibit A**

By its terms, the revised engagement letter replaced and superseded EWP's engagement letter dated as of June 13, 2013 in its entirety.  At that time, LI provided a Letter of Authorization to EQP which stated his authority to act on behalf of the class members. [A true and correct copy of the engagement letter of October 10, 2013, and the Letter of Authorization are collectively attached hereto as Exhibit "A"]

12.     Pursuant to EWP's engagement letter of October 10, 2013, LI paid $300,000.00 to EWP.

13.     On or about November 27, 2013, EWP filed the two complaints in the Federal Case.

14.     On August 11, 2014, EWP sent a letter to Zhanyuan Tong, Yongpu Cheng and Miaozhou Zhu advising them that they were no longer named as plaintiffs in the Federal Case, and explaining to them that LI had advised EWP that he no longer represents them, but that they remain members of the putative class in the Federal Case that EWP had filed against EFT and other defendants.

15.     On August 15, 2014, EWP sent a revised engagement letter in which Page 1 of the letter states that *"This revised engagement replaces and supercedes our engagement letters date as of June 13, 2013 and October 10, 2013. . . . ,"* however, Plaintiff has been unable to review the aforementioned engagement letter to review all terms and conditions.

16.     On October 10, 2014, the Court in the Federal Case ordered that the action would not proceed as a class action.

17.     Thereafter, EWPB filed a Motion for Relief from Court's October 10, 2014 Order.

18.     On November 19, 2014, the Court issued its Memorandum of 11/19/14, whereby the Motion for Relief from Court's October 10, 2014 Order was denied (Docket No. 53).

COMPLAINT

**Exhibit A**

19.     Thereafter, Plaintiff demanded the refund of $200,475.00 which represented the
apportioned amount of the $300,000.00 that was paid by the nearly 7,300 of the 15, 000
customers to EWP as attorney's fees.   Despite numerous requests, EWP has refused to do so.

### FIRST CAUSE OF ACTION
**[Professional Negligence - Legal Malpractice]**
**(As to EWP, only)**

20.     WANG repleads and realleges paragraphs 1 through 19, and incorporates the
same by reference as though set forth fully herein.

21.     At all times herein mentioned, and by virtue of EWP's representation of LI, as the
designated representative on behalf of the aforementioned 15,000 customers, including the
nearly 7,300 clients in this action, EWP and WANG, on behalf of himself, and as the
designated representative of the putative class of nearly 7,300 clients, maintained an
attorney/client relationship.

22.     At all times herein mentioned, EWP owed a duty of care to WANG, on behalf of
himself, and as the designated representative of the putative class of nearly 7,300 clients, to
represent them by using such skill, prudence, and diligence as members of the legal profession
commonly possess and exercise in the handling of federal class action cases.  This  included the
legal responsibility to comply with Local Rule 23-3 to make certain that the Federal Case was
certified as a class action so that the 15,000 customers, including the nearly 7,300 clients in this
action, would have the opportunity to recover damages in the Federal Case.

23.     In doing the things herein alleged, EWP breached the duty of care owed by
EWP to the 15,000 customers, including the nearly 7,300 clients in this action, by their failure to
have the Federal Case certified as a class action.

24.     At all times herein mentioned, the acts and/or conduct of EWP, as more

**Exhibit A**

1  particularly set forth herein, was a breach of the standard of care and skill of members of the

2  legal profession, and a legal causal connection between EWP's breach and the resulting injury

3  and/or damages incurred by WANG and the putative class of the nearly 7,300 clients in this

4  action.

5
6       25.     At all times herein mentioned, MILLER knew, or should have known, and it was,

7  therefore, foreseeable, that his acts of legal malpractice, as alleged herein, would cause

8  WANG and the putative class of the nearly 7,300 clients in this action serious and dire financial

9  consequences that would cause each of them to suffer severe mental and emotional distress,

10  shock, humiliation, mortification, anguish, psychological trauma and damage to their nervous

11
12  system.

13       26.     As a direct and legal result of the aforementioned legal malpractice, WANG and

14  the putative class of the nearly 7,300 clients in this action did, in fact, suffer, and continues to

15  suffer, extreme and permanent mental and emotional distress, including, but not limited to shock,

16  nervousness, anxiety, humiliation, mortification, anguish, depression, and psychological trauma

17  and damage to their nervous system, all to their general damage in an amount to be determined

18
19  according to proof at time of trial.

20       27.     As a further direct and legal result of the aforementioned legal malpractice,

21  WANG and the putative class of the nearly 7,300 clients in this action did, in fact, incur

22  economic damages in the amount of $200,475.00, which represents their pro-rata share of the

23  $300,000.00 in attorney's fees paid to EWP.

24
25                 **SECOND CAUSE OF ACTION**
               **[Breach of Written Agreement]**

26                 **(As to EWP, only)**

27       28.     WANG repleads and realleges paragraphs 1 through 27, and incorporates the

28

**Exhibit A**

same by reference as though set forth fully herein.

29.    On October 10, 2013, LI, on behalf of the *"class members,"* which included WANG and the putative class of nearly 7,300 clients in this action, and EWP entered into an written agreement, whereby LI retained EWP to represent him *"as the possible class action representative on behalf of all Chinese customers of EFT Holdings, Inc. (the 'Company') who bought products from and invested in the Company. . . . "* for a fee of $300,000 and an additional 28% contingency fee of any recovery.

30.    At all times herein mentioned, LI duly complied with all terms and conditions of the written agreement.

31.    At all times herein mentioned, EWP breached the agreement by failing to have the Federal Case certified as a class action whereby WANG and the putative class of nearly 7,300 clients in this action, would have been certified as class members in the Federal Case.

32.    As a direct and legal result of the aforementioned breach of the aforementioned written agreement, as more particularly set forth herein, WANG and the putative class of the nearly 7,300 clients in this action did, in fact, incur economic damages in the amount of $200,475.00, which represents their pro-rata share of the $300,000.00 in attorney's fees paid to EWP.

### THIRD CAUSE OF ACTION
#### [Breach of Fiduciary Duty]
#### (As to EWP, only)

33.    WANG repleads and realleges paragraphs 1 through 32, and incorporates the same by reference as though set forth fully herein.

34.    At all times herein mentioned,  WANG and the putative class of the nearly 7,300 clients in this action maintained a fiduciary relationship with EWP.

COMPLAINT

**Exhibit A**

35.    In doing the things herein alleged, to wit: committing legal malpractice; breaching the aforementioned written agreement; and converting $200,475.00 that EWP was legally obligated to refund to WANG and the putative class of the nearly 7,300 clients in this action, EWP breached the fiduciary duty owed to WANG and the putative class of the nearly 7,300 clients in this action.

36.    At all times herein mentioned, EWP knew, or should have known, and it was, therefore, foreseeable, that their breach of fiduciary duty, as alleged herein, would cause WANG and the putative class of the nearly 7,300 clients in this action serious and dire financial consequences that would cause each of them to suffer severe mental and emotional distress, shock, humiliation, mortification, anguish, psychological trauma and damage to their nervous system.

37.    As a direct and legal result of the aforementioned breach of fiduciary duty, WANG and the putative class of the nearly 7,300 clients in this action did, in fact, suffer, and continues to suffer, extreme and permanent mental and emotional distress, including, but not limited to shock, nervousness, anxiety, humiliation, mortification, anguish, depression, and psychological trauma and damage to their nervous system, all to their general damage in an amount to be determined according to proof at time of trial.

38.    As a further direct and legal result of the aforementioned breach of fiduciary duty, WANG and the putative class of the nearly 7,300 clients in this action did, in fact, incur economic damages in the amount of $200,475.00, which represents their pro-rata share of the $300,000.00 in attorney's fees paid to EWP.

39.    The conduct of EWP which resulted in the aforementioned breach of fiduciary duty was intentional, willful, wrongful, knowing,  fraudulent, malicious, oppressive, despicable,

**Exhibit A**

done in bad faith, and ratified by one another.  As such, WANG and the putative class of the

nearly 7,300 clients in this action seek an award of exemplary/punitive damages, all in a sum to

be determined according to proof at time of trial.

### FOURTH CAUSE OF ACTION
### [Breach of Fiduciary Duty]
### (As to LI, only)

40.     WANG repleads and realleges paragraphs 1 through 39, and incorporates the

same by reference as though set forth fully herein.

41.     At all times herein mentioned,  WANG and the putative class of the nearly 7,300

clients in this action maintained a fiduciary relationship with LI.

42.     By converting $67,000.00 that LI was legally obligated to refund to WANG

and the putative class of the nearly 7,300 clients in this action, LI breached the fiduciary duty

owed to WANG and the putative class of the nearly 7,300 clients in this action.

43.     At all times herein mentioned, LI knew, or should have known, and it was,

therefore, foreseeable, that their breach of fiduciary duty, as alleged herein, would cause

WANG and the putative class of the nearly 7,300 clients in this action serious and dire financial

consequences that would cause each of them to suffer severe mental and emotional distress,

shock, humiliation, mortification, anguish, psychological trauma and damage to their nervous

system.

44.     As a direct and legal result of the aforementioned breach of fiduciary duty,

WANG and the putative class of the nearly 7,300 clients in this action did, in fact, suffer, and

continues to suffer, extreme and permanent mental and emotional distress, including, but not

limited to shock, nervousness, anxiety, humiliation, mortification, anguish, depression, and

psychological trauma and damage to their nervous system, all to their general damage in an

COMPLAINT

**Exhibit A**

amount to be determined according to proof at time of trial.

45.     As a further direct and legal result of the aforementioned breach of fiduciary duty, WANG and the putative class of the nearly 7,300 clients in this action did, in fact, incur economic damages in the amount of $67,000.00, which represents their pro-rata share of the $400,000.00 in attorney's fees collected by LI.

46.     The conduct of LI which resulted in the aforementioned breach of fiduciary duty was intentional, willful, wrongful, knowing,  fraudulent, malicious, oppressive, despicable, done in bad faith, and ratified by one another.  As such, WANG and the putative class of the nearly 7,300 clients in this action seek an award of exemplary/punitive damages, all in a sum to be determined according to proof at time of trial.

## FIFTH CAUSE OF ACTION
### [Conversion]
### (As to EWP, only)

47.     WANG repleads and realleges paragraphs 1 through 46, and incorporates the same by reference as though set forth fully herein.

48.     At all times herein mentioned, WANG and the putative class of the nearly 7,300 clients in this action had a right of ownership, and/or a right to possession, and/or entitled to immediately possess the $200,475.00 in attorney's fees that were paid to EWP, and which have been wrongfully retained, and/or wrongfully withheld by EWP.

49.     At all times herein mentioned, WANG and the putative class of the nearly 7,300 clients in this action demanded that EWP promptly return to them the aforementioned pro-rated amount of attorney's fees in the amount of $200,475.00.

50.     While EWP originally came into possession of the aforementioned amount of $200,475.00 which was rightfully owed to WANG and the putative class of the nearly 7,300

11

COMPLAINT

**Exhibit A**

clients in this action as herein alleged, EWP refused to promptly return, and, therefore, have wrongfully and unlawfully retained, and/or withheld, and thereby converted, the aforementioned $200,475, despite the demand for its prompt return.

51.  At all times herein mentioned, and in doing the things herein alleged, EWP has wrongfully interfered with the interests of WANG and the putative class of the nearly 7,300 clients in this action with respect to the aforementioned $200,475.00 which was/is rightfully owed to WANG and the putative class of the nearly 7,300 clients in this action.

52.  At all times herein mentioned, EWP knew, or should have known, and it was, therefore, foreseeable, that the conversion of the aforementioned $200,475.00 which was/is rightfully owed to WANG and the putative class of the nearly 7,300 clients in this action, would cause each of them serious and dire financial consequences that would cause each of them to suffer severe mental and emotional distress, shock, humiliation, mortification, anguish, psychological trauma and damage to their nervous system.

53.  As a direct and legal result of the aforementioned conversion, WANG and the putative class of the nearly 7,300 clients in this action did, in fact, suffer, and continues to suffer, extreme and permanent mental and emotional distress, including, but not limited to shock, nervousness, anxiety, humiliation, mortification, anguish, depression, and psychological trauma and damage to her nervous system, all to their general damage in an amount to be determined according to proof at time of trial.

54.  As a further direct and legal result of the aforementioned conversion, WANG and the putative class of the nearly 7,300 clients in this action did, in fact, incur economic damages in the amount of $200,475.00, which represents their pro-rata share of the $300,000.00 in attorney's fees paid to EWP.

COMPLAINT

**Exhibit A**

55.     As a further direct and legal result of the aforementioned conversion, WANG and the putative class of the nearly 7,300 clients in this action are entitled to the imposition of a Constructive Trust on the converted monies, and their fruits, and is entitled to a tracing with respect to the converted monies in the amount of $200,475.00.

56.     As a further direct and legal result of the aforementioned conversion, WANG and the putative class of the nearly 7,300 clients in this action are entitled to the imposition of an Equitable Lien on the converted monies in the amount of $200,475.00.

57.     The aforementioned conversion by EWP was intentional, willful, wrongful, knowing,  fraudulent, malicious, oppressive, despicable, done in bad faith, and ratified by one another.  As such, WANG and the putative class of the nearly 7,300 clients in this action seek  an award of exemplary/punitive damages, all in a sum to be determined according to proof at time of trial.

## SIXTH CAUSE OF ACTION
### [Conversion]
### (As to LI, only)

58.     WANG repleads and realleges paragraphs 1 through 57, and incorporates the same by reference as though set forth fully herein.

59.     At all times herein mentioned, WANG and the putative class of the nearly 7,300 clients in this action had a right of ownership, and/or a right to possession, and/or entitled to immediately possess the extra $67,000.00 in purported attorney's fees that LI collected from WANG and the putative class of the nearly 7,300 clients in this action, and which haD been wrongfully collected by LI.

60.     At all times herein mentioned, WANG and the putative class of the nearly 7,300 clients in this action demanded that LI promptly return to them the aforementioned pro-rated

13

**Exhibit A**

amount of purported attorney's fees which had been wrongfully collected by LI in the amount of $67,000.00.

61.     While LI originally came into possession of the aforementioned amount of $67,000.00 which was rightfully owed to WANG and the putative class of the nearly 7,300 clients in this action as herein alleged, LI refused to promptly return, and, therefore, has wrongfully and unlawfully retained, and/or withheld, and thereby converted, the aforementioned $67,000.00, despite the demand for its prompt return.

62.     At all times herein mentioned, and in doing the things herein alleged, LI has wrongfully interfered with the interests of WANG and the putative class of the nearly 7,300 clients in this action with respect to the aforementioned $67,000.00 which was/is rightfully owed to WANG and the putative class of the nearly 7,300 clients in this action.

63.     At all times herein mentioned, LI knew, or should have known, and it was, therefore, foreseeable, that the conversion of the aforementioned $67,000.00 which was/is rightfully owed to WANG and the putative class of the nearly 7,300 clients in this action, would cause each of them serious and dire financial consequences that would cause each of them to suffer severe mental and emotional distress, shock, humiliation, mortification, anguish, psychological trauma and damage to their nervous system.

64.     As a direct and legal result of the aforementioned conversion, WANG and the putative class of the nearly 7,300 clients in this action did, in fact, suffer, and continues to suffer, extreme and permanent mental and emotional distress, including, but not limited to shock, nervousness, anxiety, humiliation, mortification, anguish, depression, and psychological trauma and damage to her nervous system, all to their general damage in an amount to be determined according to proof at time of trial.

**Exhibit A**

65.     As a further direct and legal result of the aforementioned conversion, WANG and the putative class of the nearly 7,300 clients in this action did, in fact, incur economic damages in the amount of $67,000.00, which represents their pro-rata share of the $300,000.00 in attorney's fees paid to LI.

66.     As a further direct and legal result of the aforementioned conversion, WANG and the putative class of the nearly 7,300 clients in this action are entitled to the imposition of a Constructive Trust on the converted monies, and their fruits, and is entitled to a tracing with respect to the converted monies in the amount of $67,000.00.

67.     As a further direct and legal result of the aforementioned conversion, WANG and the putative class of the nearly 7,300 clients in this action are entitled to the imposition of an Equitable Lien on the converted monies in the amount of $67,000.00.

68.     The aforementioned conversion by LI was intentional, willful, wrongful, knowing,  fraudulent, malicious, oppressive, despicable, done in bad faith, and ratified by one another.  As such, WANG and the putative class of the nearly 7,300 clients in this action seek an award of exemplary/punitive damages, all in a sum to be determined according to proof at time of trial.

### SEVENTH CAUSE OF ACTION
**[Unjust Enrichment]**
**(As to EWP, only)**

69.     WANG repleads and realleges paragraphs 1 through 68, and incorporates the same by reference as though set forth fully herein.

70.     At all times herein mentioned, and in doing the things herein alleged, EWP is in receipt of the aforementioned $200,475.00 in partial attorney's fees which was rightfully owed to WANG and the putative class of the nearly 7,300 clients in this action

**Exhibit A**

71.   At all times herein mentioned, and by refusing, and/or failing, to promptly return the aforementioned $200,475.00 as demanded by WANG and the putative class of the nearly 7,300 clients in this action, EWP is in receipt of a benefit at the expense of WANG and the putative class of nearly 7,300 clients in this action.

72.   At all times herein mentioned, and by refusing, and/or failing, to promptly return the aforementioned $200,475.00 in partial attorney's fees which was rightfully owed to WANG and the putative class of nearly 7,300 clients in this action, EWP has created an unjust retention of a benefit at the expense of WANG and the putative class of nearly 7,300 clients in this action.

73.   As a direct and legal result of the aforementioned wrongful conduct by EWP, WANG and the putative class of the nearly 7,300 clients in this action is entitled to the imposition of a Constructive Trust on the aforementioned $200,475.00, and their fruits, and is entitled to a tracing with respect to said monies.

74.   As a further direct and legal result of the aforementioned wrongful conduct by EWP,  WANG and the putative class of nearly 7,300 clients in this action are entitled to the imposition of an Equitable Lien on the aforementioned monies.

### EIGHTH CAUSE OF ACTION
### [Unjust Enrichment]
### (As to LI, only)

75.   WANG repleads and realleges paragraphs 1 through 74, and incorporates the same by reference as though set forth fully herein.

76.   At all times herein mentioned, and in doing the things herein alleged, LI is in receipt of the aforementioned $67,000.00 in partial attorney's fees which was rightfully owed to WANG and the putative class of the nearly 7,300 clients in this action.

16

COMPLAINT

**Exhibit A**

77.     At all times herein mentioned, and by refusing, and/or failing, to promptly return the aforementioned $200,475.00 as demanded by WANG and the putative class of the nearly 7,300 clients in this action, LI is in receipt of a benefit at the expense of WANG and the putative class of nearly 7,300 clients in this action.

78.     At all times herein mentioned, and by refusing, and/or failing, to promptly return the aforementioned $67,000.00 in partial attorney's fees which was rightfully owed to WANG and the putative class of nearly 7,300 clients in this action, LI has created an unjust retention of a benefit at the expense of WANG and the putative class of nearly 7,300 clients in this action.

79.     As a direct and legal result of the aforementioned wrongful conduct by LI is entitled to the imposition of a Constructive Trust on the aforementioned $200,475.00, and their fruits, and is entitled to a tracing with respect to said monies.

80.     As a further direct and legal result of the aforementioned wrongful conduct by LI, WANG and the putative class of nearly 7,300 clients in this action are entitled to the imposition of an Equitable Lien on the aforementioned monies.

### NINTH CAUSE OF ACTION
**[Common Count – Money Had and Received]**
**(As to EWP, only)**

81.     WANG repleads and realleges paragraphs 1 through 80, and incorporates the same by reference as though set forth fully herein.

82.     Within the last two years, EWP became indebted to WANG and the putative class of nearly 7,300 clients in this action for money had and received by EWP for the use and benefit of WANG and the putative class of nearly 7,300 clients in this action.

///

**Exhibit A**

83.     The reasonable value of $200,475.00, plus prejudgment interest at the legal rate of 10% per year, is due and unpaid despite the demand by WANG and the putative class of nearly 7,300 clients in this action.

### TENTH CAUSE OF ACTION
[Common Count – Money Had and Received]
(As to LI, only)

84.     WANG repleads and realleges paragraphs 1 through 83, and incorporates the same by reference as though set forth fully herein.

83.     Within the last two years, LI became indebted to WANG and the putative class of nearly 7,300 clients in this action for money had and received by EWP for the use and benefit of WANG and the putative class of nearly 7,300 clients in this action.

84.     The reasonable value of $67,000.00, plus prejudgment interest at the legal rate of 10% per year, is due and unpaid despite the demand by WANG and the putative class of nearly 7,300 clients in this action.

WHEREFORE, PLAINTIFF, INDIVIDUALLY AND ON BEHALF OF HIMSELF AND AS THE DESIGNATED REPRESENTATIVE OF A PUTATIVE CLASS OF NEARLY 7,000 CLIENTS REPRESENTED BY EDWARDS WILDMAN PALMER LLP, PRAYS FOR JUDGMENT AGAINST DEFENDANTS, EDWARDS WILDMAN PALMER LLP, AND SHUXIN LI, AS FOLLOWS:

FIRST CAUSE OF ACTION

1.      For general damages in an amount to be determined according to proof at time of trial.

2.      For special damages in an amount of $200,475.00.

///

///

18

**Exhibit A**

SECOND CAUSE OF ACTION

1.    For general damages in an amount to be determined according to proof at time of trial.

2.    For special damages in an amount of $200,475.00.

THIRD CAUSE OF ACTION

1.    For general damages in an amount to be determined according to proof at time of trial.

2.    For special damages in an amount of $200,475.00.

3.    For exemplary, and/or punitive damages.

FOURTH CAUSE OF ACTION

1.    For general damages in an amount to be determined according to proof at time of trial.

2.    For special damages in an amount of $67,000.00.

3.    For exemplary, and/or punitive damages.

FIFTH CAUSE OF ACTION

1.    For general damages in an amount to be determined according to proof at time of trial.

2.    For special damages in an amount of $200,475.00.

3.    For the imposition of a Constructive Trust and a tracing with respect to the wrongfully withheld, and/or retained, monies.

4.    For the imposition of an Equitable Lien on the wrongfully withheld, and/or retained monies.

5.    For exemplary, and/or punitive damages.

SIXTH CAUSE OF ACTION

1.    For general damages in an amount to be determined according to proof at time of trial.

COMPLAINT

**Exhibit A**

2.    For special damages in an amount of $200,475.00.

3.    For the imposition of a Constructive Trust and a tracing with respect to the wrongfully withheld, and/or retained, monies.

4.    For the imposition of an Equitable Lien on the wrongfully withheld, and/or retained monies.

5.    For exemplary, and/or punitive damages.

SEVENTH CAUSE OF ACTION

1.    For the imposition of a Constructive Trust and a tracing with respect to the wrongfully withheld, and/or retained, monies.

2.    For the imposition of an Equitable Lien on the wrongfully withheld, and/or retained monies.

EIGHTH CAUSE OF ACTION

1.    For the imposition of a Constructive Trust and a tracing with respect to the wrongfully withheld, and/or retained, monies.

2.    For the imposition of an Equitable Lien on the wrongfully withheld, and/or retained monies.

NINTH CAUSE OF ACTION

1.    For money had and received in the amount of $200,475.00.

TENTH CAUSE OF ACTION

1.    For money had and received in the amount of $200,475.00.

FOR ALL CAUSES OF ACTION

1.    For pre-judgment interest.

2.    For costs incurred in this cross-action.

3.    For such other and further relief as the Court may deem just and proper.

///

///

COMPLAINT

**Exhibit A**

Dated: January 16, 2015

BARRY S. JORGENSEN, APC
Attorney for Plaintiff, on behalf of himself
and as the designated representative of the
putative class of nearly 7,300 clients
represented by EDWARDS WILDMAN
PALMER LLP

21

**Exhibit A**

# EXHIBIT "A"


EDWARDS
WILDMAN

EDWARDS WILDMAN PALMER LLP
750 LEXINGTON AVENUE
NEW YORK, NY 10022
+1 212 308 4411  main +1 212 308 4844 fax
edwardswildman.com

October 10, 2013

Mr. Shuxin Li
Room 1-301, Building 3
Apartment 27, Jiesheng Street,
Zhongshan District,
Dalian, China 116001

[中文译文仅供参考]

Re:   **Edwards Wildman Palmer LLP's Representation of Mr. Shuxin Li and Others**
由安伟国际律师事务所代表李树新先生及其他人

Dear Mr. Li:
尊敬的李先生：

　　　We are pleased that you have asked Edwards Wildman Palmer LLP (together with our successor, "us" or the "Firm") to serve as counsel to you. This revised engagement letter confirms our discussions regarding your engagement of the Firm and describes our agreement on the terms on which the Firm will provide legal services to you. This revised engagement letter replaces and supercedes our engagement letter dated as of June 13, 2013 in its entirety. Edwin Larkin and Ronie Schmelz will have primary responsibility for your representation and will involve other firm lawyers and legal assistants as they believe appropriate in the circumstances. We will provide legal counsel to you in accordance with this letter and in reliance upon information and guidance you provide.

　　　非常高兴贵方聘请安伟国际律师事务所（"我们"或"本所"）以法律顾问身份代理您。本修改后的协议旨在确认双方关于聘用事项的讨论和所涉及的法律服务条款。本修改后的协议完全取代我们日期为 2013 年 6 月 13 日的聘用协议。Edwin Larkin 和 Ronie Schmelz 将作为本所的主要律师代理您，在适当的情况下，我们也会邀请其他律师和法律助理参与法律服务。我们会根据本协议以及您所提供的信息和指导，为您提供相应的法律服务。

　　　1.　　Client.  Our client in this matter will be Shuxin Li and the customers of EFT Holdings, Inc. (the "Company") and its subsidiaries which Mr. Li represents in the contemplated legal actions.

　　　客户。本协议所针对的客户是李树新先生及其在法律行动中代表的 EFT Holdings, Inc.和其子公司产品的消费者。

　　　2.　　Scope of Engagement.  You are engaging the Firm as your attorneys to represent you as the possible class action representative on behalf of all Chinese customers of EFT Holdings, Inc. (the "Company") who bought products from and invested in the Company. At this stage, the scope of our engagement is limited to investigating potential claims against the Company, its affiliates, brokers, agents, banks, and/or any of their respective officers and employees, including by not limited to Mr. Jack Qin or anyone acting on his behalf, arising from their solicitation of funds from you and other

**Exhibit A**

members of the putative class or management of the Company or the accounts holding your securities in the Company. The scope also includes liaising with Federal law enforcement agencies respecting the activities of Mr. Qin and the Company in an effort to induce those agencies, or any of them, to commence an investigation into their activities. Following completion of the investigation, we will then consider whether to move to the next phase of our potential representation, the filing of legal action against the Company, Mr. Qin, and others.

代理范围。您作为曾经购买 EFT Holdings, Inc.公司产品并投资于公司的顾客集体诉讼的代表聘请我们作为您的律师。在目前阶段，我们的服务只限于调查针对 EFT Holdings, Inc.公司、其关连公司、证券经纪人、代理人、银行、和/或其前述各单位的任何高管、职员——包括但不限于秦杰或任何替他办事的单位或个人，从您和其他顾客那里征集款项、对公司和你们的证券帐户的管理而产生的诉讼理由。服务范围还将包括和联邦执法机构协调配合，促使这些机构，或其中任何机构，开始对秦杰及其公司的调查。在我们的调查结束之后，我们将考虑是否移向下一阶段的潜在代理，包括发起针对 EFT Holdings, Inc.公司，秦杰和其他人的诉讼。

Our services will be strictly limited to providing legal services to you in connection with this engagement. You are not relying on us, and we are not providing any business, investment, insurance, or accounting advice.

我们的服务范围仅限于本聘用协议所涉及的法律服务项目。贵方不依赖于我所，且我所也不向贵方提供任何商业，投资，保险，或会计方面建议。

3.    Payment. Our legal fee for the initial scope of our engagement is Three Hundred Thousand US Dollars ($300,000). If we should proceed to achieve a settlement prior to or after the initiation of any litigation, if any such lawsuit is filed, or we proceed to a trial, then we will also be entitled to recover an additional 28% (the "Contingency Fee") of any recovery (collectively, the "Recovery") we are able to achieve for you and the class members from anyone in connection with your investment in the Company, such recovery including, but not limited to, court awarded recovery, restitution, settlements reached with defendants and any restitution made by the defendant as part of any pre-litigation or post-litigation agreement, as well as any agreement(s) that may be reached with any regulatory/government agency, including the United States Department of Justice or the Securities and Exchange Commission, subject to any agreement reached between us and the regulatory/government agency. The Three Hundred Thousand US Dollars should be paid in the following order: (1) Fifty Thousand US Dollars ($50,000) should be paid within three days of the execution of this Agreement; (2) Fifty Thousand US Dollars ($50,000) should be paid on or before July 15, 2013; (3) One Hundred Thousand US Dollars ($100,000) should be paid within one month after the filing of the complaint, if one is filed; and (3) One Hundred Thousand US Dollars ($100,000) should be paid within 2 months after the complaint is filed.

You and the class members also agree to reimburse the Firm in full for any and all expenses it may reasonable incur in connection with the investigation and litigation, including, but not limited to, the laboratory testing of the Company's products, and the reimbursement will be based on the receipt or evidence of the actual expenses.

2

AM 24496478.1

　　付款。我们前期法律代理服务的费用为三十万美元 ($300,000)。如果我们之后能够在诉讼打响之前或之后取得庭外和解，或进行到陪审团裁决阶段，我们的收费将额外加上所有我们能为你从任何人那里获得的、与你们在公司投资有关的赔偿的28%（"成功费"），这些赔偿包括（但不限于）法庭判给的赔偿、归还、和被告达成的庭外和解，以及任何被告作为诉讼前或诉讼后达成的协议以及由被告和政府（包括美国司法部和证监委）达成的协议中的归还部分（由我们和政府部门进行协商）（前述各种赔偿总称为"赔偿"）。三十万美元应依如下顺序支付：（1）本协议签署的三天内支付五万美元($50,000)；（2）2013年7月15日之前或当日支付五万美元($50,000)；（3）法庭诉状递交后的一个月内支付十万美元($100,000)，如果决定发起诉讼；（3）法庭诉状递交后的两个月内支付剩余十万美元($100,000)。

　　您和其他诉讼集团成员同意全额支付我们和调查及诉讼相关的所有合理支出，包括并不限于公司产品的实验室检测，具体报销以实际发生的数据为准。

　　As stated above, the Contingency Fee shall be 28% of any Recovery.

　　如上所述，我们的成功费是所有赔偿的28%。

　　To the extent such expenses have not been reimbursed by then, we will receive, from the Recovery, 100% reimbursement of any and all expenses that we may reasonably incur in connection with the investigation, settlement and litigation on your behalf. We will receive the Contingency Fee, which will be 28% of the Recovery after such reimbursement of expenses.

　　如果到时我们在为你们办理调查、和解和诉讼中产生的合理开销尚未报销，我们将首先从赔偿中得到100%的报销。我们的成功费将是开销报销后所剩余额的28%。

　　The Contingency Fee is not set by law but is negotiable between attorney and client. You have agreed to the Contingency Fee after negotiating with us. For each amount of Recovery received or retrieved, after the reimbursement of the expenses, we will share with the class members the amount of the rest of the Recovery in the ratio of 28% to 72% simultaneously.

　　成功费不是法定的，而是可以在律师和客户之间谈判同意的。你们在跟我们谈判之后同意这里的成功费的收取方式。律师团和原告集体对赔偿金到账的每笔款，在上述所提的合理开销报销后，同时（而不是先后顺序）按照28%和72%的比例进行分配。

　　We will make best efforts in coordinating with the US law enforcement agencies to find defendants' assets if we win the litigation.

　　安伟国际律师事务所在本案胜诉基础上，将尽最大努力协调联邦执法机构对被告资产进行追查。

　　4.　Conflicts of Interest; Other Clients of the Firm. As you know, we are a large multi-office firm that represents many clients. Many of our clients rely upon us for general representation and, in the course of their business, call upon us to represent them in many types of engagements, which could include matters, for example, where a client of ours may license or have licensed

3

**Exhibit A**

intellectual property from you or to you, where you are investing in a client or already hold an investment, where you may be engaged in a merger, acquisition, takeover, change-in-control, financing, securities offering, underwriting, public finance or other transaction with a client of ours, where we may be asked to represent a client adverse to you in a bankruptcy or other insolvency proceeding, where we may be asked on behalf of a client to evaluate or opine on intellectual property that you own and/or have licensed to or from another party, where we are called to testify in litigation regarding such an evaluation or opinion.

利益冲突；公司的其他客户。如您所知，我所是一家大型的具有多家分支机构的律师事务所，代理众多客户。我们很多客户都依赖我所为他们提供一般性代理服务，并且在他们的经营过程中，要求我们在不同类型的协议中作为他们的代理。例如，我们的某一个客户可能从贵方获得或已经从贵方获得知识产权的许可，或者可能向贵方授予或者已经向贵方授予知识产权许可；您可能正在向我们的一个客户进行投资或者已经投资；您可能与我们的某一客户发生兼并，收购，接管，管理权变更，融资，有价证券出售，证券包销，公共融资，或其他业务关系；我们代理的某一客户可能在某一破产或无偿还能力的程序中对您不利；我们可能代理某一客户对您的知识产权进行评估或发表意见，此知识产权可能是您本身拥有的，或者是授权给另一方的，或是从另一方获得授权的；我们可能被要求就此评估和意见在诉讼中作证。

Although we hope that it never occurs, it is possible that an adverse relationship may develop in the future between you (or your affiliates or licensees) and one of our other existing or future clients. We cannot enter into this engagement if it could interfere with our ability to represent other clients who develop relationships or interests adverse to you. Under the Rules of Professional Conduct governing the ethical conduct of lawyers (the "Rules"), we are permitted in the future to represent another client in a matter that is adverse to you as long as that other matter is unrelated and we reasonably believe that our representation of each of you will not adversely affect our relationship with the other and will not materially limit our representation of each of you, and you consent. We would not in the future take on a representation adverse to you unless we concluded that it would not affect our relationships or limit our representation of you and the other client.

虽然我们希望以上的那些情况都不会发生，但是无法排除您（或您的附属公司或授权商）和我们其他现存的或将来的客户之间在未来会产生敌对关系的可能。如果为您代理可能会影响我们代理其他与您发生敌对关系或对您利益不利的客户的能力，我们将不会与您签订此协议。根据《律师职业行为规则》对律师职业道德的规定(简称"规则"），我们可以在将来对您不利的另一案件中为另一客户进行代理，只要另一案件是不相关的并且我们有理由相信对您各方的代理都不会恶意地影响我们与另一方的关系，并且不会实质性限制对你们各方的代理，并得到您的同意。我们在将来不会接手对您不利的代理，除非我们认为那样将不会影响到我们的关系或者限制我们对您和其他客户的代理。

We therefore ask you to agree, by signing below, that (1) no engagement that we have undertaken or may undertake on your behalf will be asserted by you either as a conflict of interest with respect to, or as a basis to preclude, challenge or otherwise disqualify us from, any current or future representation of any other client adverse to you, as long as that other matter is not substantially related to a matter on which we are engaged by you, and you hereby waive any conflict of interest in connection therewith, (2) you agree that you do not expect or require us to notify you or seek your

4

Exhibit A

further consent to any such matter, (3) you have been advised by us to consult with other counsel, with respect to the terms and conditions of these provisions and its prospective waiver, and you have had the opportunity to do so, (4) your consent to these provisions is both voluntary and fully informed, and (5) you intend for your consent to be effective and fully enforceable, and to be relied on by us. For purposes of this letter, matters will be considered "substantially related" if they involve the same transaction, the same legal dispute, intellectual property advice on substantially similar intellectual property (e.g., a substantially similar process, machine, manufacture, composition of matter or improvement thereof or patents or patent applications which claim a common parentage), or if there otherwise is a substantial risk, after taking into account any ethical wall to prevent information obtained in our representation of you from being disclosed to any lawyer working for a party adverse to you, that confidential factual information obtained in our representation of you would materially advance the other client's position in the otherwise unrelated matter. In addition, you agree that our representation of you under this engagement does not prevent us from advocating positions for other clients in any legislative, administrative or similar non-adjudicatory proceeding that may differ from positions you may have taken or might take in the future.

我们因而要求您通过在下面签字同意，（1）您不会因为所谓的利益冲突而宣称我们已经进行的或即将进行的对您的代理将使我方失去与任何现在的或将来的其他对您不利的客户合作的资格，只要其他案件与我们双方签订的协议没有实质性关联，您在此放弃与这些其他案件相关的任何利益冲突，（2）您同意您不期望或不需要我们就此类案件对您进行通知或征求您的同意，（3）我所已经就此规定的条款、条件及预期的弃权建议您咨询其他的法律顾问，您也有机会这么做，（4）您同意此处的规定是出于自愿并已完全被告知，（5）您意欲就此做出的同意生效并完全可实施，并可被我所依赖。就此信件的目的，案件将被认为是有"实质性关联的"，如果案件包含相同的交易，相同的法律纠纷，对实质上类似的知识产权提供知识产权建议（例如一个实质上类似的程序，机器，制造，事件构成要素或其改进，或专利或宣称同一起源的专利应用）；或者的确有实质性的风险，即使有信息隔离墙防止此所为您代理过程中获得的信息被对您不利一方工作的律师发现，我们在代理您时取得的信息当中会在另一不相关的案件中极大提升对您不利一方的位置。另外，您同意此协议下的我所对您的代理不会影响我们对其他客户在立法，行政或其他类似的非裁定程序中的代理，这些代理中所提出的主张可能不同于您过去或在将来可能提出的主张。

In making the decision to agree or not, you should consider whether our representation in the future of a client adverse to you on an unrelated matter might affect our representation of you. For example, you should consider whether there is a material risk that any confidential information of yours might be disclosed to the other client and so might be used adversely to you in our representation of the other client adverse to you. We believe that risk is not material, because we shall at all times, as required by the Rules of Professional Conduct and the Firm's policies, maintain and keep in strict confidence any information and materials (other than what may be publicly available) that we receive from you.

当您在做同意或不同意的决定的时候，您应该考虑我们将来在不相关的案件中作对您不利客户的代理是否会影响我们对您的代理。例如，您应该考虑是否存在您的保密信息可能有泄露给我们其他客户的实质性的风险并且此保密信息可能在我们将来作对您不利客户代理中被作

5

为对您不利的证据。我们相信此风险并不实质存在，因为我们将在任何时候，都会根据《律师职业行为规则》和我所政策要求，严格保守从您那里获得的任何信息的机密（除非是可从公共渠道获取的信息）。

    5.    <u>Matters Outside the U.S.</u>  Firm lawyers outside the U.S. may be engaged to handle legal matters on behalf of, or adverse to, you or your affiliates located outside the U.S. You agree that in matters pending outside the U.S. which do not involve lawyers of the Firm in the U.S., conflicts of interest issues will be governed by the rules of the jurisdiction in which the matter is proceeding.

    <u>美国境外案件。</u> 我所在美国境外的律师可能会参与代表贵方或位于美国境外的贵方的附属公司，或可利于贵方或位于美国境外的贵方附属公司的法律案件。贵方同意非美国当地的我所律师参与的美国境外案件中的利益冲突问题将由案件执行地管辖规则进行管理。

    6.    <u>Conflicts of Interest: Third-Party Discovery</u>.  We may represent another client in an unrelated matter to which you are not a party but where we need to take third-party discovery from you because you are in possession of information critical to other client's matter. You agree to waive the potential conflict of interest caused by, and agree that we may proceed with, such discovery as long as no dispute exists between you and the other client with respect thereto.

    <u>利益冲突；第三方发现。</u>我们可能在另一个不相关的案件中为另一个客户做代理，贵方不是此案件中的当事人，但是我们可能需要从贵方提取第三方发现因为你们可能持有对其他客户案件至关重要的信息。贵方同意放弃由此产生的潜在利益冲突，并且同意我方执行此发现，只要贵方和其他客户在此发现上不存在争议。

    7.    <u>Edwards Wildman's General Terms of Business</u>.  Additional information regarding other important matters, including terms relating to our compensation and billing practices, appears in the enclosed General Terms of Business (April 2012), which are incorporated as part of this letter and which the Company should review carefully before agreeing to our engagement. The General Terms of Business apply to our engagement except as they are varied or supplemented by the terms of this letter. If there is an inconsistency between the General Terms of Business and this letter, the terms of this letter shall control. This letter and the General Terms of Business (April 2012) will form the agreement between us (the "Agreement") in relation to our services and our fees.

    <u>安伟国际律师事务所的通用商业条款。</u>其他相关的重要事项，包括有关我所的报酬和计费方式的具体规定，请看内附的 2012 年 4 月版《服务总则》。该《服务总则》是本协议的组成部分，且贵方应在签署该协议前认真审查。除非在本协议已有修改或补充，服务总则适用于我们的委聘。如果服务总则和本协议存在差异，应以后者为准。本协议和服务总则共同构成贵方和我所之间就涉及的法律服务和费用安排的合同。

    8.    <u>Governing Law</u>. **THIS AGREEMENT AND THE INTERPRETATION OF ITS TERMS WILL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF CALIFORNIA WITHOUT REGARD TO ITS CONFLICTS OF LAWS PRINCIPLES.**

6

**Exhibit A**

**适用法律。** 本协议和协议条款将受加利福尼亚州法律的管辖和解释，并不考虑该州的法律冲突原则。

12.   **Effective Date.** This Agreement shall be effective as of the first date that we performed legal services for you. Even if this Agreement does not take effect, you will be obligated to pay us the reasonable value of any services we may perform for you at your request.

**生效日期。** 本协议自我方向贵方提供法律服务的第一天起即开始生效。即使本协议不生效，贵方也有义务就根据贵方要求而由我方向贵方提供的服务支付合理的金额。

We look forward to maintaining a relationship of mutual trust and confidence. If at any time you have questions or difficulties, please feel free to contact me or the Managing Partner of the Firm, who will designate the appropriate person to respond to your queries.

我们期望和贵方保持互相信赖和依靠的关系。如果贵方在任何时候有问题或困难，请随时联系我或者我所的管理合伙人，我们将会为您指派适当的人员来对您的问题做出解答。

If the foregoing correctly reflects our agreement, please so indicate by signing below.

如上述条款如实反映了我们彼此达成的协议，请在下方签字。


EDWARDS WILDMAN PALMER LLP
安伟国际律师事务所

By: _____
Ronie M. Schmelz, Partner


The undersigned has read and understands the foregoing terms and agrees to them effective as of the date Edwards Wildman Palmer LLP first provided legal services to the undersigned.

下方签字人已阅读并理解上述条款，并同意生效日期为安伟国际律师事务所向签字人提供法律服务的第一天起。

_____
Print Name: Shuxin Li
姓名（正楷）：李树新

7

AM 24496478.1

**Exhibit A**

# 授权委托书 Letter of authorization

**一、授权代理人：**

**I.Authorized agents:**

（1）黄芩 Huang Qin 女 Female G45 258171 身份证 ID Card No.: 370202194708193529
住址：青岛市大学路 10 号内 6 户 手机：18677915729

Huang Qin, Female , G45 25817 , ID Card No.: 370202194708193529
Address: No. 6 Household, No. 10 Daxue Road, Tel No.: 18677915729

（2）王修林 身份证号码 ID Card No.: 230108196212171036 住址：黑龙江省哈尔滨市平房区新疆大街 276 号 3 单元 202 室 Address 手机：15636157097

Wang Xiulin, ID Card No. : 230108196212171036
Address: Room 202, Unit#3, No. 276 Xinjiang Street, Pingfang District, Harbin City, Heilongjiang Province,
Tel No.: 15636157097

（3）王德铭，女，身份证号：210705194806208466 住址：辽宁省省葫芦岛市龙港区望海寺丽景国际 B1-2-102 室 手机：15542946276

Wang Deming, Female, ID Card No.: 210705194806208466
Address: Room B1-2-102, Lieking International Community, Wanghai Temple, Longgang District, Huludao City, Liaoning Province, Tel No.: 15542946276

**二、 授权代理人的受托事项与义务**

**II. The entrusted matters and obligations of the authorized agents;**

（1）全权代表授权委托人即被骗 EFTB 股权投资人、股票追加投资人、EFT 产品消费者，选聘律师风险代理，依法对秦杰及其诈骗集团提起集团诉讼。

Fully represent those who authorize the entrustment, namely, the cheated EFTB equity investors, the stock additional investors, EFT product consumers, to select and hire the lawyer for the risk agency, and file a class-action to Qin Jie and his fraud group pursuant to law.

（2）全权代表授权委托人即被骗 EFTB 股票投资人和产品消费者，在法庭开庭审理时与代理律师共同出庭。当被授权人意见有分歧时，坚持少数服从多数。

Fully represent those who authorize the entrustment, namely, the cheated EFTB equity investors and product consumers to enter an appearance together with the attorney during the court trial. When the authorized people have different opinions, the minority is subject to the majority.

（3）全权负责征集除律师风险代理以外的前期必要经费，并予以公告。

Fully responsible for collecting the necessary funds in the early stage except for the attorney's risk agency, and make a public announcement.

（4）全权负责答复授权委托人对诉讼事宜的咨询。在胜诉后，接收被告方赔款总额。向法庭提交维权决策委员会指定的接受退赔款的银行联名账户。

Fully responsible for response to the consultation for the lawsuit matters from those who authorized the entrustment; accept the total amount of the returned claims after wining the lawsuit; submit the joint account which is designated by the right-safeguarding decision-making committee for receiving the returned claims to the court.

（5）无条件接受维权决策委员会的领导和监督；承认维权联合会常委会对退赔方案有决定权。任何个人无权占有或动用退赔款，否则承担法律青岛市大学路 10 号内 6 户青岛市大学路 10 号内 6 户责任。

Unconditionally accept the leadership and supervision of the right-safeguarding decision-making committee; acknowledge that the Standing Committee of Right-safeguarding Association has the decision-making power to the refund and indemnity program. Any individual has no right to occupy or

1

**Exhibit A**

misappropriate the refunds and indemnities, otherwise bear the legal liabilities of No. 6 Household, No. 10 Daxue Road, Qingdao City.

（6）全权代表授权委托人处理诉讼与退款过程中的其他未尽事宜。

Fully represent those who authorize the entrustment to deal with other unmentioned matters in the process of litigation and refunds.

三、授权委托人的权限与义务

（1）自愿向授权代理人签字授权。
（2）有提供被骗 EFTB 股权投资和产品消费的证据资料的义务。
（3）有共同承担本案诉讼及与此有关事务所发生的费用的义务。
（4）有共同承担诉讼全程可能发生的风险的义务。
（5）有对本案立案、审理、结案的全程的知情权。
（6）在本案胜诉退赔款到账后，有要求退款的权利。
（7）有无条件遵循执行经各地区授权代表讨论通过的退赔款返还小组制定的返款方案的义务。

授权委托人对授权代理人：黄芩、王修林、王德铭在上述代理权限内签署的法律文件均予以认可，并愿承担相应的法律责任。

III. Rights and obligations of the authorized agents

   (1) Sign and accept the authorization from the authorized agent voluntarily;
   (2) Have the obligations of providing the evidence and data related to the cheated EFTB equity investment and product consumption;
   (3) Have the obligations of bearing the litigation costs and the relevant charges from the firms together;
   (4) Have the obligations of bearing the possible risks together in the whole process of litigation;
   (5) Have the right to know the whole process from the registration, hearing to the conclusion of case;
   (6) Have the right to claim for refund after the case wins the lawsuit, and the refunds arrive at the account;
   (7) Have the obligations of unconditionally following and executing the rebate program agreed by the authorized representatives from different regions after discussion and formulated by the refund and rebate team. Those who authorize the entrustment shall acknowledge the legal documents signed by the authorized agents (Huang Qin, Wang Xiulin and Wang Deming) within the abovementioned agent authority, and willing to bear the corresponding legal liability.

四、各地区（省份）授权委托代表人：

IV. The authorized entrustment representatives in different regions (provinces):

姓名 Name：           身份证号 ID Card No.：
                              电话 Tel No:

代表地区：               QQ:

The represented region:   city: Haerbin   province: Heilongjiang   QQ:

2014 年   月   日   Date: 2014. . .

**Exhibit A**

**五、授权代理人**：Authorized agents:

（1）**黄芩**  Qin   Huang

（2）**王修林**  Xiulin   Wang

（3）**王德铭**  Deming   Wang

**2014 年  10 月 10  日**   **Date: 2014. 10.10**

3

**Exhibit A**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| BARRY S. JORGENSEN, ESQ., APC  [SBN: 79620]<br>750 N. Diamond Bar Blvd., Suite 224<br>Diamond Bar, CA 91765<br><br>TELEPHONE NO.: (909) 396-7200   FAX NO. *(Name)*: (909) 396-4786<br>ATTORNEY FOR *(Name)*: Plaintiff, Quin Hang, et al. | **FILED**<br>**Superior Court of California**<br>County of Los Angeles<br><br>JAN 1 6 2015<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By M. Soto, Deputy<br>Moses Soto |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: Same
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District, Stanley Mosk Courthouse

| CASE NAME:<br>Xui Lin Wang, et al. v. Edwards Wildman Palmer LLP, et. al. | |
|---|---|
| **CIVIL CASE COVER SHEET**<br>[✔] Unlimited   [ ] Limited<br>(Amount     (Amount<br>demanded    demanded is<br>exceeds $25,000)  $25,000 or less) | **Complex Case Designation**<br>[ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>BC 5 6 9 6 2 1<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[✔] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [✔] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✔] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [✔] punitive
4. Number of causes of action *(specify):* 10
5. This case [✗] is [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 16, 2015
Barry S. Jorgensen, Esq.
_____ ▶ _____
(TYPE OR PRINT NAME)                                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

**Exhibit A**

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]                **CIVIL CASE COVER SHEET**                Page 2 of 2

**Exhibit A**



| SHORT TITLE: | CASE NUMBER |
|---|---|
| Xiu Lin Wang, et al. v. Edwards Wildman Palmer LLP, et al | BC 5 6 9 6 2 1 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☑ YES   TIME ESTIMATED FOR TRIAL 10   ☑ HOURS/ ☐ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

---

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

---

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4.<br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |

| LACIV 109 (Rev. 01/07)<br>LASC Approved 03-04 | **CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION** | LASC, rule 2.0<br>Page 1 of 4 |
|---|---|---|

**Exhibit A**

| SHORT TITLE: Xiu Lin Wang, et al. v. Edwards Wildman Palmer LLP, et al | CASE NUMBER |
| --- | --- |

| A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
| --- | --- | --- |
| Professional Negligence (25) | ☑ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation       Number of parcels____ | 2. |
| Wrongful Eviction (33) | ☐ A6023   Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 2 of 4

**Exhibit A**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Xiu Lin Wang, et al. v. Edwards Wildman Palmer LLP, et al | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

**Exhibit A**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Xiu Lin Wang, et al. v. Edwards Wildman Palmer LLP, et al | |

**Item III. Statement of Location:** Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | | ADDRESS:<br>1901 Avenue of the Stars |
|---|---|---|
| ☑1. ☐2. ☐3. ☐4. ☐5. ☑6. ☐7. ☐8. ☐9. ☐10. | | |
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90067 |

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Stanley Mosk</u> courthouse in the <u>Central</u> District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: <u>January 16, 2015</u>

(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

---

| LACIV 109 (Rev. 01/07)<br>LASC Approved 03-04 | **CIVIL CASE COVER SHEET ADDENDUM**<br>**AND STATEMENT OF LOCATION** | LASC, rule 2.0<br>Page 4 of 4 |
|---|---|---|

**Exhibit A**

# EXHIBIT B

BARRY S. JORGENSEN, APC [SBN 79620]
750 N. Diamond Bar Blvd., Suite 224
Diamond Bar, CA 91765
Telephone: (909) 396-7200
Fax: (909) 396-4786
Email: barryjorgensen@bsjlawgroup.com

Attorney for Plaintiff, Xiu Lin Wang

**FILED**
Superior Court Of California
County Of Los Angeles

APR 2 8 2015

Sherri R. ......., Executive Officer/Clerk
By _____, Deputy
Judi Lara

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, CENTRAL DISTRICT, STANLEY MOSK COURTHOUSE

| | |
|---|---|
| XIU LIN WANG, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>LOCKE LORD EDWARDS, a California Limited Liability Company f/k/a EDWARDS WILDMAN PALMER LLP, a limited liability partnership; and DOES 1 to 10, Inclusive,<br><br>Defendants. | Case No.  BC576287  D31<br><br>FIRST AMENDED COMPLAINT FOR:<br><br>1. BREACH OF WRITTEN AGREEMENT<br>2. CONVERSION<br>3. BREACH OF FIDUCIARY DUTY<br>4. UNJUST ENRICHMENT<br>5. COMMON COUNT - MONEY HAD AND RECEIVED |

Plaintiff XIU LIN WANG, an individual, alleges and complains against Defendant,

LOCKE LORD EDWARDS, a California Limited Liability Company f/k/a EDWARDS

WILDMAN PALMER LLP, a limited liability partnership; and DOES 1 to 10, inclusive, as

follows:

[All allegations set forth are based on information and belief]

**NATURE OF THE ACTION**

This is an action to recover $200,475.00 from Defendant LOCKE LORD EDWARDS, a

**Exhibit B**

California Limited Liability Company  f/k/a EDWARDS WILDMAN PALMER LLP ("EWP")

which reflects the pro-rated amount of attorney's fees that was paid to EWP by Plaintiff, and

nearly 7,300 predominantly Chinese customers, and/or members, of EFT Holdings, Inc.,

("EFT"), who thought that they were included as claimants in a Federal class action lawsuit

which was filed by EWP against EFT, however, the lawsuit was never certified as

a class action.

## PARTIES

1.      Plaintiff XIU LIN WANG ("Plaintiff") is a resident of the City of Ha Erbin

located in the Peoples Republic of China.  Plaintiff is bringing this action as an individual

Plaintiff, and as the designated assignee of those customers, and/or members, of nearly 7,300

members who contributed $200,475.00 of the $300,000.00 that was paid by LI to EWP, all of

whom were being represented by Defendant EDWARDS WILDMAN PALMER LLP as class

members  in the federal case of Shuxin Li, et al. v. EFT Holdings, Inc., et al., Case No. CV13-

8835-DSF-(CWx) [consolidated with Shuxin Li, et al. v. Jack J. Qin, et al., Case No. 13-CV-

8832-DSF-(CWx)], pending in the United States District Court, Central District of California

("Federal Case").

2.      Defendant, LOCKE LORD EDWARDS, is a California Limited Liability

Company, formerly known as EDWARDS WILDMAN PALMER LLP ("EWP"), a limited

liability partnership, conducting business as an international law firm at 1901 Avenue of the

Stars, Suite 1700, Los Angeles, California 90067.

3.      Plaintiff is ignorant of the true names and capacities of Defendants, sued

herein as DOES 1 to 10, and therefore sues these Defendants by such fictitious names.  WANG

will amend this Complaint to allege their true names and capacities when they have been

**Exhibit B**

04/29/2015

ascertained.

## STATEMENT OF FACTS

4.    From in or about January-April 2013, Shuxin Li ("LI") organized nearly 15,000 predominantly Chinese customers, and/or members, of EFT in a united effort in pursuing a class action lawsuit on behalf of all members against EFT Holdings, Inc. and their owners in the United States.

5.    In pursuit of this united effort, LI contacted the New York office of EWP as the representative on behalf of the nearly 15,000 members to pursue such a lawsuit.

6.    Thereafter, LI executed an engagement letter by EWP, dated May 2, 2013, in which EWP was to represent him *". . . . in connection with investigating the asset of certain defendants in a planned class action by shareholders of EFT Holdings, Inc. . . . ."* for a retainer fee of $300,000.00.

7.    Thereafter, EWP informed LI that a meritorious class action lawsuit could be filed against EFT Holdings, Inc. and other related defendants.  EWP further informed LI that it would require a retainer of $300,000.00 to represent him and the nearly 15,000 customers.

8.    Thereafter, LI notified the nearly 15,000 members and informed them that he needed to collect money from each of them in order to pay attorney's fees to EWP.

9.    Thereafter, LI collected $300,000.00 from the nearly 15,000 members, including the $200,475.00 that Plaintiff and those members of the aforementioned nearly 7,300 members who contributed money to the $200,475.00, many of whom paid a pro-rata share based on their ownership interest.

10.    Thereafter, LI executed an engagement letter by EWP, dated October 10, 2013, in which EWP was to represent him *"as the possible class action representative on behalf of all*

**Exhibit B**

Chinese customers of EFT Holdings, Inc. (the 'Company') who bought products from and invested in the Company. . . . " for a fee of $300,000 and an additional 28% contingency fee of any recovery.  The engagement letter indicated that EWP agreed to represent LI and the *"class members,"* which included Plaintiff and those members of the aforementioned nearly 7,300 members who contributed money to the $200,475.00.   By its terms, the revised engagement letter replaced and superseded EWP's engagement letter dated as of June 13, 2013 in its entirety.  At that time, LI provided a Letter of Authorization to EQP which stated his authority to act on behalf of the class members. [A true and correct copy of the engagement letter of October 10, 2013, and the Letter of Authorization are collectively attached hereto as Exhibit "A"]

11.    Pursuant to EWP's engagement letter of October 10, 2013, LI paid $300,000.00 to EWP.

12.    On or about November 27, 2013, EWP filed the two complaints in the Federal Case.

13.    On August 11, 2014, EWP sent a letter to Zhanyuan Tong, Yongpu Cheng and Miaozhou Zhu advising them that they were no longer named as plaintiffs in the Federal Case, and explaining to them that LI had advised EWP that he no longer represents them, but that they remain members of the putative class in the Federal Case that EWP had filed against EFT and other defendants.

14.    On August 15, 2014, EWP sent a revised engagement letter in which Page 1 of the letter states that *"This revised engagement replaces and supercedes our engagement letters date as of June 13, 2013 and October 10, 2013. . . . ,"* however, Plaintiff has been unable to review the aforementioned engagement letter to review all terms and conditions.

///

4

FIRST AMENDED COMPLAINT

**Exhibit B**

15.     On October 10, 2014, the Court in the Federal Case ordered that the action would not proceed as a class action.

16.     Thereafter, EWPB filed a Motion for Relief from Court's October 10, 2014 Order.

17.     On November 19, 2014, the Court issued its Memorandum of 11/19/14, whereby the Motion for Relief from Court's October 10, 2014 Order was denied (Docket No. 53).

18.     Thereafter, Plaintiff demanded the refund of $200,475.00 which represented the apportioned amount of the $300,000.00 that was paid by the nearly 7,300 of the 15,000 members to EWP as attorney's fees.   Despite numerous requests, EWP has refused to do so.

19.     Thereafter, those members within the aforementioned 7,300 members who contributed money to the total of $200,475.00 which was collected by LI and, thereafter, paid to EWP, assigned their right to collect their pro-rata share to Plaintiff.

20.     As of this date, EWP is no longer the attorney of record for Plaintiffs in the Federal Case.

## FIRST CAUSE OF ACTION
### [Breach of Written Agreement]

21.     Plaintiff repleads and realleges paragraphs 1 through 20, and incorporates the same by reference as though set forth fully herein.

22.     On October 10, 2013, LI, on behalf of the *"class members,"* which included Plaintiff and those members of the aforementioned nearly 7,300 members who contributed money to the $200,475.00, and EWP entered into an written agreement, whereby LI retained EWP to represent him *"as the possible class action representative on behalf of all Chinese customers of EFT Holdings, Inc. (the 'Company') who bought products from and invested in the Company. . . . "* for a fee of $300,000 and an additional 28% contingency fee of any recovery.

///

**Exhibit B**

23.     At all times herein mentioned, LI duly complied with all terms and conditions of the written agreement.

24.     At all times herein mentioned, EWP breached the agreement by failing to have the Federal Case certified as a class action whereby Plaintiff and the aforementioned 7,300 members, would have been certified as class members in the Federal Case.

25.     As a direct and legal result of the aforementioned breach of the aforementioned written agreement, as more particularly set forth herein, Plaintiff and those members of the aforementioned nearly 7,300 members who contributed money to the $200,475.00, which represents the combined pro-rata share of the $300,000.00 which was paid by LI to EWP, did, in fact, suffer special damages in the amount of $200,475.00.

26.     By virtue of the aforementioned Assignment, Plaintiff is entitled to recover the aforementioned $200,475.00 in special damages otherwise owed to those memberesw of the aforementioned nearly 7,300 members who contributed money to the $200,475.00.

## SECOND CAUSE OF ACTION
### [Conversion]

27.     Plaintiff repleads and realleges paragraphs 1 through 26, and incorporates the same by reference as though set forth fully herein.

28.     At all times herein mentioned, Plaintiff and those members of the aforementioned nearly 7,300 members who contributed money to the $200,475.00 that was paid by LI to EWP, had a right of ownership, and/or a right to possession, and/or entitled to immediately possess the $200,475.00 in attorney's fees that were paid to EWP, and which have been wrongfully retained, and/or wrongfully withheld by EWP.

29.     At all times herein mentioned, Plaintiff and those members of the aforementioned nearly 7,300 members who contributed money to the $200,475.00 that was paid by LI to EWP

6.

**Exhibit B**

demanded that EWP promptly return to them the aforementioned pro-rated amount of attorney's

fees in the amount of $200,475.00.

30.     While EWP originally came into possession of the aforementioned amount of

$200,475.00 which was rightfully owed to Plaintiff and those members of the aforementioned

nearly 7,300 members who contributed money to the $200,475.00 that was paid by LI to EWP,

EWP refused to promptly return, and, therefore, have wrongfully and unlawfully retained, and/or

withheld, and thereby converted, the aforementioned $200,475, despite the demand for its

prompt return.

31.     At all times herein mentioned, and in doing the things herein alleged, EWP has

wrongfully interfered with the interests of Plaintiff and those members of the aforementioned

nearly 7,300 members who contributed money to the $200,475.00 that was paid by LI to EWP,

and which is rightfully owed to them.

32.     At all times herein mentioned, EWP knew, or should have known, and it was,

therefore, foreseeable, that the aforementioned conversion, as more particularly alleged herein,

would cause Plaintiff serious and dire financial consequences that would cause Plaintiff to suffer

severe mental and emotional distress, shock, humiliation, mortification, anguish, psychological

trauma and damage to Plaintiff's nervous system.

33.     As a direct and legal result of the aforementioned conversion, as more particularly

alleged herein, Plaintiff did, in fact, suffer, and continues to suffer, extreme and permanent

mental and emotional distress, including, but not limited to shock, nervousness, anxiety,

humiliation, mortification, anguish, depression, and psychological trauma and damage to

Plaintiff's nervous system, all to Plaintiff's general damage in an amount to be determined

according to proof at time of trial.

7

**Exhibit B**

34.     As a further direct and legal result of the aforementioned conversion, as more particularly alleged herein, Plaintiff and those members of the aforementioned nearly 7,300 members who contributed money to the $200,475.00 that was paid by LI to EWP, did, in fact, incur economic damages in the amount of $200,475.00, which represents their pro-rata share of the $300,000.00 in attorney's fees paid to EWP.

35.     As a further direct and legal result of the aforementioned conversion, as more particularly alleged herein, Plaintiff is entitled to the imposition of a Constructive Trust on the converted monies, and their fruits, and is entitled to a tracing with respect to the converted monies in the amount of $200,475.00.

36.     As a further direct and legal result of the aforementioned conversion, as more particularly alleged herein, Plaintiff is entitled to the imposition of an Equitable Lien on the converted monies in the amount of $200,475.00.

37.     The aforementioned conversion by EWP was intentional, willful, wrongful, knowing, fraudulent, malicious, oppressive, despicable, done in bad faith, and ratified by one another. As such, Plaintiff seeks an award of exemplary/punitive damages, all in a sum to be determined according to proof at time of trial.

38.     By virtue of the aforementioned Assignment, Plaintiff is entitled to recover the aforementioned $200,475.00 in special damages otherwise owed to those members of the aforementioned nearly 7,300 members who contributed money to the $200,475.00.

### THIRD CAUSE OF ACTION
### [Breach of Fiduciary Duty]

39.     Plaintiff repleads and realleges paragraphs 1 through 38, and incorporates the same by reference as though set forth fully herein.

///

FIRST AMENDED COMPLAINT

**Exhibit B**

40.     At all times herein mentioned, Plaintiff and those clients of the aforementioned nearly 7,300 members who contributed money to the $200,475.00 that was paid by LI to EWP, maintained a fiduciary relationship with EWP.

41.     In doing the things herein alleged, to wit, breaching the aforementioned written agreement and by converting the $200,475.00 that EWP was legally obligated to refund to Plaintiff and those members of the nearly 7,300 members who contributed money to the $200,475.00 that was paid by LI to EWP, EWP breached the fiduciary duty owed to Plaintiff and to those members who contributed money.

42.     At all times herein mentioned, EWP knew, or should have known, and it was, therefore, foreseeable, that their breach of fiduciary duty, as alleged herein, would cause Plaintiff serious and dire financial consequences that would cause Plaintiff to suffer severe mental and emotional distress, shock, humiliation, mortification, anguish, psychological trauma and damage to Plaintiff's nervous system.

43.     As a direct and legal result of the aforementioned breach of fiduciary duty, Plaintiff did, in fact, suffer, and continues to suffer, extreme and permanent mental and emotional distress, including, but not limited to shock, nervousness, anxiety, humiliation, mortification, anguish, depression, and psychological trauma and damage to Plaintiff's nervous system, all to Plaintiff's general damage in an amount to be determined according to proof at time of trial.

44.     As a further direct and legal result of the aforementioned breach of fiduciary duty, Plaintiff and those members of the aforementioned nearly 7,300 members who contributed money to the $200,475.00 that was paid by LI to EWP, did, in fact, incur economic damages in the amount of $200,475.00, which represents their pro-rata share of the $300,000.00 in attorney's

FIRST AMENDED COMPLAINT

**Exhibit B**

fees paid to EWP.

45.    The conduct of EWP which resulted in the aforementioned breach of fiduciary duty was intentional, willful, wrongful, knowing,  fraudulent, malicious, oppressive, despicable, done in bad faith, and ratified by one another.  As such, Plaintiff seeks an award of exemplary/punitive damages, all in a sum to be determined according to proof at time of trial.

46.    By virtue of the aforementioned Assignment, Plaintiff is entitled to recover the aforementioned $200,475.00 in special damages otherwise owed to those members of the aforementioned nearly 7,300 members who contributed money to the aforementioned $200,475.00.

## FOURTH CAUSE OF ACTION
### [Unjust Enrichment]

47.    Plaintiff repleads and realleges paragraphs 1 through 46, and incorporates the same by reference as though set forth fully herein.

48.    At all times herein mentioned, and in doing the things herein alleged, EWP is in receipt of the aforementioned $200,475.00 in partial attorney's fees which was rightfully owed to Plaintiff and the those members of the nearly 7,300 members who contributed money to the aforementioned $200,475.00 that was paid by LI to EWP.

49.    At all times herein mentioned, and by refusing, and/or failing, to promptly return the aforementioned $200,475.00 as demanded by Plaintiff and those members of the nearly 7,300 members who contributed money to the $200,475.00 that was paid by LI to EWP, EWP is in receipt of a benefit at the expense of Plaintiff and the those members of the nearly 7,300 members who contributed money to the aforementioned $200,475.00.

50.    At all times herein mentioned, and by refusing, and/or failing, to promptly return the aforementioned $200,475.00 in partial attorney's fees which was rightfully owed to

**Exhibit B**

Plaintiff and those clients of the nearly 7,300 members who contributed money to the $200,475.00 that was paid by LI to EWP, EWP has created an unjust retention of a benefit at the expense of Plaintiff and the those members of the nearly 7,300 clients who contributed money to the aforementioned $200,475.00.

51. As a direct and legal result of the aforementioned wrongful conduct by EWP, Plaintiff is entitled to the imposition of a Constructive Trust on the aforementioned $200,475.00, and their fruits, and is entitled to a tracing with respect to said monies.

52. As a further direct and legal result of the aforementioned wrongful conduct by EWP, Plaintiff is entitled to the imposition of an Equitable Lien on the aforementioned monies.

53. By virtue of the aforementioned Assignment, Plaintiff is entitled to recover the aforementioned $200,475.00 in special damages otherwise owed to those members of the aforementioned nearly 7,300 members who contributed money to the aforementioned $200,475.00.

## FIFTH CAUSE OF ACTION
### [Common Count – Money Had and Received]

54. Plaintiff repleads and realleges paragraphs 1 through 53, and incorporates the same by reference as though set forth fully herein.

55. Within the last two years, EWP became indebted to Plaintiff and those members of the nearly 7,300 members who contributed money to the $200,475.00 that was paid by LI to EWP, for money had and received by EWP for the use and benefit of Plaintiff and the those members of the nearly 7,300 clients who contributed money to the aforementioned $200,475.00.

56. The reasonable value of $200,475.00, plus prejudgment interest at the legal rate of 10% per year, is due and unpaid despite the demand by Plaintiff and those members of the nearly 7,300 members who contributed money to the aforementioned $200,475.00 that was paid by LI

11

**Exhibit B**

to EWP.

57. By virtue of the aforementioned Assignment, Plaintiff is entitled to recover the aforementioned $200,475.00 otherwise owed to those members of the aforementioned nearly 7,300 members who contributed money to the aforementioned $200,475.00.

WHEREFORE, PLAINTIFF PRAYS FOR JUDGMENT AGAINST DEFENDANT, LOCKE LORD EDWARDS, a California Limited Liability Company f/k/a EDWARDS WILDMAN PALMER LLP, AS FOLLOWS:

FIRST CAUSE OF ACTION

1. For special damages in an amount of $200,475.00.

SECOND CAUSE OF ACTION

1. For general damages in an amount to be determined according to proof at time of trial.

2. For special damages in an amount of $200,475.00.

3. For the imposition of a Constructive Trust and a tracing with respect to the wrongfully withheld, and/or retained, monies.

4. For the imposition of an Equitable Lien on the wrongfully withheld, and/or retained monies.

5. For exemplary, and/or punitive damages.

THIRD CAUSE OF ACTION

1. For general damages in an amount to be determined according to proof at time of trial.

2. For special damages in an amount of $200,475.00.

3. For exemplary, and/or punitive damages.

FOURTH CAUSE OF ACTION

1. For special damages in an amount of $200,475.00.

///

FIRST AMENDED COMPLAINT

**Exhibit B**

2. For the imposition of a Constructive Trust and a tracing with respect to the wrongfully withheld, and/or retained, monies.

3. For the imposition of an Equitable Lien on the wrongfully withheld, and/or retained monies.

## FIFTH CAUSE OF ACTION

1. For money had and received in the amount of $200,475.00.

## FOR ALL CAUSES OF ACTION

1. For pre-judgment interest.

2. For costs incurred in this cross-action.

3. For such other and further relief as the Court may deem just and proper.

Dated: April 27, 2015

BARRY S. JORGENSEN, ESQ.
Attorney for Plaintiff, Xiu Lin Wang

FIRST AMENDED COMPLAINT

**Exhibit B**