1 | Suzelle M. Smith, Bar No. 113992
SSmith@howarth-smith.com
2 | Don Howarth, Bar No. 53783
DHowarth@howarth-smith.com
3 | Padraic Glaspy, Bar No. 259563
PGlaspy@howarth-smith.com
4 | Jessica C. Walsh, Bar No. 276543
JWalsh@howarth-smith.com
5 | HOWARTH & SMITH
523 West Sixth Street, Suite 728
6 | Los Angeles, CA 90014
Telephone:  213.955.9400
7 | Facsimile:   213.622.0791

8 | Stephen Tuggy, Bar No. 120416
STuggy@lockelord.com
9 | LOCKE LORD LLP
300 S. Grand Avenue, Suite 2600
10 | Los Angeles, CA 90071
Telephone:  213.485.1500
11 | Facsimile:   213.485.1200

12 | *Attorneys for Plaintiffs, Yunxia Wang, Fengqin Xu, Qun Xu, individually*
*and on behalf of all others similarly situated*
13 |

14 | **UNITED STATES DISTRICT COURT**

15 | **CENTRAL DISTRICT OF CALIFORNIA**

16 | YUNXIA WANG, FENGQIN XU, | ) CASE NO. 2:15-CV-00727-DSF-CWx
and QUN XU, on behalf of | )
17 | Themselves and All Others Similarly | ) Consolidated with and Filed Under:
Situated, | ) **MASTER FILE NO.** CV-13-08832-DSF-
18 | | ) CWx
| )
19 | Plaintiffs, | ) **CLASS ACTION**
| )
20 | vs. | ) **PLAINTIFFS' OPPOSITION TO**
| ) **DEFENDANT EFT HOLDINGS, INC.'S**
21 | EFT HOLDINGS, INC., a Nevada | ) **MOTION TO STRIKE CLASS**
Corporation, and JACK J. QIN, | ) **ALLEGATIONS IN SECOND**
22 | VISMAN CHOW, NORMAN KO, | ) **AMENDED AND CONSOLIDATED**
WILLIAM SLUSS, PYNG SOON, | ) **COMPLAINT**
23 | GEORGE CURRY, and DOES 1-25, | )
individuals, | ) Action Filed:  January 30, 2015
24 | | ) First Amended Complaint Filed: April 14,
Defendants. | ) 2015
25 | | )
| ) Hearing Date: July 20, 2015
26 | | ) Time: 1:30 p.m.
| ) Courtroom: 840
27 | | ) Hon Dale S. Fischer
28 |

# TABLE OF CONTENTS

**PAGE(S)**

I.    INTRODUCTION ........................................................................... 1

II.   FACTUAL AND PROCEDURAL BACKGROUND ........................................ 4

III.  LEGAL STANDARD.................................................................. 7

IV.   ARGUMENT ........................................................................ 11

     A.   There Is No Conflict Of Interest Between Locke Lord
         And Absent Class Members ........................................11

     B.   The Failure of Different Attorneys to Timely File a Class
         Certification Motion in Another Case Is Irrelevant to the
         Adequacy of Locke Lord to Represent the Class…………………...……… 11

     C.   Defendants' Other Unwarranted Attacks On Counsel
         Are Without Merit ..............................................................15

     D.   The New Named Plaintiffs Can Adequately
         Represent The Class .................................................18

V.    CONCLUSION .................................................................... 19

# TABLE OF AUTHORITIES

**PAGE(S)**

## CASES

*Allied Orthopedic Appliances, Inc. v. Tyco Healthcare Group L.P.,*
247 F.R.D. 156 (C.D. Cal. 2007) ...................................................................12

*Amini Innovation Corp. v. McFerran Home Furnishings, Inc.,*
301 F.R.D. 487 (C.D. Cal. 2014) .....................................................................8

*Andrews Farms v. Calcot, LTD.,*
2010 WL 3341963 (E.D. Cal. 2010) ...............................................................13

*Californians for Disability Rights, Inc. v. California Dept. of Transp.,*
249 F.R.D. 334 (N.D. Cal. 2008)…………………………………………….13

*Cholakyan v. Mercedes-Benz USA, LLC*
796 F. Supp. 2d 1220 (C.D. Cal. 2011)............................................................9

*Conseco Life Ins. Co. Lifetrend Ins. Sales and Marketing Litig.,*
270 F.R.D. 521 (N.D. Cal. 2010) ...................................................................17

*Evans v. IAC/Interactive Corp.,*
244 F.R.D. 568 (C.D. Cal. 2007) ...................................................................15

*Facciola v. Greenburg Traurig LLP,*
281 F.R.D. 363 (D. Ariz. 2012) .....................................................................17

*Garibaldi v. Compass Group USA, Inc.,*
2013 WL 10256619 (C.D. Cal. April 4, 2013) ..............................................10

*General Telelphone Co. of Southwest v. Falcon,*
457 U.S. 147 (1982)......................................................................................7, 9

*In re Glassline and Greaseproof Paper Antitrust Litigation*
88 F.R.D. 302 (Pa. 1980)…………………………………………………….13

*Hovsepian v. Apple, Inc.,*
2009 WL 5069144 (N.D. Cal. Dec. 17, 2009) ...............................................10

*Huricks v. Shopkick, Inc.*
2014 WL 4954662 (N.D. Cal. July 24, 2014)................................................10

*Kamm v. California City Dev. Co.,*
509 F.2d 205 (9th Cir. 1975).......................................................................7,10

*Kandel v. Brother Intern. Corp.,*
264 F.R.D. 630 (C.D. Cal. 2010) ...................................................................15

*Kayes v. Pacific Lumber Co.,*
51 F.3d 1449 (9th Cir. 1995) .........................................................................12

ii

*Kayes v. Pacific Lumber Co.,*
  51 F.3d 1465 (9th Cir. 1995)...................................................................13

*Lee v. City of Los Angeles,*
  250 F.3d 668 (9th Cir. 2001)....................................................................8

*Linney v. Cellular Alaska Partnership,*
  151 F.3d 1234 (9th Cir. 1998)...........................................................13, 18

*Manning v. Boston Med. Ctr. Corp.,*
  725 F.3d 34 (1st Cir. 2013) .....................................................................9

*Marshall v. Holiday Magic, Inc.,*
  550 F.2d 1173 (9th Cir. 1977).................................................................12

*Metro. Creditors' Trust v. Pricewaterhousecoopers, LLP,*
  463 F. Supp. 2d 1193 (E.D. Wash. 2006) .................................................8

*Meyer v. National Tenant Network, Inc.,*
  10 F. Supp. 3d 1096 (N.D. Cal. 2014) ......................................................9

*In re Nat'l W. Life Ins. Deferred Annuities Litig.,*
  268 F.R.D. 652 (S.D. Cal. 2010)............................................................10

*Parker v. FedEx Nat. LTL, Inc.,*
  2011 WL 11671754 (C.D. Cal. April 11, 2011)...................................14, 18

*Rodriguez v. West Publishing Corp,*
  563 F.3d 948 (9th Cir. 2009)...................................................................13

*Sandoval v. Ali,*
  34 F. Supp.3d 1031 (N.D. Cal. 2014) .......................................................9

*SEC v. First Pac. Bancorp,*
  142 F.3d 1186 (9th Cir. 1998)...................................................................8

*SEC v. Sands,*
  902 F. Supp. 1149 (C.D. Cal. 1995).........................................................8

*Tietsworth v. Sears,*
  720 F. Supp. 2d 1123 (N.D. Cal. 2010) ..................................................10

*Tietsworth v. Sears, Roebuck & Co.,*
  2012 WL 1595112 (N.D. Cal. May 4, 2012) ...........................................17

*In re Universal Service Fund Tel. Billing Practices Litig.,*
  219 F.R.D. 661 (D. Kan. 2004)...............................................................17

*Vinole v. Countrywide Home Loans, Inc.,*
  571 F.3d 935 (9th Cir. 2009)...................................................................10

*Williams v. Balcor Pension Investors,*
  150 F.R.D. 109 (N.D. Ill. 1993) ..............................................................10

iii

**STATUTES**

*NEWBERG ON CLASS ACTIONS*
    §3:58 (5th ed., updated 2015)............................................................................12, 13

**OTHER AUTHORITIES**

*Charles Alan Wright, Arthur R. Miller & Mary Kay Kane,*
FEDERAL PRACTICE & PROCEDURE §1768, at 326 (2d 1986)………..………………12

iv

1  Plaintiffs Yunxia Wang, Fengqin Xu, and Qun Xu ("Plaintiffs") hereby oppose

2  the Motion to Strike Class Allegations in Second Amended and Consolidated

3  Complaint (the "Motion to Strike") filed by Defendants EFT Holdings, Inc. ("EFT"),

4  Visman Chow, Norman Ko, William Sluss, and Pyng Soon (Dkt. No. 197) as well as

5  to the Joinders in the Motion to Strike filed by Defendant Jack Qin (Dkt. No. 196)

6  and Defendant George Curry (Dkt. No. 201).

7  **I.   INTRODUCTION**

8  Defendants' Motion to Strike attempts to eliminate at the pleading stage all

9  class allegations of the Second Amended and Consolidated Complaint (the "SACC"),

10  even though a class certification motion is currently pending and set for hearing in

11  October (Dkt. No. 197).  As the alleged basis for this extreme remedy, Defendants'

12  motion contends that neither new lead class counsel Howarth & Smith nor Locke

13  Lord in a supporting counsel role can adequately represent the class alleged herein

14  and that Plaintiffs Yunxia Wang, Fengqin, and Qun Xu are inadequate representatives

15  of a class of victims of the Defendants' inherently fraudulent endless chain scheme.

16  Both of these claims are without merit.

17  Putting aside their vituperative language, unprofessional attacks, and

18  speculative conclusions about counsel's motives, Defendants' Motion to Strike boils

19  down to three basic contentions[1]:

20  First, Defendants attempt to impute an error made by prior lawyers who are no

21  longer associated with the case to an entirely new and different set of attorneys and to

22  newly named putative class representatives seeking to certify a class.  That lone

23  misstep – the failure to file a motion for class certification before the 90-day deadline

---

24  [1]  Defendants raised only one issue (the prior failure to timely file a motion for class
25  certification) during the Local Rule 7-3 meet and confer process relating to the
   Motion to Strike.  They did not raise the purported conflict issue, the purported delay
26  issue, or that they would seek to strike the named Plaintiffs as inadequate
   representatives during the meet and confer call or at any time prior to filing the
27  Motion to Strike, in violation of the Local Rules.  (Declaration of Jessica C. Walsh in
   Support of Plaintiffs' Opposition to Defendant EFT Holdings, Inc.'s Motion to Strike
28  Class Allegations in Second Amended and Consolidated Complaint ("Walsh Decl.")
   at ¶¶ 5-11).

1   provided by Local Rule 23-3 – has not been repeated by new class counsel in the

2   instant action.  Defendants freely admit that Plaintiffs filed a timely motion for class

3   certification in this case.  Nor are any of the attorneys responsible for that error

4   seeking to represent the interests of the potential class here.  In short, Defendants'

5   claim that Plaintiffs are taking a "second bite" at class certification with the same lead

6   counsel has no factual or legal merit.  (Dkt. No. 197 at 1).

7        Second, Defendants allege that Locke Lord is not adequate class counsel

8   because of an alleged conflict of interest arising from a lawsuit that has been filed

9   against Locke Lord by some absent class members about the prior missed

10   certification motion deadline.  (Dkt. No. 197 at 11).  Defendants' allegations of a

11   conflict in this regard are unsupportable.  In truth, the interests of Locke Lord and all

12   putative class members, including those who filed the other lawsuit, are exactly

13   aligned in this consolidated case.  The only possible interest that Locke Lord could

14   have as to the claim filed against it by some absent class members would be to

15   successfully prosecute claims on behalf of the class in this case.

16        And third, Defendants claim that the class allegations should be stricken due to

17   unsubstantiated and speculative allegations of "procedural gamesmanship" and delay

18   on the part of Plaintiffs.  (Dkt. No. 197 at 11).  Again, Defendants' claims do not line

19   up with the facts.  The new Plaintiffs and counsel in the consolidated class case have

20   actively worked to advance the litigation, including streamlining and consolidating

21   the parties, allegations, claims, and engaging in discovery process so that the case can

22   proceed in an efficient and orderly fashion.  While Defendants make numerous

23   allegations relating to a supposed failure to serve discovery requests prior to filing the

24   class certification motion they fail to mention the fact that they have refused to

25   produce a single document to Plaintiffs, either in response to discovery requests or as

26   part of the required initial disclosures, despite their plain obligation to do so.  (Dkt.

27   No.197 at 12).  In reality then, it has been Defendants and not Plaintiffs who have

28   sought to delay this case – a pattern the Defendants continue with the filing of the

1    Motion to Strike.

2         The named Plaintiffs and their counsel are committed to vigorously

3    prosecuting this case as a class action.  Plaintiffs' counsel has moved the proceedings

4    forward, despite significant resistance from the defense.  For example, Plaintiffs'

5    counsel have (and continue to) move the case forward through the following activities

6    (among others):

7         • Obtained (over defense objection) consolidation of the cases to increase

8           efficiency and efficacy;

9         • Responded to motions to dismiss complaints, prevailing on most claims

10          and refining others for pleading amendments in accordance with the

11          Court's rulings prior to consolidation;

12        • Refined the parties (Plaintiffs and Defendants) and the claims into a

13          streamlined operative consolidated complaint (the SACC);

14        • Responded to the motions to dismiss the SACC;

15        • Filed a motion for class certification with declarations from the named

16          Plaintiffs and from lead class counsel, with hearing set for October, and

17          agreed with Defendants' counsel to work together on a mutually

18          acceptable discovery and briefing schedule;

19        • Work to consolidate and streamline discovery for the consolidated cases

20          to efficiently utilize the discovery efforts from the first filed case;

21        • Plaintiffs made Rule 26 disclosures and produced documents in the

22          first-filed case, which can be applied in the consolidated case;

23        • Served written discovery on the Defendants in the first-filed case which

24          can for the most part be applied in the consolidated case;

25        • Engaged in meet and confer sessions and prepared joint stipulation

26          materials for a motion to compel based on Defendants' objections and

27          refusal to produce a single document (even to this day and even with

28          respect to automatic Rule 26 required disclosures);

3

- Served Rule 30(b)(6) deposition notices to Defendants in the first-filed case, which Defendants also objected to unreasonably, and which can for the most part be applied in the consolidated case;
- Attempted to schedule depositions and document production cooperatively with Defendants (and continue to do so);
- Served new deposition notices in the consolidated action for all named Defendants;
- Refined the discovery requests for the consolidated case to be in line with the streamlined claims and parties and served those document requests and deposition notices upon each of the Defendants, along with a letter outlining a plan for applying discovery from the first-filed case so that prior efforts are not duplicated or wasted;
- Plaintiffs are responding to document requests from the Defendants in the newly consolidated cases to the extent the materials have not already been produced; and
- Plaintiffs are arranging for depositions of the named Plaintiffs, who will travel from China, to occur in July.  (Walsh Decl. at ¶ 12).

Defendants' Motion to Strike is an attempt to delay and derail progress in this case and unnecessarily multiply proceedings.  What passes for Defendants' arguments in this motion are better left for the pending class certification motion that has already been filed, is currently set for hearing, and should proceed in the normal course.  The Court should, therefore, deny the Motion to Strike in its entirety.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Defendants devote the majority of their Motion to Strike reciting extensive detail about the procedural background of the proceedings in cases that are newly consolidated into this case.  Plaintiffs will attempt to confine their discussion to those events that provide important context and information for this motion.

/ / /

1    The first-filed cases in this consolidated action (the "Li Cases") were filed by

2   the law firm of Edwards Wildman Palmer LLP (now known as Locke Lord LLP

3   through merger).  These cases were filed as two class actions alleging that EFT is an

4   illegal and inherently fraudulent endless chain scheme utilizing mislabeled and

5   adulterated products as the entry point for participation.  Those cases were

6   consolidated by this Court for pre-trial purposes.  (Dkt. No 76).

7    The attorneys representing the purported class at that time missed the deadline

8   for filing a class certification motion under Local Rule 23-3.  The Court struck the

9   class allegations from the Li Cases and ordered that they were to proceed on an

10  individual Plaintiff basis. Locke Lord promptly sought relief from that order, which

11  the Court denied.  (Dkt. No 197 at 2, 10, 11).

12   The individual lawyers who missed the deadline are no longer handling the

13  cases and, in fact, are no longer associated with the firm.  (Declaration of Ira

14  Greenberg in Support of Plaintiffs' Opposition to Defendant EFT Holdings, Inc.'s

15  Motion to Strike Class Allegations in Second Amended and Consolidated Complaint

16  filed concurrently herewith ("Greenberg Decl.") at ¶ 4).  Remaining counsel at Locke

17  Lord then engaged additional, independent, and highly experienced class action

18  counsel from the firm of Howarth & Smith to ensure that the interests of the unnamed

19  class members from the Li Cases were protected.  Howarth & Smith was not involved

20  in the cases prior to the time that the Court struck the class allegations of the first-

21  filed complaint and denied relief from that order.

22   Howarth & Smith and Locke Lord filed the newer case (the "Wang Case") to

23  assert claims on behalf of a class shortly after the Court struck the class allegations

24  from the Li Cases.  The Wang Case asserted similar (but not identical) facts and

25  claims.  The Wang Case additionally streamlined some of the factual allegations,

26  parties and claims.  Plaintiffs' counsel promptly sought to consolidate the actions to

27  remove inefficiencies and judicial waste from having parallel and similar, yet

28  separate, cases proceed.  Defendants opposed the motion to consolidate, which

1   required briefing and Court determination.  Defendants speculate mightily in their

2   motion that there were untoward motives for Plaintiffs' counsel to seek consolidation

3   of the cases, but the efficiencies of consolidation were clear and the Court granted the

4   Motion to Consolidate, over Defendants' opposition, on April 29, 2015.  (Dkt. No.

5   197 at 7).

6        After the cases were consolidated, the individual actions – the Li Cases – were

7   dismissed in favor of supporting the class action.[2]  The Court ordered the Plaintiffs to

8   prepare a single operative consolidated complaint, which was filed on May 11, 2015.

9        While the Motion to Consolidate was pending, the parties engaged in motion

10  practice, with motions to dismiss and amendment of pleadings to refine and clarify

11  claims.  The parties also engaged in discovery.  Since discovery had already been

12  served in the earlier Li Cases, and addressed the same issues and claims as in the

13  newer Wang Case, Plaintiffs sought to compel Defendants to comply with their

14  discovery obligations and produce documents that could be used in the consolidated

15  case.  (Greenberg Decl. ¶¶ 7, 9)  This discovery had been pending since December of

16  2014.  Despite indicating in their responses that they would produce certain

17  responsive documents, Defendants refused, and continue to this day to refuse, to

18  produce a single document to Plaintiffs.  (Greenberg Decl. ¶ 6).  Defendants' claims

19  that Plaintiffs have delayed discovery are pure fantasy.

20       On the other hand, Plaintiffs produced Rule 26 disclosures and documents.

21  (Greenberg Decl. ¶ 5)  Plaintiffs propounded written discovery requests to the

22  Defendants and served deposition notices on the Defendants.  (Greenberg Decl. ¶ 6).

23  Despite having discovery requests for ample time, Defendants refused to produce a

24  _____

[2] Defendants speculate that this dismissal was "curious" and that Plaintiffs "intended
25  to dismiss all along."  Defendants' only basis for this assertion is the fact that the
    dismissals were entered "one week after the Court ordered consolidation."  (Dkt. No.
26  197 at 1).  However, the dismissal was entered more than two months after Plaintiffs
    moved for consolidation.  And, it is perfectly sensible to streamline parties (including
27  Plaintiffs) in a newly consolidated case to eliminate individually asserted non-class
    claims by parties who also are members of and wish to support the putative class
28  based on the same endless chain scheme.

1   single document (even documents not subject to their discovery objections and

2   documents complying with their initial disclosure obligations) or to produce

3   deponents.  (Greenberg Decl. ¶ 6).  Plaintiffs pursued the discovery, engaging in

4   discovery conferences and preparing materials for a motion to compel.  (Greenberg

5   Decl. at ¶ 7).  To this day, Defendants have not produced documents in discovery.

6   (Greenberg Decl. at ¶ 6).

7          Plaintiffs are now working to consolidate their prior discovery efforts

8   undertaken in the Li Cases with the newly consolidated class case.  (Greenberg Decl.

9   ¶ 9).  These efforts have again been met with resistance from Defendants.  Plaintiffs

10  have also issued additional discovery requests, deposition notices, and are responding

11  to Defendants' new discovery requests.  (Greenberg Decl. ¶¶ 9-10).

12         Despite Defendants' efforts to stonewall Plaintiffs in discovery, Plaintiffs filed

13  their class certification motion in the consolidated case within the deadline set forth

14  by the local rules.  Defendants do not contend otherwise.  As part of the meet and

15  confer process for the class certification motion, counsel for Plaintiffs and Defendants

16  agreed to work together on a mutually acceptable schedule for discovery needed by

17  both sides and briefing of the class certification issues, and the October hearing date

18  is reflective of that.  (Walsh Decl. ¶ 4).

19  **III.   LEGAL STANDARD**

20         Defendants misrepresent the controlling legal standard relevant to their Motion

21  to Strike.  Defendants announce that "[i]t has long been recognized that district courts

22  may resolve class claims at the pleading stage where a plaintiff proposes a plainly

23  uncertifiable class."  (Dkt. No. 197 at 9 (citing *General Telephone Co. of Southwest

24  v. Falcon*, 457 U.S. 147, 160 (1982) and *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205,

25  212 (9th Cir. 1975)).  This is not, however, what Defendants seek to do with their

26  Motion to Strike.  Rather, Defendants' motion has nothing to do with the class

27  allegations pled in Plaintiffs' SACC; it seeks to strike Plaintiffs' class allegations on

28  the grounds that the putative class representatives and class counsel cannot

1  adequately represent the class – a factual determination better left to the class

2  certification motion currently pending before the Court.[3]  Defendants cite to no

3  authority for dismissing class allegations on such a basis on a motion to strike under

4  Rule 12(f).  Defendants' Motion to Strike is improper.

5     Nor are Defendants correct about the legal standard even in motions properly

6  addressed to the face of a class complaint.  In fact, striking class allegations

7  under Rule 12(f) is a drastic remedy that is particularly disfavored by federal courts.

8  As the First Circuit noted, such motions are often sought, as here, simply as a

9  harassing tactic:

> [C]ourts should exercise caution when striking class action allegations based solely on the pleadings, for two reasons. First, while ruling on a motion to strike is committed to the district court's sound judgment, "such motions are narrow in scope, disfavored in practice, and not calculated readily to invoke the court's discretion." *Boreri v. Fiat S.p.A.*, 763 F.2d 17, 23 (1st Cir.1985). This is so because "striking a portion of a pleading is a drastic remedy and ... it is often sought by the movant simply as a dilatory or harassing tactic." 5C Charles Alan Wright, et. al., *Federal Practice & Procedure* § 1380 (3d ed. 2011).  Second, courts have repeatedly emphasized that striking class allegations under Rule 12(f)
>
>> is even more disfavored because it requires a reviewing court to preemptively terminate the class aspects of ... litigation, solely on the basis of what is alleged in the complaint, and before plaintiffs are permitted to complete the discovery to which they would otherwise be entitled on questions relevant to class certification.
>
> *Mazzola v. Roomster Corp.*, 849 F.Supp.2d 395, 410 (S.D.N.Y. 2012) (citations omitted) (internal quotation marks omitted); *see also Cholakyan v. Mercedes–Benz USA, LLC*, 796 F.Supp.2d 1220, 1245 (C.D. Cal. 2011) (noting that "it is in fact rare to [strike class allegations] in advance of a motion for class certification" and collecting cases).

---

[3] As a general rule, motions to strike are disfavored because of the drastic nature of the remedy.  *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.,* 301 F.R.D. 487, 489-90 (C.D. Cal. 2014).  The grounds for a motion to strike must appear on the face of the pleading under attack or from matters that a court may judicially notice.  *SEC v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995), *aff'd sub nom SEC v. First Pac. Bancorp*, 142 F.3d 1186 (9th Cir. 1998).  A court may take judicial notice of matters of public record – such as that a complaint has been filed in separate litigation – but may not accept as true disputed allegations of the other complaint or disputed facts contained in a public record.  *Lee v. City of Los Angeles*, 250 F.3d 668, 689-690 (9th Cir. 1986) (matters of public record); *Metro. Creditors' Trust v. Pricewaterhousecoopers, LLP*, 463 F.Supp.2d 1193, 1198 (E.D. Wash. 2006) (complaints filed in other cases).

1   Accordingly, a court should typically await the development of a factual
2   record before determining whether the case should move forward on a
    representative basis.

3   *Manning v. Boston Med. Ctr. Corp.*, 725 F.3d 34, 59 (1st Cir. 2013); *Cholakyan v.*

4   *Mercedes-Benz USA, LLC* 796 F.Supp.2d 1220, 1245 (C.D. Cal. 2011) ("it is in fact

5   rare to [strike class allegations] in advance of a motion for class certification");

6   *Meyer v. National Tenant Network, Inc.*, 10 F.Supp.3d 1096, 1104 (N.D. Cal. 2014).

7   It is only in the most extreme cases that federal courts will strike class

8   pleadings on a motion to strike brought under Rule 12, and such decisions are based

9   on the face of the pleadings, and not on additional facts outside the pleadings.  *See,*

10  *e.g., Manning v. Boston Med. Ctr. Corp.*, 725 F.3d 34, 59 (1st Cir. 2013) (dismissal

11  of class allegations under Rule 12(f) is reserved for cases where "it is obvious *from*

12  *the pleadings* that the proceeding cannot possibly move forward on a class wide

13  basis….." (emphasis added)); *Sandoval v. Ali*, 34 F. Supp. 3d 1031, 1043-44 (N.D.

14  Cal. 2014) (granting motion to strike class allegations with leave to amend where "the

15  proposed class is overbroad because it includes as class members employees who are

16  not paid based on the 'piece rate system' that is the focus of Plaintiffs' allegations").

17  The cases that Defendants cite in the Motion to Strike context are in accord

18  with this limited interpretation of the standard for dismissing class allegations

19  pursuant to Rule 12(f).  Defendants note that the Supreme Court stated (in dicta) that

20  pleadings may sometimes reflect *on their face* whether the named plaintiffs' claim

21  encompasses the interests of unnamed class members.  *Gen. Tel. Co. of Sw. v.*

22  *Falcon*, 457 U.S. 147, 160 (1982).  Several cases cited by Defendants applied Rule

23  12 standards *to the face of the complaint* – taking all allegations as true – to find as a

24  matter of law that the alleged classes were not ascertainable because they included

25  persons who could have no claim as a matter of law.  *Tietsworth v. Sears*, 720

26  F.Supp.2d 1123, 1146-47 (N.D. Cal. 2010); *Hovsepian v. Apple, Inc.*, 2009 WL

27  5069144, at *2, 6 (N.D. Cal. Dec. 17, 2009).  Another case determined the superiority

28  element based on a developed record showing the class action would be duplicative

9

1   of other proceedings with previously imposed remedies.  *Kamm v. California City*

2   *Dev. Co.*, 509 F.2d 205, 212 (9th Cir. 1975).

3        The other cases that Defendants cite did not involve motions to strike under

4   Rule 12(f).  The *Vinole* case involved a motion to deny class certification when there

5   was no prior filed motion to certify (unlike this case), but it was not a motion to strike

6   class allegations on the pleadings (as misstated by Defendants in their Motion to

7   Strike).  *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 940 (9th Cir. 2009)

8   (defense motion to deny class certification filed prior to plaintiff moving to certify a

9   class).  In the *Garibaldi* case that Defendants cite, this Court ordered counsel to

10  submit an affidavit concerning adequacy to represent a class when (unlike this case)

11  no class certification motion had been timely filed.  *Garibaldi v. Compass Group*

12  *USA, Inc.*, 2013 WL 10256619, at *1 (C.D. Cal. April 4, 2013).  It appears from the

13  docket sheet in that case, however, that the Court ultimately permitted additional time

14  for filing a class certification motion in that case.  (Case No. 13-CV-00011, Dkt. No.

15  29).

16       None of the cases Defendants cite stand for the Defendants' suggested

17  sweeping proposition that the adequacy of class counsel and representatives are

18  appropriately addressed in a Motion to Strike under Rule 12(f) at the pleading stage,

19  particularly where a motion for class certification has been filed and is pending.  This

20  case should proceed in the normal manner with class certification focused on the filed

21  class certification motion.[4]  *See Huricks v. Shopkick, Inc.* July 24, 2014 4954662, at

22  *3 (N.D. Cal. 2014) (holding that limited record of concerns about counsel conflicts

23  and misconduct should not be addressed at pleading stage but in normal manner

24  through class certification motion).  Defendants' Motion to Strike is a procedural

25  mish-mash which improperly seeks to eliminate class allegations from the pleadings

26

27  ───────────────
    [4]  As courts recognize, "one has to take objections by defendants to adequacy of class
28  counsel with a grain of salt."  *In re Nat'l W. Life Ins. Deferred Annuities Litig.*, 268
    F.R.D. 652, 662 (S.D. Cal. 2010) (citing *Williams v. Balcor Pension Investors,*150
    F.R.D. 109, 119 n.10 (N.D. Ill. 1993)).

1  based on matters completely outside the face of the SACC.  Defendants' Motion to

2  Strike should be denied.

3  **IV.    ARGUMENT**

4         The Motion to Strike does not support the drastic remedy of striking class

5  allegations from the pleadings.  The named Plaintiffs and their counsel can fairly and

6  adequately represent and protect the interests of the class in accordance with Rule

7  23(g) and 23(a)(4).  The Plaintiffs have filed a motion to certify the class with

8  supporting declarations, for which the Defendants have not yet responded and hearing

9  is set in October.

10  **A.    There Is No Conflict of Interest Between Locke Lord and Absent

11         Class Members**

12         Defendants' Motion to Strike argues that Locke Lord cannot adequately

13  represent the class for two reasons: first, that "Locke Lord is currently engaged in

14  litigation directly adverse to 7,300 absent class members in connection with Locke

15  Lord's mishandling" of the Li Cases; second, that Locke Lord "fail[ed] to timely file

16  a motion for class certification" in the Li Cases. (Dkt. No. 197 at 4).

17         As to Defendants' contention that Locke Lord has a conflict of interest that

18  precludes it from adequately representing a class in this case, the sole basis for this

19  argument is the lawsuit filed against Locke Lord by some absent class members about

20  the prior missed certification motion deadline.  The Motion to Strike categorically –

21  and without authority – claims there is an irreconcilable conflict.  Defendants

22  misperceive the effect of the other lawsuit and fail to recognize that all of the putative

23  class members, including those who filed the lawsuit against Locke Lord, have an

24  interest in certification of a class to pursue claims filed in this consolidated class

25  complaint against the Defendants.  That is exactly aligned with Locke Lord's

26  interests – both in this case and in the case filed against it.  These interests are clear

27  and undisputed from the face of the pleadings in both this case and the other lawsuit.

28  These are the interests that are pertinent to this case and the class certification

1    decision, and there is absolutely no conflict therein.

2         In class actions, conflicts for class counsel or representatives turn on the

3    interests of the plaintiffs as they relate to the objectives of the class action case (*i.e.*,

4    in successfully prosecuting an action against the Defendants).  Only conflicts that are

5    "fundamental to the suit and that go to the heart of the litigation" render

6    representation inadequate.  *Allied Orthopedic Appliances, Inc. v. Tyco Healthcare*

7    *Group L.P.*, 247 F.R.D. 156, 177 (C.D. Cal. 2007) (citing 7A Charles Alan Wright,

8    Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE & PROCEDURE §1768, at 326

9    (2d ed. 1986); NEWBERG ON CLASS ACTIONS §3:58 (5th ed., updated 2015) (collecting

10   cases)).  A fundamental conflict goes to the specific issues asserted in the case and

11   the objectives of the unnamed class members in pursuing the claims *against the*

12   *defendants in the class action*.[5]  *Allied Orthopedic Appliances*, 247 F.R.D. at 177.

13   For example, Newberg lists various types of conflicts for class representatives and

14   they all concern varying interests of plaintiffs in asserting claims *against the class*

15   *action defendants* (differences in types of relief sought, limited fund recoveries,

16   theories or facts that may benefit some class members and harm others,

17   disagreements on whether claims should be asserted against the defendants).

18   NEWBERG at §3:58.  *See also Marshall v. Holiday Magic, Inc.*, 550 F.2d 1173, 1177

19   (9th Cir. 1977) (holding no conflict of interest for class representatives when some

20   plaintiffs may have claims against each other because they all assert identical legal

21   and factual claims against the defendants).  Even disagreement by some class

22   members on the goals of a class action suit does not necessarily preclude adequacy of

23   representation because disgruntled class members may opt out of a Rule 23(b)(3)

24   class action.  *See, e.g., Californians for Disability Rights, Inc. v. California Dept. of*

25

26   [5]  One case cited by Defendants in the Motion to Strike reflects this point by noting
     that separate litigation involving various class members does not demonstrate
27   "animus that would jeopardize the interests of the class" but indicates a "desire to
     protect shared financial interests" vis-à-vis the defendants.  *Kayes v. Pacific Lumber*
28   *Co.*, 51 F.3d 1449, 1464 (9th Cir. 1995).

1     *Transp.*, 249 F.R.D. 334 (N.D. Cal. 2008) (quoting NEWBERG ON CLASS ACTIONS).

2          The same concepts apply to class counsel.[6]  To preclude adequacy of

3  representation by counsel, a conflict must go to the actual interests of plaintiffs as

4  they relate to the issues and claims asserted against the defendants.  For example, in

5  *Kayes v. Pacific Lumber Co.,* 51 F.3d 1449 (9th Cir. 1995), a case cited by

6  Defendants, withdrawal of counsel was required because counsel also represented

7  other parties with different theories and remedies *against the class action defendants*

8  that were not shared or covered by the class action suit.  In other cases, class counsel

9  is conflicted because they agreed in advance to (sometimes secret) incentive awards

10  for named representatives, which raises different interests in pursuing claims *against*

11  *the class action defendants* than might be the case for the unnamed class members

12  who do not have those incentives.  *See, e.g., Rodriguez v. West Publishing Corp*, 563

13  F.3d 948, 959-961 (9th Cir. 2009).  Notably, even litigation by class counsel against

14  absent class members does not cause a conflict that precludes adequate representation

15  by counsel.  *In re Glassine and Greaseproof Paper Antitrust Litig.*, 88 F.R.D. 302,

16  305-06 (E.D. Pa. 1980).  In *Glassine*, the court held that an alleged conflict arising

17  because absent class members were defendants in other litigation being prosecuted by

18  the very same class counsel in the case at bar did not defeat adequacy of counsel.  *Id.*

19          Furthermore, in this case, the addition of new and impartial class counsel – in

20  this case Howarth & Smith – would cure a conflict, even if it existed, because

21  vigorous pursuit of the class interests are protected.  *Linney v. Cellular Alaska*

22  *Partnership*, 151 F.3d 1234, 1239 (9th Cir. 1998); *Rodriguez*, 563 F.3d at 961.  This

23  is true even when previous counsel remains involved in the case.  *Linney*, 151 F.3d at

24  1239.  In *Linney*, the Ninth Circuit recognized the benefits to the class for continued

25  involvement of even conflicted counsel so that prior work and familiarity with the

26

27    [6]  Courts note that conflicts rules for counsel should not be "mechanically applied" in class actions because they are unique types of cases. *Andrews Farms v. Calcot,*

28  *LTD.,* 2010 WL 3341963, at *8 (E.D. Cal. 2010).

1   facts and issues in the case are not wasted or lost.  *Id.*  There is no suggestion by

2   Defendants that Howarth & Smith is somehow conflicted out of representing the

3   class.  All Defendants claim in this regard is that Howarth & Smith's withdrawal

4   from representation in the individual Li Case was "a belated attempt to cure the

5   conflict."  (Dkt. No. 197 at 11).  Defendants' allegations are little more than idle

6   speculation of no relevance to this motion.[7]

7        There is therefore no conflict of interest for Locke Lord that precludes it from

8   vigorously and adequately representing a class in this case.  To be sure, Howarth &

9   Smith's and Locke Lord's interests are firmly in line with doing so.

10       **B.     The Failure of Different Attorneys to Timely File a Class
             Certification Motion in Another Case Is Irrelevant to the Adequacy
11           of Locke Lord to Represent the Class**

12       Defendants additionally argue that "Locke Lord's failure to timely file a

13   motion for class certification is further indication it cannot adequately represent the

14   class."  (Dkt. No. 197 at 10).  This argument similarly fails as a matter of the law and

15   the factual record.  Defendants' claim that the instant action represents an

16   impermissible "second bite at the apple" fails to account for the undisputed fact that

17   this case involves altogether different attorneys than those on the earlier cases in

18   which the class deadline was missed, new named Plaintiffs, and new and independent

19   lead counsel. (Dkt. No. 197 at 7).

20       The only support that Defendants can muster for their argument in this regard

21   is citation to the *Parker* case.  However, in *Parker* this Court dismissed class

22   allegations where plaintiff had missed the deadline for filing a class certification

23   motion two times in a row.  Even in that case, this Court held that its ruling did not

24   "preclude an adequate plaintiff represented by an adequate law firm from seeking to

25   certify an identically described class…"  *Parker v. FedEx Nat. LTL, Inc.*, 2011 WL

26   11671754, at *7 (C.D. Cal., April 11, 2011).

27

28   [7]  Counsel can proceed on behalf of a class after withdrawing from a conflicting
     representation.  *Kayes*, 51 F.3d at 1465.

14

1   Defendants ignore this key provision in an attempt to escape liability based on

2   the actions of different attorneys in the earlier action filed here.  Defendants'

3   argument relies on ignoring the fact that the lawyers involved in the initial error are

4   no longer associated with the case or the firm and that Locke Lord took prompt steps

5   to rectify the error.  Although Defendants cite cases where courts have found counsel

6   inadequate based on patterns of misconduct and errors or concerns about honesty,[8]

7   there is no pattern of misconduct or errors in this case – there was a single error

8   committed by individuals who no longer have anything to do with the handling of the

9   case.  And the same cases also note that "all lawyers make mistakes and perfection is

10  not the standard."  *Kandel v. Brother Intern. Corp.*, 264 F.R.D. 630, 635 (C.D. Cal.

11  2010).  Essentially, Defendants seek to punish the absent class members and preclude

12  any class determination for all time, even with new named Plaintiffs and new lead

13  counsel.  Ironically, Defendants claim a "cost to the class" (Dkt. No. 197 at 12), but it

14  is they who seek to short-change the ability to pursue the class claims.

15  Both Howarth & Smith and Locke Lord can (and will continue to) vigorously

16  and adequately represent the class.  The Plaintiffs should not be denied the

17  opportunity to pursue class claims with counsel of their choice.

18      **C.    Defendants' Other Unwarranted Attacks on Counsel Are Without**

19          **Merit**

20  Without any real basis for their Motion to Strike, Defendants resort to

21  speculation, insinuation, and baseless unprofessional attacks on class counsel's

22  handling of the case.  Their arguments are premised almost exclusively on a

23  misrepresentation of the record in this case as well as Defendants' own misconduct.

24  These attacks also lack merit.

25

26  [8]  *Evans v. IAC/Interactive Corp.*, 244 F.R.D. 568 (C.D. Cal. 2007) (contradictions
     between declarations and testimony, refusal to sit for depositions, failure to comply
27  with court orders to disclose certain information, failure to reveal identities of
     declarants, deliberately false or made up statements, reliance on stricken declarations
28  in support of class certification motion, asserting theories in motion for class
     certification that are not pled in the case).

1    In an attempt to prove their otherwise baseless argument that "Howarth &

2  Smith has failed to diligently and competently prosecute the New Class Action,"

3  Defendants are forced to cite to actions not even taken in the class case, but in the

4  prior individual actions.  In particular, Defendants argue that the Second Amended

5  Complaints in the individual Li Cases impermissibly "added new claims" and

6  included allegations that were dismissed by the Court.  (Dkt. No. 197 at 12).  This is

7  false.

8    As set forth more fully in the Opposition papers filed to Defendants' Motion to

9  Dismiss the Second Amended Complaint in the Li Case, Plaintiffs did nothing to

10  violate to violate any of the Court's orders in the Li Cases.  (Dkt. No. 164 at 2).  For

11  example, the "new claims" supposedly added to the complaint in the Li Case refers to

12  a single reference to treble damages and a single reference to California Civil Code §

13  1780 that were incidentally added *in the prayer for relief only*.  There were no

14  additional claims.  Once these incidental references in the prayer for relief were raise

15  to Plaintiffs, Plaintiffs offered to dismiss those references and to enter into a

16  stipulation to that effect. Defendants rejected that offer.

17    Similarly Defendants claims that Plaintiffs' RICO claims were previously

18  dismissed by the Court are false.  As set forth in Plaintiffs' Opposition to Defendants'

19  prior Motion to Dismiss, Plaintiffs re-alleged underlying facts that supported both the

20  dismissed RICO claims *as well as* claims that the Court expressly allowed to go

21  forward. (Dkt. No. 163 at 4-5).

22    Next, Defendants contend that the lack of breach of warranty as predicate acts

23  for Plaintiffs' UCL claims in the SACC somehow shows that Howarth & Smith are

24  inadequate class counsel.  (Dkt. No. 197 at 12).  However, Plaintiffs are pursuing the

25  full range of damages and remedies potentially available to the class through the

26  causes of action asserted in the SACC.  As another court explained finding adequate

27  representation in a similar situation:

28

> This is not a case where the class representatives are pursuing relatively insignificant claims while jeopardizing the ability of class members to pursue farm more substantial, meaningful claims. Rather, here the named plaintiffs simply decided to pursue certain claims while abandoning a fraud claim that probably was not certifiable.

*In re Universal Service Fund Tel. Billing Practices Litig.*, 219 F.R.D. 661, 668 (D. Kan. 2004).   In this case, it is not inadequate representation to decline to further pursue a warranty-based claim that might raise unnecessary certification disputes or uncertainty.  *See, e.g., Tietsworth v. Sears, Roebuck & Co.*, 2012 WL 1595112, at *17 (N.D. Cal. May 4, 2012) (raising concerns about individualized notice issues for warranty claims) when the other causes of action can provide the class members with full relief.  Indeed, as one court stated: "[t]here is no rule that requires class certification of every conceivable cause of action." *Facciola v. Greenburg Traurig LLP*, 281 F.R.D. 363 (D. Ariz. 2012) (noting that adequate representation in some instances means counsel should opt to not assert certain claims if full remedies can be pursued through other claims); *see also In re Conseco Life Ins. Co. Lifetrend Ins. Sales and Marketing Litig.*, 270 F.R.D. 521, 532-33 (N.D. Cal. 2010) (quoting *In re Universal Service Fund Tel. Billing Prac. Litig.* 219 F.R.D. 661 (2004) and finding adequate representation for class when plaintiffs are pressing only one theory of liability).

Finally, Defendants allege that class counsel is inadequate because "Howarth & Smith has not served any discovery…since the New Class Action was filed."  (Dkt. No. 197 at 12).  Defendants' argument is misleading and incorrect.  First, Plaintiffs have served discovery in the consolidated class action.  (Walsh Decl. at ¶ 12).  Second, Defendants' argument ignores the discovery that was conducted in the Li Cases, which Defendants admit contained similar allegations as the consolidated case, and which discovery Defendants have refused to comply with for six months.  Plaintiffs sought maximum efficiency by filing a motion to consolidate the newly filed class complaint with the previously filed individual cases, as to which the same discovery that would be needed on the class case was already issued and pending.

17

1   Finally, Defendants' argument asks the Court to reward them for failing to comply

2   with their discovery obligations and failing to produce any documents to Plaintiffs.

3   Defendants' argument seeks a finding that class counsel is inadequate based on their

4   own refusal to produce documents in the consolidated cases and their refusal to

5   comply with their obligations to make initial disclosures.

6       The points raised in the Motion to Strike do not suggest the class allegations

7   should be stricken and do not show that counsel currently in this case will be

8   inadequate to represent a class.  Rather, all Defendants show by their motion is their

9   own desire to delay and obstruct the normal progress of this case.

10      **D.      The New Named Plaintiffs Can Adequately Represent the Class**

11      The Motion to Strike includes a conclusory section contending that the named

12   Plaintiffs are inadequate to represent a class. This is not based on any facts or

13   evidence.  It is based solely on conjecture about motives and the new named

14   Plaintiffs choosing to retain Locke Lord as counsel.  (Dkt. No. 197 at 13-14).  This

15   does not support striking the class allegations.  *See Linney*, 151 F.3d at 1239

16   (enlistment of new counsel can protect the class members' interests and recognizing

17   the benefits to the class for continued involvement of prior counsel).  The case cited

18   by Defendants involved different circumstances where the same class representative

19   enlisted new counsel who was formerly affiliated with prior counsel (and the Court

20   expressed doubts about new counsel as well), the class certification motion deadline

21   was missed twice, and the plaintiff said he still needed nearly ten additional months

22   to be ready to file the motion.  *Parker*, 2011 WL 1167154, at *3-5.  That is not the

23   case here.  Moreover, as previously noted, the Court also said that this ruling would

24   not "preclude an adequate plaintiff represented by an adequate law firm from seeking

25   to certify an identically described class. …" *Id.* at *7.

26      Defendants should not be permitted an end-run around the class certification

27   process that is already in progress based on this speculation and conclusory argument.

28   / / /

## V.    CONCLUSION

Plaintiffs respectfully submit that the Court should deny the Motion to Strike. The class certification process is in progress and should be permitted to proceed.  The Motion to Strike actually hinders the progress of the case and the class certification issues.  Defendants have not shown inadequacy of representation that supports striking of the class allegations from the pleadings.


Dated:   June 22, 2015                              Respectfully submitted,

HOWARTH & SMITH

By:    /s/ *Suzelle M. Smith*
Suzelle M. Smith

Attorneys for Plaintiffs