UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | CV 13-8832 DSF (CWx) | Date | 7/21/15 |
| Title | Shuxin Li, et al. v. EFT Holdings, Inc., et al. (and consolidated cases) | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge | |
|---|---|---|
| Debra Plato | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (In Chambers) Order GRANTING Defendants' Motions to Dismiss "Second Amended and Consolidated Complaint" (Dkt. Nos. 196, 198, 201)

Defendants move to dismiss the "Second Amended and Consolidated Complaint" (SAC). The Individual Defendants – Jack Qin, Visman Chow, Norman Ko, William Sluss, Pyng Soon, and George Curry – move to dismiss all claims; Defendant EFT Holdings, Inc. moves to dismiss only the RICO claim. For the reasons given below, the motions are granted.

RICO Claim

The RICO claim is based on the allegations that EFT Holdings is an endless chain and that the Individual Defendants set up or operated that endless chain. However, a RICO claim cannot be established based on an endless chain scheme. This follows from several well-established principles. First, "no person may rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a [RICO] violation." 18 U.S.C. § 1964(c). Further, "investments in a pyramid scheme [are] 'investment contracts' and thus securities within the meaning of the federal securities laws. If [a] program is a pyramid scheme, investments in the [program] are securities." Webster v. Omnitrition Int'l, Inc., 79 F.3d 776, 784 (9th Cir. 1996). The Ninth Circuit has held, as a matter of law, that "operation of a pyramid scheme violates 10b-5's prohibition against engaging in an 'act, practice or course of business which operates as a fraud or deceit upon any person.'" Id. at 785. Thus, allegations that one

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

was victimized by a pyramid scheme may be brought as securities fraud claims and cannot be brought as RICO claims.

A pyramid scheme is

> characterized by the payment by participants of money to the company in return for which they receive (1) the right to sell a product *and* (2) the right to receive in return for recruiting other participants into the program rewards which are unrelated to sale of the product to ultimate users.

Id. at 781.

An "endless chain" for the purposes of California law is substantively the same as a "pyramid scheme" as defined by the Ninth Circuit:

> [A]n "endless chain" means any scheme for the disposal or distribution of property whereby a participant pays a valuable consideration for the chance to receive compensation for introducing one or more additional persons into participation in the scheme or for the chance to receive compensation when a person introduced by the participant introduces a new participant. Compensation, as used in this section, does not mean or include payment based upon sales made to persons who are not participants in the scheme and who are not purchasing in order to participate in the scheme.

Cal. Penal Code § 327.

Plaintiffs explicitly allege that the EFT program violates the California endless chain statute, thereby basically admitting that the EFT program is, as alleged, a pyramid scheme. (SAC ¶¶ 92-100.) Further, it is clear from the specific factual allegations in the complaint that the EFT program, as alleged, is a pyramid scheme. (See SAC ¶¶ 30-59.) For example, Plaintiffs allege:

> In fact, the EFT endless chain scheme was set up in a way that Affiliates . . . could not make any profit from the retail sale of the Products and they could only make money from the recruitment of others into the scheme.

(SAC ¶ 74.)

Plaintiffs further allege that EFT had no applicable safeguards to prevent it from being an endless chain scheme. (SAC ¶¶ 46-59.)

Plaintiffs' response to these problems is to argue that the level of effort required of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

the participants cannot be gauged on a motion to dismiss. But the participant effort discussed by Plaintiffs in their opposition is effort to recruit people into the scheme, not effort to sell the product to end-consumers outside of the scheme.[1] By their nature, pyramid schemes require effort by participants to recruit others into the scheme. This is not the kind of effort that can save a pyramid scheme from being considered an investment contract. See Omnitrition, 79 F.3d at 784 ("By the very structure of a pyramid scheme, participants' efforts are focused not on selling products but on recruiting others to join the scheme. Under the reasoning of *Glenn W. Turner*, this is enough to bring investments in the program within the definition of 'investment contracts'."). And there is no reason that this determination cannot be made on a motion to dismiss because the complaint clearly and unambiguously alleges that the EFT program is an endless chain – i.e., a pyramid scheme – and, therefore, a security.

Other Claims Against the Individual Defendants

Plaintiffs also raise state law claims for violation of the California endless chain statute, the false advertising law, the unfair competition law, and for common law fraud. All of these claims are premised on the alleged endless chain operation, which Plaintiffs admit is "inherently fraudulent." (See Opp'n at 6.)

There is no question that the entirety of Plaintiffs' complaint "sounds in fraud" and is subject to the heightened standards of Rule 9(b). Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103-04 (9th Cir. 2003) ("In some cases, the plaintiff may allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of a claim. In that event, the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)."). There is equally no question that the SAC fails to meet that heightened standard with respect to any of the Individual Defendants. The SAC alleges that Jack Qin is the founder, CEO, and Chairman of the Board of EFT. William Sluss is alleged to be EFT's "principal financial and accounting officer." The other Individual Defendants are alleged to be directors of the company. The SAC does not include a single allegation of a specific action by any of the Individual Defendants.

Plaintiffs attempt to avoid this problem by citing the "group pleading" doctrine that

---

[1] "The SACC also describes how the Affiliates were required personally to do considerable work to recruit others to the scheme in order to generate income from the scheme." (Opp'n at 5.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

lightens the pleading burden for "group published information" – that is, information alleged to be published by "a narrowly defined group of officers who had direct involvement in the day-to-day affairs" of a company. See In re Glen Fed, Inc. Securities Litig., 60 F.3d 591, 593 (9th Cir. 1995). But Plaintiffs fail to allege sufficient facts to invoke this doctrine. Qin, as CEO, certainly could qualify, but the SAC provides virtually no information about his day-to-day role at the company.[2] Sluss is a high-ranking officer of EFT, but the type of group-published information discussed in the SAC – e.g., statements about company operations on the company website – is not necessarily the type that a CFO would be involved in publishing. This is not a case about financial misstatements where a CFO would almost necessarily be implicated. The other Individual Defendants are directors and there are no allegations as to whether they had any direct involvement in the day-to-day operations of the company at all. Plaintiffs also rely on Swartz v. KPMG, LLP, 476 F.3d 756, 764-65 (9th Cir. 2007) for the proposition that a complaint need not allege specific false statements for each individual participant in a fraud conspiracy. This is true, but a plaintiff is required to "at minimum" specify the roles of the conspirators in the scheme and why each should be held liable. See id. at 765. As discussed above, Plaintiffs have failed to do this. Finally, Plaintiffs cite to their alter ego allegations, but such boilerplate allegations do not satisfy Rule 9(b). (See SAC ¶ 17.)

Conclusion

The motions to dismiss are GRANTED. Given the procedural history of this matter, the Court is skeptical that claims can be alleged against the Individual Defendants other than Jack Qin. The Court nonetheless will provide one more opportunity to amend the non-RICO claims. Leave to amend the RICO claim is not granted because amendment would be futile given the premise of Plaintiffs' case. An amended complaint is due August 11, 2015. Defendants' responses are due September 1, 2015. The Court does not grant leave to add new defendants or new claims. Leave to add defendants or new claims must be sought by a separate, properly noticed motion.

IT IS SO ORDERED.

---

[2] For unknown reasons, the SAC provides less information about Qin's role than previous complaints in this litigation.