UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | CV 13-8832 DSF (CWx) | Date | 2/12/16 |
| Title | Shuxin Li, et al. v. EFT Holdings, Inc., et al. | | |

| | |
|---|---|
| Present: The Honorable | DALE S. FISCHER, United States District Judge |

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING IN PART Plaintiffs' Motion to Voluntarily Dismiss (Dkt. No. 285)

Plaintiffs have moved to dismiss their claims voluntarily without prejudice and without payment of costs. Defendants EFT Holdings, Inc., William Sluss, and Pyng Soon filed a partial opposition, arguing that the dismissal should be with prejudice and with a payment of costs. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for February 22, 2016 is removed from the Court's calendar.

When a request for voluntary dismissal without prejudice has been made, a court should consider whether one or more defendants would suffer "plain legal prejudice" from such dismissal. See Hamilton v. Firestone Tire & Rubber Co., Inc., 679 F.2d 143, 145 (9th Cir. 1982). The moving Defendants have not shown any such legal prejudice. The only purported prejudice mentioned are that Defendant EFT Holdings, Inc. is supposedly in poor financial condition and that the dismissal supposedly comes relatively late in the case. The first point is unconnected to legal prejudice in any obvious way, and the Court finds the second unpersuasive because there has simply been little to no action on the substantive merits of the case.[1] See also id. ("Appellant has not established plain legal prejudice merely by asserting that it had begun trial preparations.").

---

[1] There has been substantial litigation of various procedural aspects of the case, most significantly class certification.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

The Court finds that dismissal should be conditioned on an award of taxable costs in favor of Defendants.  Plaintiffs litigated this matter for more than two years and basically lost significant procedural rulings that have them seeking a new forum.  They should have to reimburse Defendants for taxable costs suffered by Defendants.  To the degree that Defendants seek fees – their opposition is unclear – such fees are denied.  An award of fees as a condition of voluntary dismissal is only appropriate where attorney work product would not be useful in future litigation.  Koch v. Hankins, 8 F.3d 650, 652 (9th Cir. 1993).  Any attorney work on the merits of the case would be usable in future litigation and any attorney work on class certification was not wasted because Defendants won that fight.

The motion is GRANTED IN PART.  Plaintiff may voluntarily dismiss their claims without prejudice on payment of Defendants' costs as taxable under 28 U.S.C. § 1920.

IT IS SO ORDERED.